UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CDK GLOBAL, LLC, a Delaware limited liability company,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>TEKION CORP., a Delaware corporation, and INDESIGN DATA, LLC, a Florida limited liability company,<br><br>　　　　　　Defendants. | Case No. 3:25-cv-1394-JSC<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

　　　　Plaintiff CDK Global, LLC's ("CDK") Motion for Preliminary Injunction ("the Motion") came on for hearing on April 24, 2025. The Court hereby GRANTS the Motion for the reasons stated in the Motion and set forth below.

　　　　Plaintiffs are entitled to a preliminary injunction if they establish that they are likely to succeed on the merits, they are likely to suffer irreparable harm in the absence of preliminary relief, the balance of equities tip in their favor, and an injunction is in the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

　　　　Here, Plaintiff CDK has established it is likely to succeed in proving that Defendants Tekion Corp. ("Tekion") and InDesign Data, LLC ("InDesign") (collectively, "Defendants") have violated the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, California Computer Data Access and Fraud Act ("CDAFA"), Cal. Penal Code § 502(e)(1), Digital Millennium Copyright Act ("DMCA"), and intentional interfered with its contractual relations.

　　　　CDK has also established that, in the absence of preliminary relief, it is likely to suffer irreparable harm resulting from Defendants' continued unauthorized access of CDK's dealer management system ("DMS") to extract documents and data, including (1) the increased risk of cyberattacks directed at CDK's DMS, (2) the increased risk of public disclosure of consumer personally identifiable information ("PII"), CDK proprietary data, and third-party proprietary data

that are contained within CDK's DMS, and (3) the negative impact on CDK's contractual relationships and goodwill with its dealer-customers.

The equities weigh in CDK's favor because any harm to Tekion or InDesign would be minimal and because no party has a right to continue business practices or profit based on wrongful conduct. Enforcing federal and related state statutes serves the public interest.

In accordance with the foregoing, it is hereby ordered that to prevent irreparable injury, loss, and damage to CDK pending a final adjudication of CDK's claims, the Motion is **GRANTED**.

**IT IS HEREBY ORDERED THAT**:

1. For purposes of this Order:

    a. "CDK User Credentials" means any username, password, or multi-factor authentication credential that is used to access CDK's DMS.

    b. "Dealership" means any automobile or truck dealer in the United States that is currently in an MSA with CDK, and any employees or other persons acting on their behalf.

    c. "IP" means internet protocol.

    d. "MSA" refers to any Master Services Agreement between CDK and a Dealership.

2. Defendants Tekion and InDesign, together with any of Defendants' officers, agents, servants, affiliates, employees, and attorneys, and those other persons who are in active concert or participation with any of them who receive actual notice of the order by personal service or otherwise shall immediately cease unauthorized access to CDK's DMS, including:

    a. Asking any Dealership to provide any CDK DMS Credential to Defendants;

    b. Using any CDK DMS Credential to create a new CDK DMS Credential or modify an existing CDK DMS Credential;

    c. Connecting any computing device to any Dealership network that is connected to CDK's network, and any existing connections between

Defendants' computing devices and any Dealership network shall be disconnected within two (2) business days after this Order is entered;

d. Deploying any network devices or other means of network address translation to access CDK's DMS through a Dealership network and/or associate Defendants' computing devices with internet protocol (IP) addresses on a Dealership's network, and Defendants shall remove any such network devices and disable any such other means that are currently deployed within two (2) business days after this Order is entered;

e. Using and/or obscuring the use of virtual machines on any computer located at a Dealership or that is otherwise connected to a Dealership network;

f. Using and/or obscuring the use of devices to remotely access any computing device located at a Dealership or that is otherwise connected to a Dealership network;

g. Accessing CDK's DMS by any other means without CDK's prior authorization;

h. Circumventing CDK's security and access controls by any other means;

i. Using, obscuring the use of, or eliciting Dealerships to use Defendants' software, technology, or computers to access and/or extract data from CDK's DMS outside of CDK's approved processes; and

j. Referencing, viewing, or otherwise using any information observed in or extracted from CDK's DMS;

3. Defendants, together with any of Defendants' officers, agents, servants, affiliates, employees, and attorneys, and those other persons who are in active concert or participation with any of them who receive actual notice of the order by personal service or otherwise shall immediately preserve all evidence of Defendants' access and extraction of data from CDK's DMS, including:

     a.    documents that relate to Defendants accessing or attempting to access CDK's DMS through a Dealership network, including documents that relate to CDK DMS Credentials and/or the deployment of network devices or other means of network address translation in order to access CDK's DMS;

     b.    documents that relate to Defendants' use of virtual machines and/or software scripts to perform operations on CDK's DMS;

     c.    screenshots, notes, or other observations of CDK's DMS that were obtained through any computing device connected to a Dealership network;

     d.    documents that relate to Defendants' activities on CDK's DMS, including the functions, queries, and other any operations that Defendants performed on CDK's DMS;

     e.    data extracted, accessed, observed, or copied from CDK's DMS;

     f.    physical devices that Defendants used to access CDK's DMS;

     g.    software, cloud, or intangible products or devices that Defendants used to access CDK's DMS; and

     h.    all other discoverable evidence.

4.    Defendants, and anyone acting in concert with them, is hereby enjoined from disposing of, deleting, changing, altering, tampering with, or destroying any remote storage systems (including cloud storage accounts), computers, hard drives, servers, disk drives, flash drives, cellular telephones, CDs, DVDs, USB drives, and any other devices that can be used to electronically store data or information that are (i) currently accessible by Defendants' or in Defendants' possession, custody or control, or (ii) have been accessible by Defendants', or in Defendants' possession, custody or control that Defendants used to access CDK's DMS or store data that they extracted from CDK's DMS.

5.    Within ten (10) calendar days after this Order is entered, Defendants are ordered to identify to CDK, verified under oath, the names and job titles of all Tekion or InDesign employees, consultants or agents known or reasonably known to them upon a good faith and diligent search

3

who accessed CDK's DMS without authorization or otherwise circumvented CDK's access controls, and identify the names, job titles, addresses, telephone numbers and e-mail addresses of any other non-Defendant-affiliated persons that accessed or assisted Defendants in accessing CDK's DMS without authorization.

6. Within ten (10) calendar days after this Order is entered, Defendants shall submit a report in writing, verified under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction.

7. This preliminary injunction shall stay in effect until final judgment in this case, unless otherwise ordered.

Dated: April __, 2025

_____
The Hon. Jacqueline Scott Corley
United States District Court Judge