VINEET BHATIA (*admitted pro hac vice*)
vbhatia@susmangodfrey.com
SHAWN RAYMOND (*admitted pro hac vice*)
sraymond@susmangodfrey.com
ROBERT SAFI (*admitted pro hac vice*)
rsafi@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

JESSE-JUSTIN CUEVAS (SBN 307611)
jcuevas@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

*Attorneys for Plaintiff CDK Global, LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CDK GLOBAL, LLC,<br><br>　　　Plaintiff,<br><br>vs.<br><br>TEKION CORP. and INDESIGN DATA, LLC<br><br>　　　Defendants. | Case No. 25-cv-01394-JSC<br><br>**PLAINTIFF'S OPPOSITION TO MOTION TO CHANGE TIME PURSUANT TO L.R. 6-3** |

Pursuant to Northern District of California Local Rule 6-3(b), Plaintiff CDK Global, LLC ("CDK") respectfully opposes Defendant InDesign Data, LLC's ("InDesign") Motion to Change Time (the "Motion") (ECF No. 47). The Court should deny the Motion for two reasons:

1. InDesign has not satisfied its burden under Local Rule 6-3(a) of showing "substantial harm or prejudice" absent a change in the briefing schedule because its only claimed harm is deposition discovery that InDesign is not required to attend; and

2. InDesign's Motion is not consistent with the briefing schedule ordered by the Court on CDK's preliminary injunction motion ("PI Motion") (ECF No. 49), does not promote judicial efficiency, and sets the proposed hearing date at a time when CDK's lead counsel is not available.

CDK also respectfully requests the Court confirm that the Summary Dismissal Motion should be briefed and heard at the same time as the PI Motion in accordance with the comprehensive schedule ordered by the Court.

I.  **ARGUMENT**

CDK initially noticed its PI Motion for a hearing on April 24, 2025. At Tekion and InDesign's request, CDK agreed to delay that hearing until June 26, 2025 to allow Defendants additional time for briefing and discovery. As the parties finalized a joint stipulation, which they filed on March 21 (ECF No. 48), InDesign announced that it was filing a "Summary Dismissal" motion of CDK's PI Motion later in the day and demanded that CDK agree to expedited treatment. InDesign did not, however, notify CDK it had chosen April 10 as the hearing date for the Motion—a date when CDK's lead counsel is not available. InDesign's Motion is contrary to the revised schedule for the PI Motion issued by the Court on March 24 (ECF No. 49) and does not promote judicial efficiency, as it would cause CDK's PI Motion to be heard piecemeal and with no opportunity for CDK to obtain pre-hearing discovery.

The Court should deny InDesign's Motion for failure to comply with Local Rule 6-3(a). That rule requires that a motion to shorten time be accompanied by a declaration that, among other things: "(1) Sets forth with particularity the reasons for the requested . . . shortening of time";

"(2) Describes the efforts the party has made to obtain a stipulation to the time change"; "(3) Identifies the substantial harm or prejudice that would occur if the Court did not change the time"; and "(6) Describes the effect the requested time modification would have on the schedule for the case." L.R. 6-3(a). InDesign's Motion and the accompanying declaration ("Hafenbrack Declaration") (ECF No. 47-1) do not satisfy these requirements.

### A. InDesign Does Not Face "Substantial Harm or Prejudice" Absent an Expedited Briefing Schedule.

InDesign does not state with "particularity" the grounds for shortening time or "the substantial harm or prejudice" that would occur if the Court does not enter an expedited briefing schedule on its Summary Dismissal Motion. In *Eisner v. Meta Platforms, Inc.*, 2024 WL 2112894, at *2 (N.D. Cal. Apr. 29, 2024), the court denied a motion to expedite a briefing schedule and hearing date when the declaration accompanying the had "no averments of the facts required under the Local Rules." As in *Eisner*, the Hafenbrack Declaration fails to include ***any facts*** showing why good cause exists to shorten the briefing schedule or the purported substantial harm or prejudice faced by InDesign. *See* ECF No. 47-1.

The sole basis for InDesign's supposed "substantial harm or prejudice" are the depositions of Tekion and CDK witnesses. *See* Mot. ¶ 3 (arguing absent relief InDesign "faces substantial and unwarranted burden and expense in litigating CDK's preliminary injunction motion" due to "nine (and possibly more) depositions"); *id.* ¶ 5 (InDesign "faces an imminent and substantial burden of litigating CDK's preliminary injunction motion regarding conduct that CDK has known about for years"). This effort to meet the requirements of Local Rule 6-3(a) fails.

*First*, Tekion and InDesign ***jointly*** requested the amended PI Motion briefing schedule, which allows for depositions. *See* Declaration of Vineet Bhatia ("Bhatia Decl.") ¶ 8; Ex. 1. CDK agreed to present its witnesses for deposition provided that CDK also can depose a limited number of witnesses—including any individuals who submit declarations in opposition to the PI Motion. *Id.* ¶ 6. Although InDesign objected to pre-hearing depositions (*see* ECF No. 48 at 3 n.1), the Court effectively overruled that objection by granting the parties' agreed-to schedule. *See* ECF No. 49. In any event, nothing requires InDesign to participate in the depositions of CDK and Tekion witnesses. If InDesign wants to oppose the PI Motion without incurring discovery expense, it is

free to do so.

*Second*, participation in depositions does not rise to the level of "substantial harm or prejudice." *See, e.g.*, *Entangled Media, LLC v. Dropbox Inc.*, 2025 WL 315305, at *4 (N.D. Cal. Jan. 27, 2025) (finding no "substantial prejudice" when Rule 15(a) amendment would require an additional deposition, which was part of "the ordinary burdens of litigation"); *Adams v. AllianceOne, Inc.*, 2010 WL 11508283, at *3 (S.D. Cal. Apr. 16, 2010) ("[T]he taking of an additional deposition does not amount to substantial prejudice."). Courts routinely allow discovery in advance of preliminary injunction hearings. *See, e.g.*, *Wildcat Retro Brands, LLC v. Herman*, 2018 WL 11363942, at *6 (C.D. Cal. Oct. 4, 2018) (directing parties to "meet and confer with respect to what discovery, if any, is appropriate in connection with the request for a preliminary injunction"). InDesign submitted the Declaration of David Lampert in support of its Summary Dismissal Motion. *See* ECF No. 46-1. CDK should have the opportunity to depose Mr. Lampert on the topics raised in his declaration. If InDesign asserts that a single deposition is too burdensome, then it can seek relief from the Court at the appropriate time.

*Third*, InDesign attempts to flip the prejudice standard in Local Rule 6-3(a), arguing that granting the Motion "***would not result in prejudice against any of the parties to this litigation***." Mot. ¶ 8 (all emphasis is added). Absence of prejudice to CDK or Tekion is not the issue. Under Local Rule 6-3(a), InDesign must make a particularized showing of substantial prejudice or harm to ***InDesign*** absent relief. Regardless, granting the Motion would prejudice CDK by requiring it to litigate the PI Motion on separate schedules for Tekion and InDesign. It also would give InDesign two opportunities to oppose CDK's PI Motion. InDesign openly states that it intends to take that second bite at the apple: "***If the Court declines to grant this motion to summarily deny CDK's motion for a preliminary injunction as to InDesign, InDesign will participate in the Preliminary Injunction briefing schedule otherwise agreed to by the parties or set by the Court***." ECF No. 46 at 8 n.4. Asking CDK to defend its request for a PI as to InDesign ***twice*** is prejudicial. *Cf. Warkentin v. Federated Life Ins. Co.*, 2013 WL 1640479, at *3 (E.D. Cal. Apr. 16, 2013) (finding multiple motions "on the same issue substantially prejudiced Defendant as it forced Defendant to file oppositions on two separate occasions").

*Fourth*, even if the Court were to expedite consideration of InDesign's Summary Dismissal Motion (it should not), that proposed schedule would create no significant savings on litigation expenses. InDesign would remain a party to this litigation because the Summary Dismissal Motion seeks only denial of the PI Motion. InDesign would be invited to participate in pre-hearing depositions. If InDesign chooses not to participate and then seeks to take separate depositions of these same witnesses during merits discovery, then InDesign's proposal *increases* costs. At bottom, cost savings (if any) from shortening the briefing schedule would be negligible, and InDesign offers no particularized facts showing otherwise. *See Lucas v. Hertz Corp.*, 2012 WL 3638568, at *5 (N.D. Cal. Aug. 22, 2012) (denying motion to shorten time where the movant "does not explain why hearing his motion two weeks sooner will affect the time or money spent litigating").

*Finally*, InDesign's *agreement* to extend the schedule on the PI Motion undermines its alleged need for expedited consideration. *See* ECF No. 48 at 3 n.1. If InDesign needed the PI Motion to be decided quickly, it could have insisted on keeping the original April 24 hearing date—which CDK was willing to do. Bhatia Decl. ¶ 7.

**B.    InDesign Did Not Attempt to Obtain a Stipulation and Describe the Effect of the Modification on the Schedule.**

InDesign's Motion should be denied for the independent reason that InDesign did not meaningfully attempt to obtain a stipulation under Local rule 6-3(a). In the interest of judicial efficiency, CDK initially noticed the PI Motion hearing date for April 24—the same date as the hearing on CDK's Motion to Dismiss in the related case *Tekion v. CDK*, Case No. Case No. 24-08879-JSC. Bhatia Decl. ¶¶ 3, 5. During the week of March 17, the parties met and conferred to discuss CDK's request to enlarge the briefing schedule and continue the hearing to June 26. *Id.* ¶ 6.

On Friday, March 21 at 2:54 pm ET, while all the parties were working cooperatively to finalize an agreement on the PI Motion schedule, InDesign, for the first time, announced its intent to file the Summary Dismissal Motion, proposed an expedited briefing schedule, and stated it would file its motion that same day. Bhatia Decl. ¶¶ 10-11; Ex. 2. Despite its involvement in the days-long negotiations on the PI Motion schedule, InDesign failed to mention its motions until the last minute.  CDK responded that it was not willing to have the PI Motion heard on two different dates. Bhatia Decl. ¶ 11; Ex. 2. InDesign never requested to meet and confer with CDK on the Summary

Dismissal Motion schedule or mentioned the proposed April 10 hearing date. *Id.* ¶¶ 10-12; *see also* Hafenbrack Declaration ¶ 2 (InDesign's counsel only "offered to discuss this Motion on the phone"). If InDesign had mentioned the April 10 hearing date, it would have learned that CDK's lead counsel is unavailable April 10. Bhatia Decl. ¶ 12. InDesign's conduct was not a meaningful attempt to obtain a joint stipulation with CDK.

InDesign also fails to describe the effect of its requested time modification on the overall schedule. As an initial matter, the Summary Dismissal Motion is not authorized by the Federal Rules of Civil Procedure. InDesign purports to move under Rule 65(a)(2) (*see* ECF No. 46 at 1), which addresses "consolidating the hearing with the trial on the merits"—not summary dismissal of preliminary injunction motions. The Court should strike this procedurally unsupported motion. Regardless, the Summary Dismissal Motion asks the Court to deny the PI Motion and thus is effectively an opposition brief. Creating a separate schedule for InDesign's opposition to the PI Motion makes no sense and prejudices CDK. *See supra* at 3. InDesign should be bound by the briefing schedule entered by the Court (*see* ECF No. 49) so that the Court can efficiently adjudicate all the issues presented by the PI Motion at one time.

InDesign's failure to comply with the requirements to obtain a stipulation and describe the effect of its Motion on the schedule warrants denial of the Motion. *See, e.g.*, *Eisner*, 2024 WL 2112894, at *2 (denying motion to shorten time due to, *inter alia*, plaintiff's failure to "obtain a stipulation for the requested shortened schedule from opposing counsel" or "to describe the effect the requested time modification would have on case scheduling"); *Khokhar v. Gov't of Pakistan*, 2017 WL 4552059, at *3 (N.D. Cal. Oct. 10, 2017) (denying motion to shorten time based on failure to comply with Local Rule 6-3); *Lucas* 2012 WL 3638568, at *4-5 (same); *McCreary v. Celera Corp.*, 2011 WL 1399263, at *2 (N.D. Cal. Apr. 13, 2011) (same); *Liao v. Ashcroft*, 2009 WL 1033393, at *1 (N.D. Cal. Apr. 16, 2009) (same).

## II.  CONCLUSION

CDK respectfully requests the Court deny InDesign's Motion to Change Time and confirm that the Summary Dismissal Motion should be briefed and heard at the same time as CDK's PI Motion in accordance with the schedule as ordered by the Court.

| | |
|---|---|
| Dated: March 25, 2025 | **SUSMAN GODFREY L.L.P.** |
| | By  /s/ Vineet Bhatia |

VINEET BHATIA (*admitted pro hac vice*)
SHAWN RAYMOND (*admitted pro hac vice*)
ROBERT SAFI (*admitted pro hac vice*)
KATHERINE ROSE JAMES (*admitted pro hac vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street
Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
vbhatia@susmangodfrey.com
sraymond@susmangodfrey.com
rsafi@susmangodfrey.com
rjames@susmangodfrey.com

JESSE-JUSTIN CUEVAS (SBN 307611)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
jcuevas@susmangodfrey.com

AMY B. GREGORY (*admitted pro hac vice*)
SUSMAN GODFREY L.L.P.
One Manhattan West
50th Floor
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
agregory@susmangodfrey.com

RACHEL L. SCHALLER (*admitted pro hac vice*)
BLANK ROME LLP
444 West Lake Street, Suite 1650
Chicago, Illinois 60606
Telephone: (312) 776-2600
Facsimile: (312) 776-2601
rachel.schaller@blankrome.com

*Attorneys for Plaintiff CDK Global, LLC*