# Exhibit A

# BLANKROME

444 West Lake Street | Suite 1650 | Chicago, IL 60606

*Phone:* (312) 776-2517
*Fax:* (312) 276-2601
*Email:* Daniel.Saeedi@BlankRome.com

February 11, 2025

**VIA ELECTRONIC MAIL AND
FEDERAL EXPRESS DELIVERY**

Tyler G. Newby  
Fenwick & West LLP  
555 California Street – 12th Floor  
San Francisco, CA 94104  
tnewby@fenwick.com  
Counsel for Tekion Corporation

David Lampert  
InDesign Data, LLC  
175 SW 7th Street, Unit 2010  
Miami, FL 33130  
dave.lampert@dmsconnect.com  
Principal for InDesign Data, LLC

*Re: Cease and Desist Unlawful Actions*

Messrs. Newby and Lampert:

This firm represents CDK Global, LLC ("CDK"). We are writing to Tekion Corporation ("Tekion") and InDesign Data, LLC ("InDesign") to address certain unlawful conduct by both entities that must immediately cease. This letter is a follow up to our prior December 6, 2024 correspondence to Tekion (the "December 6 Letter").

CDK has determined that after Tekion's receipt of the December 6 Letter demanding that Tekion cease accessing CDK's DMS, Tekion modified its practices to continue such unlawful access and interference, albeit now through a third-party agent, InDesign (and potentially other third parties). Tekion's modification of its behavior to conduct the same wrongful activities discussed in the December 6 Letter – through third party proxies – necessitates this letter to address such wrongful conduct before CDK files a motion for preliminary injunctive relief.

CDK demands that Tekion and InDesign immediately cease unlawful activities directed at, and access of, CDK's DMS, as these activities violate multiple federal and state laws. CDK also demands that Tekion and InDesign provide a full accounting of all CDK customer accounts for which Tekion or InDesign have accessed CDK's DMS. Finally, Tekion and InDesign are directed to preserve all documents related to their access of CDK's DMS, all computer and electronic devices used for such access, and other related information.

Our investigation results and demands are outlined below.

**BLANKROME**

February 11, 2025
Page 2

**Our Prior Correspondence**

In the December 6 Letter, CDK put Tekion on notice of Tekion's unauthorized access to CDK's DMS, including the running of software scripts and creation of unauthorized login credentials to extract large volumes of data from the DMS without CDK's permission. CDK had discovered that Tekion was taking these steps in order to induce dealerships to breach their MSAs with CDK and instead transition to Tekion. The December 6 Letter warned Tekion that not only were these actions illegal, but they also created significant security risks for CDK and potentially damaged CDK's computer systems.

**Tekion's and InDesign's Unauthorized Access of the DMS Since the December 6 Letter**

Since the December 6 Letter, CDK has discovered that Tekion modified its business practices to now intrude upon CDK's DMS through the use of third-party agents, of which CDK knows the identity of at least one: InDesign.

Specifically, in mid-December of 2024, a customer of CDK informed CDK that Tekion had been approaching this customer to allow for the scraping of CDK's DMS, without CDK's permission, in order to facilitate a data conversion from CDK to Tekion. Senior representatives of Tekion then communicated jointly with InDesign to this customer, seeking that the customer sign an agreement with InDesign to allow for the scraping of CDK's DMS, and the subsequent deletion of all tracks by InDesign on CDK's system (*i.e.,* to hide InDesign's and Tekion's actions). InDesign further sought that the customer indemnify InDesign for any unauthorized access to CDK's DMS. In response, the customer told InDesign and Tekion that such contemplated actions were unlawful and violated CDK's MSA with the customer, to which InDesign and Tekion responded by again soliciting this business and offering to be the customer's "Plan B" in the event CDK did not provide consent.

The December 2024 communications by Tekion and InDesign with this CDK customer precipitated a focused investigation by CDK as to any recent activity by either entity on the DMS. This investigation uncovered a significant amount of activity on the DMS with a tag entitled "1DMS," which is the name of products and services marketed by InDesign to the public. This "1DMS" electronic signature of InDesign's unlawful activity existed in the records of several different CDK customer accounts on the DMS. From its investigation, CDK now has overwhelming proof to conclude that InDesign unlawfully accessed and scraped information from the DMS.

CDK's investigation further showed that the "1DMS" activity increased significantly in January of 2025, while Tekion's prior method of accessing the DMS – through its employees – had eroded during this same time period. This gives CDK significant reason to believe that Tekion is conducting data conversions on CDK's DMS – among other illegal activities – through the use of third-party agents like InDesign, *i.e.,* exactly how Tekion and InDesign marketed their services to the abovementioned customer in December of 2024.

As we noted in the December 6 Letter, Tekion has chosen to circumvent the CDK-facilitated conversion process, gain unauthorized, administrative access to CDK's DMS, and run scripts to extract large volumes of data. This time, however, Tekion is acting through agents

152822885

BLANKROME

February 11, 2025
Page 3

such as InDesign, and doing so for several different CDK customers across the country. CDK believes that Tekion and InDesign are acting in this manner to cover Tekion's tracks that were previously detected by CDK.

The use of third-party software scripts and technology to access and utilize CDK's DMS in this manner is a violation of dealers' agreements with CDK and creates significant security risks and degrades system performance. With administrative access, Tekion and InDesign would also have the ability to damage CDK's DMS by deleting customer data and accounts, and otherwise accessing dealership financial and sensitive data and exposing it to corruption, security risk and misappropriation. This is unacceptable.

**CDK's Demands of Tekion and InDesign**

Based on the evidence gathered to date, Tekion and InDesign have engaged in the persistent violation of multiple state and federal laws, including those listed in the December 6 Letter. And, because CDK previously put Tekion on notice of wrongful conduct, a warning which Tekion ignored, and because Tekion has increased its wrongful acts in concert with third parties such as InDesign, this matter has escalated, as have CDK's demands.

CDK demands that Tekion and InDesign take all of the following actions in order to provide assurances that their wrongful conduct will immediately cease:

1. Immediately cease all actions related to any access of CDK's computer systems, including the DMS, by Tekion, InDesign, or any other third parties acting in concert with them, and provide to CDK written assurances that all such actions have ceased and will not occur again except through CDK's secured, approved channels and in compliance with CDK's customer contracts.

2. Provide an accounting of all customer data accounts on CDK's DMS for which Tekion, InDesign, or any other third parties acting in concert with them, have accessed CDK's computer systems, including the DMS. This accounting includes: (i) the name of the CDK customer; (ii) the date Tekion, InDesign or any third party acting in concert with them accessed CDK's computer systems, including the DMS; and (iii) the device(s) used to achieve such unauthorized access.

3. Preserve: (i) all information, documents and correspondence between Tekion, InDesign and any CDK customers related to the services Tekion or InDesign provided to access CDK's computer systems, including the DMS; (ii) all devices used to access CDK's computer systems, including the DMS; (iii) all data scraped, downloaded or otherwise gathered by Tekion or InDesign from CDK's computer systems, including the DMS; (iv) all information, documents and correspondence in Tekion's or InDesign's possession that reference CDK and any customer identified in Demand #2 above; (v) any and all agreements between Tekion and InDesign; and (vi) all other information, documents and correspondence related to the factual matters asserted in this letter and the December 6 Letter.

152822885

BLANKROME

February 11, 2025
Page 4

**CDK demands that Tekion take the above actions and provide the above assurances to CDK within seven (7) days of the receipt of this letter.**

CDK refers Tekion and InDesign to the attached complaint against Tekion and InDesign that CDK filed on February 10, 2025 in the United States District Court for the Northern District of California, which seeks damages, injunctive relief, and other remedies for Tekion's and InDesign's illegal and tortious conduct.

CDK reserves all rights concerning Tekion's and InDesign's ongoing and prior unlawful conduct. This letter serves as formal notice of legal action, and Tekion should take steps to preserve all potentially relevant or discoverable documents and communications.

Very truly yours,

Daniel R. Saeedi
Partner

cc: Cameron Williams, EVP, General Counsel and Secretary
 Vineet Bhatia, Susman Godfrey L.L.P.
 Shawn Raymond, Susman Godfrey L.L.P.
 Robert Safi, Susman Godfrey L.L.P.

152822885