TYLER G. NEWBY (CSB No. 205790)
tnewby@fenwick.com
ARMEN N. NERCESSIAN (CSB No. 284906)
anercessian@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:    415.875.2300
Facsimile:    415.281.1350

ERICA R. SUTTER (CSB No. 309182)
esutter@fenwick.com
ADAM GAHTAN (admitted *pro hac vice*)
agahtan@fenwick.com
CORTNAY-BETH CYMROT (admitted *pro hac vice*)
ccymrot@fenwick.com
FENWICK & WEST LLP
902 Broadway, Floor 18
New York, NY 10010-6035
Telephone:    212.430.2600

Attorneys for Defendant TEKION CORP.

FENWICK & WEST LLP
ATTORNEYS AT LAW

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| CDK GLOBAL, LLC,<br><br>                    Plaintiff,<br><br>          v.<br><br>TEKION CORP. et al.,<br><br>                    Defendants. | Case No.: 3:25-cv-01394-JSC<br><br>**DEFENDANT TEKION CORP.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.     Tekion denies the allegations in Paragraph 1.

2.     Tekion admits that CDK is the dominant automotive retail software provider with market power in the franchise dealership management system space. Tekion admits that, as the dominant and incumbent automotive retail software provider, CDK serves thousands of retail

FENWICK & WEST LLP
ATTORNEYS AT LAW

locations across North America.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 2 and therefore denies them.

3.      Tekion admits that CDK's DMS is a suite of software tools that purports to equip dealers with solutions in one integrated platform.  Tekion admits that DMS connects various aspects of the broader automotive retail ecosystem.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 3 and therefore denies them.

4.      Tekion admits that it is a relatively new entrant to the automotive software industry that offers superior solutions to the DMS that CDK provides.  Tekion denies the remaining allegations in Paragraph 4.

5.      Tekion denies the allegations in Paragraph 5.

6.      Tekion admits that CDK sent Tekion correspondence in December 2024.  Tekion further admits, given the need for fair and lawful competition in the automotive retail software space in the face of CDK's pattern of abusive, anticompetitive, and unlawful conduct in the DMS market, it filed Case No. 3:24-cv-08879, *Tekion Corp. v. CDK Global, LLC*, which is pending in this Court.  Tekion denies the remaining allegations in Paragraph 6.

7.      Paragraph 7 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion denies the allegations in Paragraph 7.

**PARTIES**

8.      Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 8 and therefore denies them.

9.      Tekion admits the allegations in Paragraph 9.

10.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 10 and therefore denies them.

**JURISDICTION AND VENUE**

11.     Paragraph 11 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 11, and therefore denies them.

FENWICK & WEST LLP
ATTORNEYS AT LAW

12.     Paragraph 12 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 12, and therefore denies them.

13.     Paragraph 13 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 13, and therefore denies them.

14.     Paragraph 14 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion admits that it maintains its principal place of business in Alameda County, California and conducts business in California.

15.     Paragraph 15 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 15, and therefore denies them.

16.     Paragraph 16 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 16, and therefore denies them.

17.     Paragraph 17 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 17, and therefore denies them.

18.     Paragraph 18 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion admits that it maintains its principal place of business in Alameda County.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 18 concerning InDesign, and therefore denies them.

19.     Paragraph 19 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion admits that a substantial part of the alleged events or omissions occurred or were directed from Tekion's headquarters in Alameda County.

## **FACTUAL ALLEGATIONS**

20.     Tekion admits that CDK has been the dominant and incumbent automotive retail software provider for decades.  CDK lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 20, and therefore denies them.

21.     Tekion admits that, as the dominant and incumbent automotive retail software provider in the automotive industry, CDK serves thousands of retail locations across North America.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 21, and therefore denies them.

22.     Tekion admits that CDK provides DMS and related tools to dealerships to manage their businesses.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 22, and therefore denies them.

23.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 23, and therefore denies them.

24.     Tekion admits that CDK provides DMS software to auto dealerships.  Tekion admits that any DMS provides the necessary infrastructure for, and is central to, dealership operations.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 24, and therefore denies them.

25.     Tekion admits the allegations in Paragraph 25.

26.     Tekion admits the allegations in Paragraph 26.

27.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 27, and therefore denies them.

28.     Tekion denies the allegation that it lacks authorization to assist dealerships in accessing their dealership data stored in the CDK-provided DMS.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 28, and therefore denies them.

29.     Tekion admits the allegations in Paragraph 29.

30.     Tekion admits that CDK is the dominant player in the DMS market and boasts that the ecosystem it serves involves millions of transactions each day, and billions of dollars in

FENWICK & WEST LLP
ATTORNEYS AT LAW

commerce each year. Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 30, and therefore denies them.

31. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 31, and therefore denies them.

32. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 32, and therefore denies them.

33. Tekion admits that dealerships store their own business data in the CDK DMS, including data about their customers and data provided to them by OEMs, other third parties, and CDK. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 33, and therefore denies them.

34. Tekion denies the allegations in Paragraph 34 to the extent CDK is alleging the DMS stores information and data belonging to CDK or any party *other than* the dealers themselves. Tekion otherwise admits the allegations in Paragraph 34.

35. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 35, and therefore denies them.

36. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 36, and therefore denies them.

37. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 37, and therefore denies them.

38. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 38, and therefore denies them.

39. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 39, and therefore denies them.

40. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 40, and therefore denies them.

41. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 41, and therefore denies them.

42.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 42, and therefore denies them.

43.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 43, and therefore denies them.

44.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 44, and therefore denies them.

45.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 45, and therefore denies them.

46.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 46, and therefore denies them.

47.     Tekion admits that dealership employees who are authorized to access the DMS generally must use password-protected login credentials.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 47, and therefore denies them.

48.     Tekion admits that dealership employees generally must complete multi-factor authentication to confirm their identity.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 48, and therefore denies them.

49.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 49, and therefore denies them.

50.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 50, and therefore denies them.

51.     The document cited in Paragraph 51 speaks for itself.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the document cited in Paragraph 51 and attached as Exhibit 1 to the Complaint, including the truth or falsity of any portion of its contents, or whether it reflects an agreement that dealerships typically enter with CDK.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 51, and therefore denies them.

52.     To the extent the allegations in Paragraph 52 refer to Exhibit 1 to the Complaint, that document speaks for itself.  Tekion lacks sufficient information to form a belief as to the truth

or falsity of this document, including the truth or falsity of any of portion of its contents, or whether it reflects an agreement that dealerships typically enter with CDK. Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 52, and therefore denies them.

53. To the extent the allegations in Paragraph 53 refer to Exhibit 1 to the Complaint, that document speaks for itself. Tekion lacks sufficient information to form a belief as to the truth or falsity of this document, including the truth or falsity of any of portion of its contents, or whether it reflects an agreement that dealerships typically enter with CDK. Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 53, and therefore denies them.

54. To the extent the allegations in Paragraph 54 refer to Exhibit 1 to the Complaint, that document speaks for itself. Tekion lacks sufficient information to form a belief as to the truth or falsity of this document, including the truth or falsity of any of portion of its contents, or whether it reflects an agreement that dealerships typically enter with CDK. Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 54, and therefore denies them.

55. To the extent the allegations in Paragraph 55 refer to Exhibit 1 to the Complaint, that document speaks for itself. Tekion lacks sufficient information to form a belief as to the truth or falsity of this document, including the truth or falsity of any of portion of its contents, or whether it reflects an agreement that dealerships typically enter with CDK. Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 55, and therefore denies them.

56. To the extent the allegations in Paragraph 56 refer to Exhibit 1 to the Complaint, that document speaks for itself. Tekion lacks sufficient information to form a belief as to the truth or falsity of this document, including the truth or falsity of any of portion of its contents, or whether it reflects an agreement that dealerships typically enter with CDK. Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 56, and therefore denies them.

FENWICK & WEST LLP
ATTORNEYS AT LAW

57.     To the extent the allegations in Paragraph 57 refer to Exhibit 1 to the Complaint, that document speaks for itself.  Tekion lacks sufficient information to form a belief as to the truth or falsity of this document, including the truth or falsity of any of portion of its contents, or whether it reflects an agreement that dealerships typically enter with CDK.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 57, and therefore denies them.

58.     To the extent the allegations in Paragraph 58 refer to Exhibit 1 to the Complaint, that document speaks for itself.  Tekion lacks sufficient information to form a belief as to the truth or falsity of this document, including the truth or falsity of any of portion of its contents, or whether it reflects an agreement that dealerships typically enter with CDK.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 58, and therefore denies them.

59.     To the extent the allegations in Paragraph 59 refer to Exhibit 1 to the Complaint, that document speaks for itself.  Tekion lacks sufficient information to form a belief as to the truth or falsity of this document, including the truth or falsity of any of portion of its contents, or whether it reflects an agreement that dealerships typically enter with CDK.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 59, and therefore denies them.

60.     To the extent the allegations in Paragraph 60 refer to Exhibit 1 to the Complaint, that document speaks for itself.  Tekion lacks sufficient information to form a belief as to the truth or falsity of this document, including the truth or falsity of any of portion of its contents, or whether it reflects an agreement that dealerships typically enter with CDK.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 60, and therefore denies them.

61.     Tekion denies the allegations in Paragraph 61.

62.     Tekion denies the allegations in Paragraph 62.

63.     Tekion admits that it has cooperated with CDK in performing conversions for customers migrating from Tekion's DMS to CDK, and further that CDK has in certain instances

assisted with conversions from CDK's DMS to Tekion's. Tekion also admits that, in the instances that CDK assisted with data conversions to Tekion, CDK and Tekion personnel would work directly with one another to complete the conversion. Tekion otherwise denies the allegations in Paragraph 63.

64. Tekion admits that Tekion entered an engagement to provide "Automotive Retail Cloud" services at four locations for a dealer that has used CDK-provided DMS services. Tekion denies that CDK first learned about Tekion's engagement in April 2024. Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 64, and therefore denies them.

65. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 65, and therefore denies them.

66. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 66, and therefore denies them.

67. Tekion admits that CDK sent Tekion correspondence, on or around April 2, 2024, concerning a dealer's transition from CDK's DMS to Tekion's DMS, which CDK fails to include as an Exhibit. CDK's April 2024 correspondence is the most reliable source of its contents, and Tekion therefore denies the allegations in Paragraph 67 to the extent inconsistent with that document. In addition, Tekion denies the allegations in CDK's April 2024 correspondence.

68. Tekion admits that CDK sent Tekion correspondence, on or around April 2, 2024, concerning a dealer's transition from CDK's DMS to Tekion's DMS, which CDK fails to include as an Exhibit. CDK's April 2024 correspondence is the most reliable source of its contents, and Tekion therefore denies the allegations in Paragraph 68 to the extent inconsistent with that document. In addition, Tekion denies the allegations in CDK's April 2024 correspondence.

69. Tekion admits that CDK sent Tekion correspondence, on or around April 2, 2024, concerning a dealer's transition from CDK's DMS to Tekion's DMS, which CDK fails to include as an Exhibit. CDK's April 2024 correspondence is the most reliable source of its contents, and Tekion therefore denies the allegations in Paragraph 69 to the extent inconsistent with that document. In addition, Tekion denies the allegations in CDK's April 2024 correspondence,

including CDK's allegation that the Dealer Conversion Support Agreement contained the sole, agreed-upon method of procedure to transfer data between Tekion's and CDK's respective DMS systems.

70. Tekion admits that, on April 5, 2024, Tekion responded acknowledging receipt of CDK's April 2, 2024 correspondence, which CDK also fails to include as an Exhibit. Tekion admits that it conducts its business consistent with applicable legal obligations. Tekion's April 2024 correspondence is the most reliable source of its contents, and Tekion therefore denies the allegations in Paragraph 70 to the extent inconsistent with that document.

71. Tekion denies the allegations in Paragraph 71.

72. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 72 and therefore denies them.

73. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 73 and therefore denies them.

74. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 74 and therefore denies them.

75. Tekion denies that it collaborates with InDesign to execute the conduct described in the first sentence of Paragraph 75. To the extent the allegations in Paragraph 75 refer to Exhibit 2 to the Complaint, that document speaks for itself. Tekion lacks sufficient information to form a belief as to the truth or falsity of the document attached as Exhibit 2 to the Complaint, including the truth or falsity of any of portion of its contents. Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 75, and therefore denies them.

76. To the extent the allegations in Paragraph 76 refer to Exhibit 2 to the Complaint, that document speaks for itself. Tekion lacks sufficient information to form a belief as to the truth or falsity of this document, including the truth or falsity of any of portion of its contents. Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 76, and therefore denies them.

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

77.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 77 and therefore denies them.

78.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 78 and therefore denies them.

79.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 79 and therefore denies them.

80.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 80 and therefore denies them.

81.     The document referenced in Paragraph 81, which CDK fails to include as an Exhibit, is the best source of its contents, and Tekion denies the allegations in Paragraph 81 to the extent inconsistent with that document.

82.     Tekion denies the allegations in Paragraph 82.

83.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 83 and therefore denies them.

84.     Tekion denies the allegations in Paragraph 84.

85.     Tekion admits that Tekion has assisted dealerships in obtaining their data stored in CDK-provided DMS, with their authorization and dealer-provided credentials, and Tekion admits that, through that assistance, Tekion and dealers have transferred the dealers' data from the CDK-provided DMS to Tekion cloud-based virtual computers.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 85 and therefore denies them.

86.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 86 and therefore denies them.

87.     Tekion denies the allegations in the first sentence of Paragraph 87.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 87 and therefore denies them.

88.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 88 and therefore denies them.

89.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 89 and therefore denies them.

90.     Tekion admits that CDK sent Tekion correspondence on Friday, December 6, 2024. The document cited in Paragraph 90 and attached as Exhibit 3 to the Complaint speaks for itself, and Tekion denies the allegations in Paragraph 90 to the extent inconsistent with that document. Tekion lacks sufficient information to form a belief as to the truth or falsity of the document attached as Exhibit 3 to the Complaint, including the truth or falsity of any of portion of its contents. In addition, Tekion denies the allegations in CDK's December 6, 2024 correspondence.

91.     To the extent the allegations in Paragraph 91 refer to Exhibit 3 to the Complaint, that document speaks for itself, and Tekion denies the allegations in Paragraph 91 to the extent inconsistent with that document.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the document cited in Paragraph 91, including the truth or falsity of any of portion of its contents.   In addition, Tekion denies the allegations in CDK's December 6, 2024 correspondence.

92.     Tekion denies the allegations in Paragraph 92.

93.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 93 and therefore denies them.

94.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 94 and therefore denies them.

95.     Tekion denies the allegations in Paragraph 95.

96.     The document referenced in Paragraph 96 is the best source of its contents, and Tekion denies the allegations in Paragraph 96 to the extent inconsistent with that document.

97.     The document referenced in Paragraph 97 is the best source of its contents, and Tekion denies the allegations in Paragraph 97 to the extent inconsistent with that document.

98.     The document referenced in Paragraph 98 is the best source of its contents, and Tekion denies the allegations in Paragraph 98 to the extent inconsistent with that document.

99.     The document referenced in Paragraph 99 is the best source of its contents, and Tekion denies the allegations in Paragraph 99 to the extent inconsistent with that document.

100.     The document referenced in Paragraph 100 is the best source of its contents, and Tekion denies the allegations in Paragraph 100 to the extent inconsistent with that document.

101.     The document referenced in Paragraph 101 is the best source of its contents, and Tekion denies the allegations in Paragraph 101 to the extent inconsistent with that document. Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 101 and therefore denies them.

102.     Tekion denies the allegations in Paragraph 102.

103.     Tekion admits that, on December 9, 2024, it filed Case No. 3:24-cv-08879, *Tekion Corp. v. CDK Global, LLC*.  Tekion admits that it sent CDK a letter on December 13, 2024, confirming that Tekion merely has helped dealerships access their own data for migration to Tekion.  Tekion denies the remaining allegations in Paragraph 103.

104.     Tekion denies the allegations in Paragraph 104.

105.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 105 and therefore denies them.

106.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 106 and therefore denies them.

107.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 107 and therefore denies them.

108.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 108 and therefore denies them.

109.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 109 that relate to InDesign's conduct, and therefore denies them.  Tekion denies the remaining allegations in Paragraph 109.

110.     Tekion denies the allegations in Paragraph 110.

111.     Tekion denies the allegations in Paragraph 111.

112.     Tekion denies the allegations in Paragraph 112.

113.     Tekion denies the allegations in Paragraph 113.

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

114. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 114 and therefore denies them.

115. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 115 and therefore denies them.

116. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 116 and therefore denies them.

117. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 117 and therefore denies them.

118. Tekion admits that it has used cloud-based virtual computers to assist dealerships in obtaining their data stored in CDK-provided DMS, with their authorization and dealer-provided credentials. Tekion denies the allegations in Paragraph 118.

119. Tekion denies the allegations in Paragraph 119.

120. Tekion denies that Tekion "hack[s]" into CDK's DMS. Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 120 and therefore denies them.

121. Tekion denies the allegations in Paragraph 121.

122. Tekion admits that Tekion has used Dealership-issued login credentials to access DMS. Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 122 that relate to InDesign's conduct, and therefore denies them. Tekion denies the remaining allegations in Paragraph 122.

123. Tekion denies the allegations in Paragraph 123.

124. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 124 and therefore denies them.

125. Tekion denies attempting any writeback functions. Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 125 and therefore denies them.

126. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 126 and therefore denies them.

127. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 127 and therefore denies them.

128. Tekion denies that it has engaged in unauthorized access and activities. Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 128 and therefore denies them.

129. Tekion denies the allegations in Paragraph 129.

130. Tekion denies the allegations in Paragraph 130.

131. Tekion denies the allegations in Paragraph 131.

132. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 132 and therefore denies them.

133. Tekion admits that Tekion does not build, or pay to operate or maintain, CDK's DMS. Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 133 and therefore denies them.

134. Tekion denies the allegations in Paragraph 134.

## CAUSES OF ACTION AND CLAIMS FOR RELIEF

### Count I - Computer Fraud and Abuse Act – 18 U.S.C. § 1030

#### (All Defendants)

135. Tekion repeats and re-alleges all of its answers above as if set forth fully herein.

136. Paragraph 136 includes legal conclusions to which no response is required.

137. Paragraph 137 includes legal conclusions to which no response is required.

138. Paragraph 138 includes legal conclusions to which no response is required.

139. Paragraph 139 includes legal conclusions to which no response is required.

140. Paragraph 140 includes legal conclusions to which no response is required.

141. Paragraph 141 includes legal conclusions to which no response is required.

142. Paragraph 142 includes legal conclusions to which no response is required.

143. Paragraph 143 includes legal conclusions to which no response is required.

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

144. Paragraph 144 includes legal conclusions to which no response is required. To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 144 and therefore denies them.

145. Paragraph 145 includes legal conclusions to which no response is required. To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 145 and therefore denies them.

146. Tekion denies that the Defendants conspired with each other to conduct the actions alleged in Paragraph 146. Tekion denies the remaining allegations in Paragraph 146 that relate to Tekion's conduct. Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 146 that relate to InDesign's conduct and therefore denies them.

147. Tekion denies that the Defendants conspired with each other to conduct the actions alleged in Paragraph 147. Tekion denies the remaining allegations in Paragraph 147 that relate to Tekion's conduct. Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 147 that relate to InDesign's conduct and therefore denies them.

148. Tekion denies that the Defendants conspired with each other to conduct the actions alleged in Paragraph 148. Tekion denies the remaining allegations in Paragraph 148 that relate to Tekion's conduct. Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 148 that relate to InDesign's conduct and therefore denies them.

149. Tekion denies the allegations in Paragraph 149 that relate to Tekion's conduct. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 149 that relate to InDesign's conduct and therefore denies them.

150. Paragraph 150 includes legal conclusions to which no response is required. To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 150 and therefore denies them.

151. Tekion denies the allegations in Paragraph 151.

FENWICK & WEST LLP
ATTORNEYS AT LAW

152. Tekion denies the allegations in Paragraph 152.

153. Tekion denies the allegations in Paragraph 153.

154. Tekion denies the allegations in Paragraph 154.

155. Tekion denies the allegations in Paragraph 155.

156. Tekion denies the allegations in Paragraph 156.

157. Tekion denies the allegations in Paragraph 157.

158. Tekion denies the allegations in Paragraph 158.

159. Tekion denies the allegations in Paragraph 159.

160. Tekion admits that CDK has informed Tekion that CDK believes Tekion's access to the DMS and related CDK platforms is unauthorized. Tekion further admits that, after filing this Complaint, CDK informed Tekion that CDK believes access to the DMS and related CDK platforms by any Tekion agents or coconspirators is unauthorized. Tekion denies the remaining allegations in Paragraph 160.

161. Tekion denies the allegations in Paragraph 161.

162. Paragraph 162 includes legal conclusions to which no response is required. To the extent a response is required, Tekion denies the allegations in Paragraph 162.

163. Tekion denies the allegations in Paragraph 163.

164. Tekion denies the allegations in Paragraph 164.

165. Paragraph 165 includes legal conclusions to which no response is required. To the extent a response is required, Tekion denies that Plaintiff is entitled to the relief it requests or any other form of relief, and specifically denies each of the requests for relief enumerated in Paragraph 165.

166. Tekion denies that Plaintiff is entitled to the relief it requests or any other form of relief, and specifically denies each of the requests for relief enumerated in Paragraph 166.

## Count II - Digital Millenium Copyright Act – 17 U.S.C. § 1201

### (All Defendants)

167. Tekion repeats and re-alleges all of its answers above as if set forth fully herein.

168. Paragraph 168 includes legal conclusions to which no response is required.

FENWICK & WEST LLP
ATTORNEYS AT LAW

169.     Paragraph 169 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 169 and therefore denies them.

170.     Paragraph 170 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 170 and therefore denies them.

171.     Tekion denies the allegations in Paragraph 171.

172.     Tekion denies the allegations in Paragraph 172.

173.     Tekion denies the allegations in Paragraph 173.

174.     Tekion denies the allegations in Paragraph 174.

175.     Tekion denies the allegations in Paragraph 175.

176.     Tekion denies the allegations in Paragraph 176.

177.     Tekion denies the allegations in Paragraph 177.

178.     Tekion denies the allegations in Paragraph 178.

179.     Paragraph 179 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion denies that Plaintiff is entitled to the relief it requests or any other form of relief, and specifically denies each of the requests for relief enumerated in Paragraph 179.

180.     Paragraph 180 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion denies the allegations in Paragraph 180.

181.     Tekion denies the allegations in Paragraph 181.

182.     Tekion denies the allegations in Paragraph 182.

183.     Paragraph 183 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion denies that Plaintiff is entitled to the relief it requests or any other form of relief, and specifically denies each of the requests for relief enumerated in Paragraph 183.

184.     Tekion denies that Plaintiff is entitled to the relief it requests or any other form of relief, and specifically denies each of the requests for relief enumerated in Paragraph 184.

**(All Defendants)**

185. Tekion repeats and re-alleges all of its answers above as if set forth fully herein.

186. Paragraph 186 includes legal conclusions to which no response is required.

187. Paragraph 187 includes legal conclusions to which no response is required. To the extent a response is required, lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 187 and therefore denies them.

188. Paragraph 188 includes legal conclusions to which no response is required. To the extent a response is required, Tekion denies the allegations in Paragraph 188.

189. Tekion denies the allegations in Paragraph 189.

190. Tekion denies the allegations in Paragraph 190.

191. Tekion denies the allegations in Paragraph 191.

192. Tekion admits that CDK has informed Tekion that CDK believes Tekion's access to the DMS and related CDK platforms is unauthorized. Tekion admits that CDK has demanded that Tekion cease actions related to its allegedly unlawful access. Tekion admits that, after filing this Complaint, CDK demanded that parties under Tekion's direction or affiliation cease access to the DMS and related CDK platforms. Tekion denies the substance of those allegations.

193. Tekion admits that its actions to assist dealerships with data access are lawful. Tekion denies the remaining allegations in Paragraph 193.

194. Paragraph 194 includes legal conclusions to which no response is required. To the extent a response is required, Tekion denies the allegations in Paragraph 194.

195. Tekion denies the allegations in Paragraph 195.

196. Tekion denies the allegations in Paragraph 196.

197. Paragraph 197 includes legal conclusions to which no response is required. To the extent a response is required, Tekion denies that Plaintiff is entitled to the relief it requests or any other form of relief, and specifically denies each of the requests for relief enumerated in Paragraph 197.

198. Paragraph 198 includes legal conclusions to which no response is required. To the extent a response is required, Tekion denies that Plaintiff is entitled to the relief it requests or any other form of relief, and specifically denies each of the requests for relief enumerated in Paragraph 198.

199. Tekion denies that Plaintiff is entitled to the relief it requests or any other form of relief, and specifically denies each of the requests for relief enumerated in Paragraph 199.

## Count IV - Defend Trade Secrets Act (18 U.S.C. § 1836)

### (All Defendants)

200. Tekion repeats and re-alleges all of its answers above as if set forth fully herein.

201. Paragraph 201 includes legal conclusions to which no response is required. To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 201 and therefore denies them.

202. Paragraph 202 includes legal conclusions to which no response is required. To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 202 and therefore denies them.

203. Paragraph 203 includes legal conclusions to which no response is required. To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 203 and therefore denies them.

204. Paragraph 204 includes legal conclusions to which no response is required. To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 204 and therefore denies them.

205. Paragraph 205 includes legal conclusions to which no response is required. To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 205 and therefore denies them.

206. Tekion denies the allegations in Paragraph 206.

207. Tekion denies the allegations in Paragraph 207.

208. Tekion denies the allegations in Paragraph 208.

209. Tekion denies the allegations in Paragraph 209.

FENWICK & WEST LLP
ATTORNEYS AT LAW

210.     Paragraph 210 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion denies the allegations in Paragraph 210.

211.     Tekion denies the allegations in Paragraph 211.

212.     Paragraph 212 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion denies that Plaintiff is entitled to the relief it requests or any other form of relief, and specifically denies each of the requests for relief enumerated in Paragraph 212.

213.     Paragraph 213 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion denies that Plaintiff is entitled to the relief it requests or any other form of relief, and specifically denies each of the requests for relief enumerated in Paragraph 213.

214.     Tekion denies that Plaintiff is entitled to the relief it requests or any other form of relief, and specifically denies each of the requests for relief enumerated in Paragraph 214.

## Count V - The California Comprehensive Computer Data Access and Fraud Act

### (All Defendants)

215.     Tekion repeats and re-alleges all of its answers above as if set forth fully herein.

216.     Paragraph 216 includes legal conclusions to which no response is required.

217.     Paragraph 217 includes legal conclusions to which no response is required.

218.     Paragraph 218 includes legal conclusions to which no response is required.

219.     Paragraph 219 includes legal conclusions to which no response is required.

220.     Paragraph 220 includes legal conclusions to which no response is required.

221.     Paragraph 221 includes legal conclusions to which no response is required.

222.     Paragraph 222 includes legal conclusions to which no response is required.

223.     Paragraph 223 includes legal conclusions to which no response is required.

224.     Paragraph 224 includes legal conclusions to which no response is required.

225.     Paragraph 225 includes legal conclusions to which no response is required.

226.     Paragraph 226 includes legal conclusions to which no response is required.

227.     Paragraph 227 includes legal conclusions to which no response is required.

228. Paragraph 228 includes legal conclusions to which no response is required.

229. Paragraph 229 includes legal conclusions to which no response is required. To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 229 and therefore denies them.

230. Paragraph 230 includes legal conclusions to which no response is required. To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 230 and therefore denies them.

231. Paragraph 231 includes legal conclusions to which no response is required. To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 231 and therefore denies them.

232. Paragraph 232 includes legal conclusions to which no response is required. To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 232 and therefore denies them.

233. Paragraph 233 includes legal conclusions to which no response is required. To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 233 and therefore denies them.

234. Paragraph 234 includes legal conclusions to which no response is required. To the extent a response is required, Tekion admits that the DMS includes a communication medium with the capability to transmit information between computers. Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 234 and therefore denies them.

235. Tekion denies the allegations in Paragraph 235.

236. Paragraph 236 includes legal conclusions to which no response is required. To the extent a response is required, Tekion denies the allegations in Paragraph 236.

237. Tekion denies the allegations in Paragraph 237.

238. Tekion denies the allegations in Paragraph 238.

239. Tekion denies the allegations in Paragraph 239.

240. Tekion denies the allegations in Paragraph 240.

FENWICK & WEST LLP
ATTORNEYS AT LAW

241. Paragraph 241 includes legal conclusions to which no response is required. To the extent a response is required, Tekion denies the allegations in Paragraph 241.

242. Tekion denies the allegations in Paragraph 242.

243. Tekion denies the allegations in Paragraph 243 to the extent they relate to Tekion's conduct. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 243 that relate to InDesign's conduct, and therefore denies them.

244. Paragraph 244 includes legal conclusions to which no response is required. To the extent a response is required, Tekion denies the allegations in Paragraph 244.

245. Paragraph 245 includes legal conclusions to which no response is required. To the extent a response is required, Tekion denies the allegations in Paragraph 245.

246. Tekion denies the allegations in Paragraph 246.

247. Paragraph 247 includes legal conclusions to which no response is required. To the extent a response is required, Tekion denies the allegations in Paragraph 247.

248. Paragraph 248 includes legal conclusions to which no response is required. To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 248 and therefore denies them.

249. Tekion denies the allegations in Paragraph 249.

250. Paragraph 250 includes legal conclusions to which no response is required. To the extent a response is required, Tekion denies the allegations in Paragraph 250.

251. Paragraph 251 includes legal conclusions to which no response is required. To the extent a response is required, Tekion denies the allegations in Paragraph 251.

252. Paragraph 252 includes legal conclusions to which no response is required. To the extent a response is required, Tekion denies the allegations in Paragraph 252.

253. Tekion denies that Plaintiff is entitled to the relief it requests or any other form of relief, and specifically denies each of the requests for relief enumerated in Paragraph 253.

### Count VI - California Uniform Trade Secrets Act

### (All Defendants)

254. Tekion repeats and re-alleges all of its answers above as if set forth fully herein.

255. Paragraph 255 includes legal conclusions to which no response is required.

256. Paragraph 256 includes legal conclusions to which no response is required.

257. Paragraph 257 includes legal conclusions to which no response is required. To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 257 and therefore denies them.

258. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 258 and therefore denies them.

259. Paragraph 259 includes legal conclusions to which no response is required. To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 259 and therefore denies them.

260. Paragraph 260 includes legal conclusions to which no response is required. To the extent a response is required, Tekion denies the allegations in Paragraph 260.

261. Paragraph 261 includes legal conclusions to which no response is required. To the extent a response is required, Tekion denies the allegations in Paragraph 261.

262. Tekion denies the allegations in Paragraph 262.

263. Paragraph 263 includes legal conclusions to which no response is required. To the extent a response is required, Tekion denies the allegations in Paragraph 263.

264. Paragraph 264 includes legal conclusions to which no response is required. To the extent a response is required, Tekion denies the allegations in Paragraph 264.

265. Paragraph 265 includes legal conclusions to which no response is required. To the extent a response is required, Tekion denies the allegations in Paragraph 265.

266. Paragraph 266 includes legal conclusions to which no response is required. To the extent a response is required, Tekion denies the allegations in Paragraph 266.

267. Tekion denies that Plaintiff is entitled to the relief it requests or any other form of relief, and specifically denies each of the requests for relief enumerated in Paragraph 267.

## Count VII - Tortious Interference with Existing Business Relations

### (All Defendants)

268. Tekion repeats and re-alleges all of its answers above as if set forth fully herein.

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

269.     Tekion admits the allegations in Paragraph 269.

270.     Tekion admits that CDK has service contracts with dealerships, including dealerships located in California, and that these dealerships use and access their dealership data through CDK's DMS software.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 270 and therefore denies them.

271.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 271 and therefore denies them.

272.     Paragraph 272 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 272 and therefore denies them.

273.     To the extent the allegations in Paragraph 273 refer to Exhibit 1 to the Complaint, that document speaks for itself.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the document cited in Paragraph 273, including the truth or falsity of any of portion of its contents, or whether it reflects an agreement that dealerships typically enter with CDK.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 273, and therefore denies them.

274.     To the extent the allegations in Paragraph 274 refer to Exhibit 1 to the Complaint, that document speaks for itself.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the document cited in Paragraph 274, including the truth or falsity of any of portion of its contents, or whether it reflects an agreement that dealerships typically enter with CDK.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 274, and therefore denies them.

275.     To the extent the allegations in Paragraph 275 refer to Exhibit 1 to the Complaint, that document speaks for itself.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the document attached as Exhibit 1 to the Complaint, including the truth or falsity of any of portion of its contents, or whether it reflects an agreement that dealerships typically enter with CDK.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 275, and therefore denies them.

276.     To the extent the allegations in Paragraph 276 refer to Exhibit 1 to the Complaint, that document speaks for itself. Tekion lacks sufficient information to form a belief as to the truth or falsity of the document attached as Exhibit 1 to the Complaint, including the truth or falsity of any of portion of its contents, or whether it reflects an agreement that dealerships typically enter with CDK. Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 276, and therefore denies them.

277.     To the extent the allegations in Paragraph 277 refer to Exhibit 1 to the Complaint, that document speaks for itself. Tekion lacks sufficient information to form a belief as to the truth or falsity of the document attached as Exhibit 1 to the Complaint, including the truth or falsity of any of portion of its contents, or whether it reflects an agreement that dealerships typically enter with CDK. Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 277, and therefore denies them.

278.     To the extent the allegations in Paragraph 278 refer to Exhibit 1 to the Complaint, that document speaks for itself. Tekion lacks sufficient information to form a belief as to the truth or falsity of the document attached as Exhibit 1 to the Complaint, including the truth or falsity of any of portion of its contents, or whether it reflects an agreement that dealerships typically enter with CDK. Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 278, and therefore denies them.

279.     To the extent the allegations in Paragraph 279 refer to Exhibit 1 to the Complaint, that document speaks for itself. Tekion lacks sufficient information to form a belief as to the truth or falsity of the document attached as Exhibit 1 to the Complaint, including the truth or falsity of any of portion of its contents, or whether it reflects an agreement that dealerships typically enter with CDK. Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 279, and therefore denies them.

280.     Tekion denies the allegations in Paragraph 280.

281.     Tekion denies the allegations in Paragraph 281.

282.     Paragraph 282 includes legal conclusions to which no response is required. To the extent a response is required, Tekion denies the allegations in Paragraph 282.

FENWICK & WEST LLP
ATTORNEYS AT LAW

283. Paragraph 283 includes legal conclusions to which no response is required. To the extent a response is required, Tekion denies the allegations in Paragraph 283.

284. Paragraph 284 includes legal conclusions to which no response is required. To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 284 and therefore denies them.

285. Paragraph 285 includes legal conclusions to which no response is required. To the extent a response is required, Tekion denies the allegations in Paragraph 285.

286. Paragraph 286 includes legal conclusions to which no response is required. To the extent a response is required, Tekion denies the allegations in Paragraph 286.

287. Paragraph 287 includes legal conclusions to which no response is required. To the extent a response is required, Tekion denies the allegations in Paragraph 287.

288. Paragraph 288 includes legal conclusions to which no response is required. To the extent a response is required, Tekion denies the allegations in Paragraph 288.

289. Tekion denies that Plaintiff is entitled to the relief it requests or any other form of relief, and specifically denies each of the requests for relief enumerated in Paragraph 289.

### Count VIII - Unfair, Unlawful, or Fraudulent Actions

### (All Defendants)

290. Tekion repeats and re-alleges all of its answers above as if set forth fully herein.

291. Paragraph 291 includes legal conclusions to which no response is required. To the extent a response is required, Tekion denies the allegations in Paragraph 291.

292. Paragraph 292 includes legal conclusions to which no response is required. To the extent a response is required, Tekion denies the allegations in Paragraph 292.

293. Tekion denies the allegations in Paragraph 293.

294. Paragraph 294 includes legal conclusions to which no response is required. To the extent a response is required, Tekion denies the allegations in Paragraph 294.

295. Paragraph 295 includes legal conclusions to which no response is required. To the extent a response is required, Tekion denies the allegations in Paragraph 295.

FENWICK & WEST LLP
ATTORNEYS AT LAW

296. Paragraph 296 includes legal conclusions to which no response is required. To the extent a response is required, Tekion denies the allegations in Paragraph 296.

297. Paragraph 297 includes legal conclusions to which no response is required. To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 297 and therefore denies them.

298. Paragraph 298 includes legal conclusions to which no response is required. To the extent a response is required, Tekion denies the allegations in Paragraph 298.

299. Tekion denies that Plaintiff is entitled to the relief it requests or any other form of relief, and specifically denies each of the requests for relief enumerated in Paragraph 299.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Tekion Corp. respectfully requests a jury trial on all issues so triable, including without limitation, CDK Global's claims and Tekion Corp.'s defenses thereto.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to all claims and causes of actions alleged in the Complaint, Tekion alleges as follows:

### First Affirmative Defense

### (Failure to State a Claim)

Plaintiff's claims are barred, in whole or in part, because Plaintiff fails to sufficiently state a claim upon which relief may be granted.

### Second Affirmative Defense

### (Unclean Hands)

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands, which demands that a plaintiff act equitably and in good faith in the matter for which it seeks a remedy. As Plaintiff's allegations are in furtherance of its unlawful scheme to eliminate competition, Plaintiff is barred from seeking relief.

Fenwick & West LLP
Attorneys At Law

## Third Affirmative Defense

### (Waiver/Estoppel)

Plaintiff's claims are barred, in whole or in part, because Plaintiff, by virtue of its own conduct, has waived and/or is estopped from asserting any of the claims upon which it seeks relief.

## Fourth Affirmative Defense

### (Statute of Limitations)

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## Fifth Affirmative Defense

### (Authorization)

Plaintiff's claims are barred, in whole or in part, because Tekion's access was authorized at all relevant times.

## Sixth Affirmative Defense

### (Lack of Knowledge, Intent, or Willfulness)

Plaintiff's claims are barred, in whole or in part, because Tekion lacked the requisite knowledge, intent, or willfulness when allegedly engaging in the conduct described in the Complaint.

## Seventh Affirmative Defense

### (Good Faith)

Plaintiff's claims are barred, in whole or in part, because Tekion's actions were at all times conducted in good faith, motivated by legitimate business reasons, and in compliance with all applicable laws.

## Eighth Affirmative Defense

### (Failure to Identify Valid Trade Secrets)

Plaintiff's trade secret misappropriation claims are barred, in whole or in part, because Plaintiff has failed to identify and describe any valid trade secrets with sufficient particularity.

## Ninth Affirmative Defense

### (Alleged Trade Secrets Known or Readily Ascertainable)

Plaintiff's trade secret misappropriation claims are barred, in whole or in part, because

Plaintiff's alleged trade secrets are known or readily ascertainable by the relevant industry and/or persons who could obtain economic value, if any, from their information.

### Tenth Affirmative Defense

### (No Damages)

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any damages or injury.

### Eleventh Affirmative Defense

### (Damages Speculative)

Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages and injury, if any, are purely speculative and impossible to prove or allocate with reasonable certainty.

### Twelfth Affirmative Defense

### (Fault Attributable to Others)

Plaintiff's claims are barred, in whole or in part, because to the extent Plaintiff suffered an injury or incurred any damages as alleged in the Complaint, which Tekion denies, such injury or damages were caused and brought about by the acts, conduct, or omissions of individuals or entities other than Tekion. As such, any recovery should be precluded or diminished in proportion to the amount of fault attributable to such other individuals or entities.

### Thirteenth Affirmative Defense

### (Failure to Mitigate)

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to mitigate its alleged damages. Alternatively, any damages sustained by Plaintiff, which Tekion denies, must be reduced by the amount that such damages would have been reduced had Plaintiff exercised reasonable diligence in mitigating its damages.

### Fourteenth Affirmative Defense

### (Unjust Enrichment)

Plaintiff's claims are barred, in whole or in part, because if Plaintiff recovers any damages or other relief from Tekion, it would be unjustly enriched.

## Fifteenth Affirmative Defense

### (Laches)

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, as Plaintiff waited an unreasonably long time to file this lawsuit, and Defendants' ability to defend the lawsuit has been prejudiced as a result.

## Sixteenth Affirmative Defense

### (Acquiescence)

Plaintiff's claims are barred, in whole or in part, because Plaintiff acquiesced to some or all of the actions alleged in the Complaint.

## Seventeenth Affirmative Defense

### (Injunctive Relief)

Plaintiff's claims for injunctive relief are barred, in whole or in part, because Plaintiff has failed to state facts sufficient to provide a legal or factual basis to award injunctive relief, and Plaintiff has adequate remedies at law.

## Eighteenth Affirmative Defense

### (No Punitive Damages)

Plaintiff's claims for punitive damages are barred, in whole or in part, because Plaintiff cannot make the legal showing required to recover punitive damages.

## Nineteenth Affirmative Defense

### (Attorneys' Fees Improper)

Plaintiff's claims for attorneys' fees are barred, in whole or in part, because Plaintiff fails to state a cause of action or set forth facts sufficient to support a claim for attorneys' fees.

## Twentieth Affirmative Defense

### (Privilege of Competition)

Plaintiff's claims are barred, in whole or in part, because the privilege of competition and other privileges available under state law bar Plaintiff from pursuing its claims for relief.

**Twenty-First Affirmative Defense**

**(Public Policy)**

Plaintiff's claims are barred, in whole or in part, because its acts are in violation of public policy.

**RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES**

Tekion does not presently know all facts concerning the conduct and claims of Plaintiff, and thus lack a sufficient basis to form a belief as to whether it may have additional, as yet unstated, defenses. Tekion accordingly reserves the right to assert additional defenses in the event that discovery or investigation reveals that they would be appropriate.

Dated:   April 9, 2025                    FENWICK & WEST LLP

                                          By:  /s/ Tyler G. Newby

                                          Tyler G. Newby (CSB No. 205790)
                                          tnewby@fenwick.com
                                          Armen N. Nercessian (CSB No. 284906)
                                          anercessian@fenwick.com
                                          FENWICK & WEST LLP
                                          555 California Street, 12th Floor
                                          San Francisco, CA 94104
                                          Telephone:  415.875.2300
                                          Facsimile:  415.281.1350


                                          Erica R. Sutter (CSB No. 309182)
                                          esutter@fenwick.com
                                          Adam Gahtan (admitted *pro hac vice*)
                                          agahtan@fenwick.com
                                          Cortnay-Beth Cymrot (admitted *pro hac vice*)
                                          ccymrot@fenwick.com
                                          FENWICK & WEST LLP
                                          902 Broadway, Floor 18
                                          New York, NY  10010-6035
                                          Telephone:  212.430.2600

                                          Attorneys for Defendant TEKION CORP.

FENWICK & WEST LLP
ATTORNEYS AT LAW