1  TYLER G. NEWBY (CSB No. 205790)
   tnewby@fenwick.com
2  ARMEN N. NERCESSIAN (CSB No. 284906)
   anercessian@fenwick.com
3  FENWICK & WEST LLP
   555 California Street, 12th Floor
4  San Francisco, CA  94104
   Telephone:    415.875.2300
5  Facsimile:    415.281.1350

6  ERICA R. SUTTER (CSB No. 309182)
   esutter@fenwick.com
7  ADAM GAHTAN (Admitted *PHV*)
   agahtan@fenwick.com
8  CORTNAY-BETH CYMROT (Admitted *PHV*)
   ccymrot@fenwick.com
9  FENWICK & WEST LLP
   902 Broadway, Floor 18
10 New York, NY  10010-6035
   Telephone:    212.430.2600

11

12 Attorneys for TEKION CORP.

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15               SAN FRANCISCO DIVISION

16 TEKION CORP.,                           Case No.: 3:24-cv-08879-JSC

17              Plaintiff,

18      v.

19 CDK GLOBAL, LLC,

20              Defendant.

21 CDK GLOBAL, LLC,                        Case No.: 3:25-cv-1394-JSC

22              Plaintiff,                 **[PROADED] STIPULATED
                                           PROTECTIVE ORDER**
23      v.
                                           Judge: Honorable Jacqueline Scott Corley
24 TEKION CORP.,

25              Defendant.

26

27

28

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. **DEFINITIONS**

2.1     Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     CONFIDENTIAL Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.5     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     HIGHLY CONFIDENTIAL – SOURCE CODE"  Information or Items: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9     House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11     Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12     Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13     Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14     Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.    DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each Party or Non-Party that designates information or items for protection under this Order must take care

1  to limit any such designation to specific material that qualifies under the appropriate standards.

2  To the extent it is practical to do so, the Designating Party must designate for protection only those

3  parts of material, documents, items, or oral or written communications that qualify – so that other

4  portions of the material, documents, items, or communications for which protection is not

5  warranted are not swept unjustifiably within the ambit of this Order.

6      Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

7  shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

8  unnecessarily encumber or retard the case development process or to impose unnecessary expenses

9  and burdens on other parties) expose the Designating Party to sanctions.

10     If it comes to a Designating Party's attention that information or items that it designated

11 for protection do not qualify for protection, that Designating Party must promptly notify all other

12 parties that it is withdrawing the mistaken designation.

13     5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order

14 (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered,

15 Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

16 designated before the material is disclosed or produced.

17     Designation in conformity with this Order requires:

18         (a)  <u>for information in documentary form</u> (e.g., paper or electronic documents, but

19 excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party

20 affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

21 ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected

22 material.  If only a portion or portions of the material on a page qualifies for protection, the

23 Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

24 markings in the margins) and must specify, for each portion, the level of protection being asserted.

25 Where electronic files and documents are produced in native electronic format, such electronic

26 files and documents shall be designated for protection under this Order by appending the word

27 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the file

28 names.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify all protected testimony and specify the level of protection being asserted.  A Designating Party has a right to have up to 21 days after receipt of a final deposition transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at the deposition, or up to 21 days after the deposition, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. Any challenge must be made in good faith.

6.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

1    The burden of persuasion in any such challenge proceeding shall be on the Designating

2    Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

3    unnecessary expenses and burdens on other parties) may expose the Challenging Party to

4    sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to

5    file a motion to retain confidentiality as described above, all parties shall continue to afford the

6    material in question the level of protection to which it is entitled under the Producing Party's

7    designation until the court rules on the challenge.

8    **7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>**

9    7.1    <u>Basic Principles</u>.  The Court has granted the Parties' administrative motion relating

10   *Tekion Corp. v. CDK Global, LLC* (3:24-cv-08879-JSC) to *CDK Global, LLC v. Tekion Corp.*

11   (3:25-cv-1394-JSC).  Accordingly, the Parties agree that to the extent discovery in cases that have

12   been consolidated by the Court involve different documents or materials, documents produced in

13   one related case may be used in the other related case or cases and vice versa.  For the avoidance

14   of doubt, this discovery sharing provision includes written responses to written discovery requests,

15   including Interrogatories and Requests for Admission.  A Receiving Party may use Protected

16   Material that is disclosed or produced by another Party or by a Non-Party in connection with this

17   case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material

18   may be disclosed only to the categories of persons and under the conditions described in this Order.

19   When the litigation in either *Tekion Corp. v. CDK Global, LLC* (3:24-cv-08879-JSC) or *CDK*

20   *Global, LLC v. Tekion Corp.* (3:25-cv-1394-JSC) has been terminated, a Receiving Party must

21   comply with the provisions of Section 14 below (FINAL DISPOSITION).

22   To the extent this section is in conflict with any other section of this Order that could be

23   interpreted as limiting the use and disclosure of documents, responses to interrogatories, and

24   responses to requests for admission to this litigation only, those sections should be interpreted as

25   allowing the Parties to use and disclose documents, responses to interrogatories, and responses to

26   requests for admission in accordance with this section.

27   Protected Material must be stored and maintained by a Receiving Party at a location and in

28   a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees and agents of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Receiving Party himself or herself (if a natural person) to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the court and its personnel;

(f) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.     Unless otherwise

ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees and agents of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.4, below, have been followed;

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(g) the author or recipient of a document containing the information, an employee of the Producing Party, or a custodian or other person who otherwise possessed or knew the information.

7.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that

has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to Section 7.3(c) first must make a written request to the Designating Party that (1) seeks permission to disclose "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

11

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

**8.    SOURCE CODE**

(a)    To the extent production of source code becomes necessary in this case, a Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary or trade secret source code.

(b)    Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Paragraphs 7.3 and 7.4.

(c)    Any source code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched during normal business hours or other mutually agreeable times at a location that is reasonably convenient for the Receiving Party and any experts to whom the source code may be disclosed.[1] The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.  The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(d)    The Receiving Party may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance.  The Producing Party shall provide all such source code in paper form including bates

numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Producing Party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution.

(e)      The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

(f) The Receiving Party must provide notice to the Producing Party before including "HIGHLY CONFIDENTIAL – SOURCE CODE" information in a court filing, pleading, or expert report.

**9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to

1  this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order;

2  and

3          (c) cooperate with respect to all reasonable procedures sought to be pursued by the

4  Designating Party whose Protected Material may be affected.

5          If the Designating Party timely seeks a protective order, the Party served with the subpoena

6  or court order shall not produce any information designated in this action as "CONFIDENTIAL"

7  or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

8  CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the

9  subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The

10  Designating Party shall bear the burden and expense of seeking protection in that court of its

11  confidential material – and nothing in these provisions should be construed as authorizing or

12  encouraging a Receiving Party in this action to disobey a lawful directive from another court.

13  **10.**     **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN**

14          **THIS LITIGATION**

15          (a) The terms of this Order are applicable to information produced by a Non-Party in

16  this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

17  ATTORNEYS' EYES ONLY".  Such information produced by Non-Parties in connection with

18  this litigation is protected by the remedies and relief provided by this Order.  Nothing in these

19  provisions should be construed as prohibiting a Non-Party from seeking additional protections.

20          (b) In the event that a Party is required, by a valid discovery request, to produce a Non-

21  Party's confidential information in its possession, and the Party is subject to an agreement with the

22  Non-Party not to produce the Non-Party's confidential information, then the Party shall:

23          (1) promptly notify in writing the Requesting Party and the Non-Party that some or

24  all of the information requested is subject to a confidentiality agreement with a Non-Party;

25          (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order

26  in this litigation, the relevant discovery request(s), and a reasonably specific description of the

27  information requested; and

28          (3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Section 15. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 13.    MISCELLANEOUS

13.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

13.2     <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3     <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information, including the Protected Material, in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

**14.     FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party, in its discretion, must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**15.    CLAWBACK & RULE 502(D) ORDER**

(a) <u>Non-Waiver</u>.    Pursuant to Federal Rule of Evidence 502(d), the production of any material or information shall not be deemed to waive the attorney-client privilege, the work-product doctrine, the common interest or joint defense privilege, or any other applicable privilege or immunity in the Litigation or in any other federal or state proceeding.    Nothing in this Section 15 is intended to or shall serve to limit a Party's right to conduct a review of any material or information for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.    The Parties stipulate that this Order operates as a Rule 502(d) Order, which shall be interpreted to provide the maximum protection allowed by Rule 502(d).

(b) <u>Assertion of a Clawback</u>.    Any Party or non-Party may request the return of any produced material or information on the grounds of the attorney-client privilege, the work-product doctrine, the common interest or joint defense privilege, or any other applicable privilege or immunity by identifying it, stating the basis for withholding such material or information from production, and providing any other information that would be listed on a supplemental privilege log.

(c) <u>Document Used in Proceedings</u>:    Notwithstanding the foregoing, the Parties agree that any document used by any Party in a deposition, expert report, or court filing in this action (with the exception of a motion to determine the existence of any privilege) shall not be subject to the procedures described in subsections (a) and (b) of this Section if the producing Party does not claw back that document pursuant to this Protective Order within 14 calendar days of its use.    For a document used by a Party in a deposition, expert report, or court filing in this action that is clawed back after 14 calendar days of its use, Rule 502 shall govern the Producing Party's request to claw back the document.

(d) <u>Clawback Process</u>:    Federal Rule of Civil Procedure 26(b)(5)(B) shall govern the

clawback of produced documents or information on the grounds of privilege or work product protection. If a Party or non-Party requests the return of produced material or information then in the custody of one or more Parties, the possessing Parties shall within 7 business days:

1.    Destroy or return to the requesting Party or non-Party the produced material or information and all copies thereof, and expunge from any other document or material information derived solely from the produced material or information; or

2.    Notify the producing Party or non-Party that it wishes to challenge the claim of privilege or work product protection and has sequestered the material until the issue can be resolved. The Parties agree to meet and confer regarding the claim of the attorney-client privilege, the work-product doctrine, the common interest or joint defense privilege, or any other applicable privilege or immunity. If, at the conclusion of the meet and confer process, the Parties are not in agreement, they may bring the issue to the Court. A Party challenging a clawback request under this Section 14 may use the content of the clawed-back document for the sole purpose of challenging the claim of the attorney-client privilege, the work-product doctrine, the common interest or joint defense privilege, or any other applicable privilege or immunity. If filing a motion with the Court, the Party challenging the clawback request must file the clawed-back document under seal, consistent with Local Rule 79-5.

(e) Implementation of a Clawback:  Where a Party agrees to or is ordered to destroy a clawed back document, the Party must instruct their e-discovery vendor to delete the document entirely from their e-discovery database and delete or return other copies of the clawed back document.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED:  April 16, 2025                    FENWICK & WEST LLP

By: /s/ Tyler G. Newby
     Tyler G. Newby (CSB No. 205790)
     Armen N. Nercessian (CSB No. 284906)
     FENWICK & WEST LLP
     555 California Street, 12th Floor
     San Francisco, CA  94104
     Telephone: 415.875.2300

1   tnewby@fenwick.com
    anercessian@fenwick.com

2   Erica R. Sutter (CSB No. 309182)
    Adam Gahtan (Admitted *PHV*)
3   Cortnay-Beth Cymrot (Admitted *PHV*)
    FENWICK & WEST LLP
4   902 Broadway, Floor 18
    New York, NY  10010
5   Telephone:  212.430.2600
    esutter@fenwick.com
6   agahtan@fenwick.com
    ccymrot@fenwick.com
7
    Attorneys for TEKION CORP.
8

9   Dated:  April 16, 2025          SUSMAN GODREY L.L.P.

10
                                    By: */s/ Vineet Bhatia*
11
                                    Vineet Bhatia (Admitted *PHV*)
12                                  Shawn Raymond (Admitted *PHV*)
                                    Robert Safi (Admitted *PHV*)
13                                  Katherine Rose James (Admitted *PHV*)
                                    SUSMAN GODFREY L.L.P.
14                                  1000 Louisiana Street, Suite 5100
                                    Houston, TX 77002
15                                  Telephone:  713.651.9366
                                    Facsimile:   713.654.6666
16                                  vbhatia@susmangodfrey.com
                                    sraymond@susmangodfrey.com
17                                  rsafi@susmangodfrey.com
                                    rjames@susmangodfrey.com
18
                                    Jesse-Justin Cuevas (SBN 307611)
19                                  Madeline Yzurdiaga (SBN 344676)
                                    SUSMAN GODFREY L.L.P.
20                                  1900 Avenue of the Stars, Suite 1400
                                    Los Angeles, CA 90067
21                                  Telephone:  310.789.3100
                                    Facsimile:   310.789.3150
22                                  jcuevas@susmangodfrey.com
                                    myzurdiaga@susmangodfrey.com
23
                                    Amy B. Gregory (Admitted *PHV*)
24                                  SUSMAN GODFREY L.L.P.
                                    One Manhattan West, 50th Floor
25                                  New York, NY 10001
                                    Telephone:  212.336.8330
26                                  Facsimile:  212.336.8340
                                    agregory@susmangodfrey.com
27

28
    [PROPOSED] STIPULATED PROTECTIVE          19          Case No.: 3:24-cv-08879-JSC
    ORDER                                                 Case No.: 3:25-cv-01394-JSC

Rachel L. Schaller (Admitted *PHV*)
BLANK ROME LLP
444 West Lake Street, Suite 1650
Chicago, Illinois 60606
Telephone: 312.776.2600
Facsimile: 312.776.2601
rachel.schaller@blankrome.com

Attorneys for CDK GLOBAL, LLC

Dated:    April 16, 2025                    WINSTON & STRAWN L.L.P.

By: ___*/s/ Joshua Hafenbrack*_____

Joshua Hafenbrack (Admitted *PHV*)
1901 L Street NW
Washington, DC 20036-3506
Telephone: (202) 282-5017
Fax: (202) 282-5100
jhafenbrack@winston.com

Jeanifer E. Parsigian (SBN: 289001)
101 California Street, 35th Floor
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400
jparsigian@winston.com

Attorneys for INDESIGN DATA, LLC

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED:                              By: _____
                                         The Honorable Jacqueline Scott Corley
                                         United States District Judge

**Local Rule 5(i)(3) Attestation**

I attest that each of the other signatories of this document have concurred in the filing of the document.

Dated:    April 16, 2025                    FENWICK & WEST LLP

By: ___*/s/ Tyler G. Newby*_____
        Tyler G. Newby

[PROPOSED] STIPULATED PROTECTIVE ORDER                    20                    Case No.: 3:24-cv-08879-JSC
                                                                                Case No.: 3:25-cv-01394-JSC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print   or   type   full   name],   of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that was issued by

the United States District Court for the Northern District of California on [date] in the case of

***Tekion Corp. v. CDK Global, LLC,*** **3:24-cv-08879-JSC** or ***CDK Global, LLC v. Tekion Corp.,***

**3:25-cv-1394-JSC**. I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I   hereby   appoint   _____ [print   or   type   full   name]   of

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

1 | TYLER G. NEWBY (CSB No. 205790)
tnewby@fenwick.com
2 | ARMEN N. NERCESSIAN (CSB No. 284906)
anercessian@fenwick.com
3 | FENWICK & WEST LLP
555 California Street, 12th Floor
4 | San Francisco, CA  94104
Telephone:     415.875.2300
5 | Facsimile:     415.281.1350

6 | ERICA R. SUTTER (CSB No. 309182)
esutter@fenwick.com
7 | ADAM GAHTAN (admitted *pro hac vice*)
agahtan@fenwick.com
8 | CORTNAY-BETH CYMROT (admitted *pro hac vice*)
ccymrot@fenwick.com
9 | FENWICK & WEST LLP
902 Broadway, Floor 18
10 | New York, NY  10010-6035
Telephone:     212.430.2600
11 | Attorneys for TEKION CORP.

FENWICK & WEST LLP<br>ATTORNEYS AT LAW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TEKION CORP., | Case No.: 3:24-cv-08879-JSC |
|     Plaintiff, | |
|     v. | |
| CDK GLOBAL, LLC, | |
|     Defendant. | |
| CDK GLOBAL, LLC, | Case No.: 3:25-cv-01394-JSC |
|     Plaintiff, | **DECLARATION OF ARMEN NERCESSIAN IN SUPPORT OF [PROPOSED] STIPULATED PROTECTIVE ORDER** |
|     v. | |
| TEKION CORP. and INDESIGN DATA, LLC, | Judge: Honorable Jacqueline Scott Corley |
|     Defendants. | |