UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ) | Case Number: 25-cv-1394-JSC |
| ) | |
| ) | **JOINT CASE MANAGEMENT** |
| CDK GLOBAL, LLC, a Delaware limited ) | **STATEMENT & [PROPOSED] ORDER** |
| liability company, ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | |
| ) | |
| TEKION CORP, a Delaware corporation and ) | |
| INDESIGN DATA, LLC, a Florida limited ) | |
| liability company ) | |
| Defendant. ) | |

_____

## JOINT CASE MANAGEMENT STATEMENT

Pursuant to Federal Rules of Civil Procedure 16 and 26(f), Civil Local Rules 16-9 and 16-10, the Standing Order for All Judges of the Northern District of California, and Your Honor's Civil Standing Order and Order dated March 28, 2025, Plaintiff CDK Global, LLC ("CDK" or "Plaintiff") and Defendants Tekion Corp. and InDesign Data, LLC ("Tekion" and "InDesign" or "Defendants"), the "Parties" to the above-entitled action, have met and conferred and hereby submit this joint Case Management Statement.

**1.      Jurisdiction and Service**

The Court has subject matter jurisdiction over the above-entitled action pursuant to 28 U.S.C. § 1331, as this action arises under several federal statutes, and 28 U.S.C. § 1400, as this action arises under the Digital Millenium Copyright Act, which is an Act of Congress relating to copyright. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, as the state law claims are so related to CDK's federal law claims that they form part of the same case or controversy.

Service has been completed. Defendants Tekion and InDesign have answered and neither disputes this Court has personal jurisdiction or that venue is proper.

**2.     Facts**

Plaintiff's Statement: This case is about hacking and unauthorized computer access. Defendants Tekion and InDesign are engaged in a sophisticated, coordinated, and illicit campaign to penetrate Plaintiff CDK Global, LLC's ("CDK") Dealer Management System ("DMS"), which is a suite of powerful software tools that equip dealers with the solutions they need in one fully integrated platform. Tekion is a relatively new entrant to the automotive software industry that claims to offer superior solutions to CDK's DMS.

CDK recently discovered that Tekion has been converting new dealer–customers by inducing them to breach their contracts with CDK by helping Tekion circumvent CDK's robust set of DMS access controls and secretly enter the DMS, thereby gaining access to CDK's intellectual property, sensitive consumer information, and confidential third-party data that resides on the DMS. Tekion then attempts to indiscriminately scrape and exfiltrate data from the DMS so that dealers can walk away from their contracts with CDK without honoring their payment obligations. Tekion has enlisted InDesign as a co-conspirator in this surreptitious cybersecurity hacking campaign.

CDK confronted Tekion with this discovery in December 2024. Rather than deny its illegal conduct, Tekion filed a meritless action now pending in this Court as Case No. 3:24-cv08879, *Tekion Corp. v. CDK Global, LLC*, citing the need for fair and lawful competition in the automotive retail software space. CDK therefore brings this action to remediate and eradicate Defendants' unlawful methods of competing with CDK, to protect CDK's proprietary information, and to ensure the security and integrity of the DMS upon which thousands of CDK users and millions of consumers depend.

Defendant Tekion's Statement: This case is not about hacking but about CDK's efforts to maintain its monopoly in the franchise DMS market by misapplying criminal hacking and

intellectual property laws to prevent its customers from migrating their data from CDK's DMS to a competitors' DMS. A DMS is critical to dealerships' business operations. Dealerships use a DMS to store and process their own data, which consists of a complete set of information about the dealer's past transactions and current affairs. The DMS provider integrates the dealerships' data and other third-party data into the DMS for the dealer's benefit. The provider is the data's steward, but the dealer owns and must have ready access to it (in some states, by statute).

Industry incumbent CDK is a monopolist in the franchise DMS market. Tekion is a new entrant to the franchise DMS market. Tekion was founded in 2016. It released an early version of its DMS in 2019 and launched its fully cloud-native DMS in 2020. To switch from CDK's DMS to Tekion or to evaluate Tekion's DMS before switching, dealerships need to migrate their business data from CDK to Tekion. Because the switch from one DMS to a new DMS must happen effectively instantly, dealerships must obtain a copy of their data from their existing DMS sufficiently in advance of the switch for the new provider to validate the data in its system and ensure its interoperability with other systems and entities (e.g., car makers). Data migration and validation to Tekion typically takes at 90 days.

Tekion's DMS is lower cost and technologically superior to CDK's DMS, and dealerships have shown interest in switching to Tekion. As Tekion began posing more of a competitive threat to CDK in 2024, CDK's interference with dealerships' requests to timely migrate their data to Tekion increased. Because CDK cannot compete on quality, it has engaged in a pattern of anticompetitive conduct that delays or prevents dealers from migrating their data to evaluate and switch to Tekion's DMS. Since 2019, Tekion has provided technical assistance to dealerships that have desired to switch to Tekion's DMS to export their data from CDK's DMS and who have not been able to gain timely access to their data from CDK. This assistance has consisted of working with the dealership to use the dealership's network infrastructure and CDK account credentials to run automated reports to export their data from CDK's DMS. This process does not access or use any information that is not otherwise available to the dealership and does not use any undefined

CDK trade secrets or other proprietary information. Nor does Tekion interfere with CDK's contracts customer contracts or help those customers evade payment obligations. CDK keeps its contracts confidential and does not share them with Tekion. Tekion has also informed dealerships that InDesign is capable of assisting dealerships with exporting their data from CDK's DMS. InDesign does not contract with Tekion, and dealerships that choose to work with InDesign contract directly with InDesign to export their data.

Tekion filed the related Case No. 3:24-cv08879, *Tekion Corp. v. CDK Global, LLC*, to put a stop to CDK's unlawful restrictions on dealerships' migration of their data out of CDK's DMS, which has harmed competition in the franchise DMS market. In that case, Tekion also seeks a declaration that its assistance to dealerships using the dealerships' networks and credentials to export their own data from CDK's DMS does not violate criminal hacking and intellectual property laws. CDK brought this lawsuit in retaliation.

Defendant InDesign's Statement: InDesign is one of the last remaining "independent data integrators" in the automotive market. InDesign has operated since 2013 and offers innovative, low-cost data integration services that help dealerships control, access, and use the data they generate in their day-to-day operations and store on their DMS database. CDK's complaint is the latest salvo in a long campaign to drive out competition from independent integrators so that CDK can monopolize the data integration market for itself.

Contrary to CDK's claims, InDesign lawfully accesses dealer data with the express authorization of dealers. Indeed, CDK has long known about InDesign's dealer-authorized access methods—access methods that CDK itself supported for many years and employed in its own business—and never raised any objection until filing its lawsuit against Tekion and adding InDesign as a co-defendant. It is CDK that is violating the law by exploiting its market power to impose contractual restraints that purport to prevent dealers and vendors from using lower-cost rival data integrators such InDesign.

Under its longstanding, dealer-centric business model, InDesign does not access or extract

any of CDK's proprietary information or trade secrets. Nor does InDesign "circumvent" any DMS access controls; rather, InDesign accesses dealer data on the DMS with valid credentials created and provided by the dealer.

**3.    Legal Issues**

The parties anticipate that the principal legal issues in dispute will include but are not limited to the following:

- Whether Tekion's and InDesign's activities constitute unauthorized access of CDK's computer systems in violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et seq. and the California Comprehensive Computer Data Access and Fraud Act, Cal. Pen. Code § 502.

- Whether Tekion's and InDesign's access of CDK's DMS constitutes circumvention of technological access controls to copyrighted works in violation of the Digital Millenium Copyright Act ("DMCA"), 17 U.S.C. § 1201 et seq.

- Whether the defense of copyright misuse applies to CDK's DMCA circumvention claim, and if so, whether that defense bars CDK's DMCA claim.

- Whether Tekion and InDesign have accessed, without authorization, communications on CDK's DMS in violation of the Stored Communications Act, 18 U.S.C. § 2701 et seq.

- Whether CDK's alleged trade secrets are entitled to trade secret protection, and if so, whether Tekion and InDesign have misappropriated CDK's trade secrets in violation of the Defend Trade Secrets Act, 18 U.S.C § 1836 et seq. and the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426 et seq.

- Whether Tekion and InDesign have tortiously interfered with contracts entered by CDK and its Dealership customers in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq.

- Whether CDK's claims are barred because CDK is seeking to enforce contractual restrictions that allow it to maintain an illegal monopoly over data integration services;

- Whether the doctrines of laches, waiver, unclean hands, and other equitable defenses bar CDK's proposed injunctive relief.

**4.    Motions**

The following motions are pending before the Court and are set for hearing on June 26, 2025:

- CDK's Motion for Preliminary Injunction (ECF 45)
- InDesign's Motion to Dismiss (ECF 46)
- CDK's Administrative Motion to Seal Portions of its Motion for Preliminary Injunction (ECF 44)
- Tekion's Administrative Motion to Seal Portions of Tekion's Opposition to CDK's Motion for Preliminary Injunction (ECF 64)
- CDK's Administrative Motion to Seal Portions of Tekion's and InDesign's Oppositions to CDK's Motion for Preliminary Injunction (ECF 67)
- CDK's Administrative Motion to Seal Portions of CDK's Reply in Support of CDK's Motion for Preliminary Injunction (ECF 72)
- Tekion's Administrative Motion to Seal Portions CDK's Reply in Support of CDK's Motion for Preliminary Injunction (ECF 80)

**5.    Amendment of Pleadings**

CDK only plans to amend its original Complaint if the Court determines any of its claims are not sufficiently pled to survive InDesign's Motion to Dismiss.

Tekion filed its answer on April 9, 2025 (ECF 54). In *Tekion Corp. v. CDK Global, LLC*, No. 24-cv-08879-JSC (N.D. Cal.)—which is related to this case under L.R. 3-12 (the "Related Case")—CDK has moved to dismiss certain state law claims asserted by Tekion on jurisdictional grounds. If the Court dismisses any of Tekion's state law claims on jurisdictional grounds, Tekion intends to seek leave to amend its answer to assert counterclaims against CDK.

6.    **Evidence Preservation**

The parties have agreed to preserve all evidence that may be relevant to these actions. The parties have also familiarized themselves with the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), as well as the Northern District of California's Checklist for ESI Meet and Confer.

7.    **Disclosures**

The parties have agreed to serve the information required by Fed. R. Civ. P. 26(a)(1) by June 20, 2025.

8.    **Discovery**

a.    **Status of Discovery.** To date, there has been limited discovery (depositions conducted by all parties and limited document productions by Defendants) specifically related to CDK's pending Motion for Preliminary Injunction.

b.    **Scope of Anticipated Discovery**

Plaintiff's Statement: At this time, CDK intends to seek discovery from Tekion and InDesign regarding the following subjects, which constitute a preliminary list that is subject to revision:

- Tekion and InDesign's business dealings and communications;
- Tekion and InDesign's business dealings and communications with CDK's Dealership customers;
- Tekion's method(s) of accessing CDK's DMS;
- InDesign's method(s) of accessing CDK's DMS;
- Defendants' contracts with franchise DMS customers;
- Nature and type of data extracted from CDK's DMS; and
- Profits other benefits that Defendants obtained from their violative conduct.

Defendant Tekion's Statement: At this time, Tekion intends to seek discovery from CDK regarding the following subjects, which constitute a preliminary list that is subject to revision:

- CDK's contracts with its franchise dealer customers;
- CDK's policies and practices relating to franchise dealerships' ability to access and export their data from CDK's DMS;
- CDK's policies and practices relating to franchise dealerships' ability to work with third parties to access and export their data from CDK's DMS;
- CDK's knowledge of Tekion's use of dealerships' CDK DMS credentials to assist dealerships' efforts to export their data to remove their data from CDK's DMS;
- CDK's communications with dealership customers about Tekion's use of dealerships' CDK DMS credentials to assist dealerships' efforts to export their data;
- CDK's alleged copyrighted works in its DMS that it contends Defendants accessed;
- CDK's alleged trade secrets in its DMS that it contends Defendants misappropriated;
- Contents of stored communications CDK alleges Defendants accessed without authorization
- The measures CDK took to maintain the secrecy of the trade secrets in its DMS that it contends Defendants misappropriated;
- CDK's actions and inaction to transfer dealerships data when dealers seek to switch DMS providers;
- CDK's control of the franchise DMS market;
- CDK's efforts to further control the franchise DMS market, interfere with competitors, and inhibit franchise dealer customers from changing DMS providers;
- CDK's awareness of Tekion's contracts and efforts to interfere with them;
- CDK's awareness of Tekion's potential customers and efforts to interfere with those relationships;
- Supporting materials for any harm alleged by CDK as a result of Tekion's alleged actions.

<u>Defendants' InDesign's Statement(s)</u>: At this time, InDesign intends to seek discovery from CDK regarding the following subjects, which constitute a preliminary list that is subject to revision:

- The topics identified by Tekion;
- CDK's control and monopolization of the data integration market;
- CDK's efforts to prevent competition by independent data integrators, including InDesign, and the ability of dealers to control access to their data;
- CDK's former longstanding support of the dealers' right to control access to their own data, including CDK's independent data integration business through its DMI business unit;
- CDK's knowledge of and acquiesce in InDesign's dealer-authorized access methods for many years prior to bringing suit;
- The nature and type of data that CDK considers proprietary;
- Any alleged security breaches of the CDK DMS;
- Any evidence supporting CDK's allegations of performance issues caused by InDesign accessing CDK's DMS;
- CDK's contracts with vendors that purchase data integration services from CDK;
- Supporting materials for any harm alleged by CDK as a result of InDesign's alleged actions.

**c. Protective Order.**

The parties have conferred, and this Court has entered the Parties' Agreed Protective Order.

**d. Proposed Limitations or Modifications to the Discovery Rules.**

<u>Depositions</u>. The parties are not yet in a position to estimate the number of depositions that they will need to take. The parties agree that the depositions conducted in connection with CDK's Motion for Preliminary Injunction do not count toward the number of depositions or the time

restriction per witness under Federal Rule of Civil Procedure 30. Given the breadth of issues in this case and the number of third parties involved, the parties agree that each side shall be permitted to take a total of 20 fact witness depositions, including party and non-party depositions, in this case. The parties agree that Defendants Tekion and InDesign may each separately notice a deposition of CDK Global, LLC under Federal Rule of Civil Procedure 30(b)(6). The parties acknowledge that some testimony taken in this case will likely be relevant to issues in the Related Case, and the parties will endeavor to avoid re-examining the same witness in both cases (including by further agreement or stipulation as needed).

Document Subpoenas to Non-Parties. The parties agree as follows with respect to non-parties producing materials in response to Fed. R. Civ. P. 45 document subpoenas in this action. The issuing party shall request that non-parties simultaneously produce materials to both Plaintiff and Defendants. If, notwithstanding such request, the non-party does not produce the materials to all parties, the issuing party shall provide a copy of all materials to the other parties within three business days after receipt of the materials from the non-party, subject to any limitations in the Protective Order. If a party modifies or extends the time to respond to a Fed. R. Civ. P. 45 document subpoena (whether orally or in writing), it shall simultaneously notify the other parties of that that extension, modification, or explanation, including providing copies of any written agreements regarding modification or extension.

Authenticity Presumptions. Documents produced by non-parties from the non-parties' files shall be presumed to be authentic within the meaning of Fed. R. Evid. 901. Documents produced by CDK, Tekion, or InDesign in response to document requests in this action shall be presumed to be authentic within the meaning of Fed. R. Evid. 901. If a party serves a specific good faith written objection to the authenticity of a document that it did not produce from its files, the presumption of authenticity will no longer apply to that document. Any objection to a document's authenticity must be provided with (or prior to) the exchange of objections to trial exhibits. The

parties will promptly meet and confer to attempt to resolve any objections. The Court will resolve any objections that are not resolved through this means or through the discovery process.

Expert Discovery. The parties agree that expert disclosures, including each party's expert reports, shall comply with the requirements of Federal Rule of Civil Procedure 26(a)(2). In accordance with Federal Rule 26, no party must preserve or disclose, including in expert deposition testimony, the following documents or materials: (i) any form of communication or work product shared between any of the parties' in-house or outside litigation counsel and such party's expert(s) or consultant(s), or between any of such party's experts or consultants themselves; (ii) any form of communication or work product shared between an expert and persons assisting the expert; (iii) expert's notes, unless they are expressly relied upon and/or cited in support of an opinion or fact; or (iv) drafts of expert reports, analyses, or other work product. The parties shall disclose the following materials in connection with all expert reports: (a) a list by Bates number of all documents relied upon by the testifying expert(s); (b) copies of any materials relied upon by the expert not previously produced or otherwise generally available; and (c) for any calculations appearing in the report, all data and programs underlying the calculation, including all programs and codes necessary to recreate the calculation from the initial ("raw") data files.

Service. Service of any documents not filed via ECF, including pleadings, discovery requests, subpoenas for testimony or documents, expert disclosure, and delivery of all correspondence, whether under seal or otherwise, shall be by email to a service list or email distribution alias provided by the receiving party; the parties will provide each other with "service lists" to be used to serve documents. In the event the volume of served materials is too large for email and requires electronic data transfer by file transfer protocol or a similar technology, or overnight delivery, the serving party will telephone or email the other side's principal designee when the materials are sent to provide notice that the materials are being served. For purposes of calculating discovery response times under the Federal Rules of Civil Procedure, electronic delivery shall be treated the same as hand delivery.

<u>Privilege Logs.</u> The parties agree to make rolling productions of documents and to exchange privilege logs within 60 days of the production for which privileged documents were identified. The parties have agreed that communications reflecting attorney advice or work-product related to this litigation and occurring on or after the date this lawsuit was filed are not subject to discovery in this case and need not be logged on any privilege log.

<u>Coordination with the Related Case:</u> CDK's position is that it is premature to determine the appropriate level of coordination of discovery between this case and the Related Case, Case No. 3:24-cv-08879, *Tekion Corp. v. CDK Global, LLC*. CDK is open to having the most efficient approach to discovery, including coordinating and cross producing documents in both actions, if appropriate. CDK proposes that the parties meet and confer on this point after the Court issues rulings on the pending motions in both cases.

Tekion's position is that it is appropriate to consolidate this case with the Related Case, which concerns substantially similar parties, property, transactions, or events.

The parties agree that discovery is otherwise governed by the Federal Rules of Civil Procedure. In accordance with the Standing Order of District Judge Jacqueline Scott Corley (revised January 21, 2025), the parties will meet and confer on any discovery disputes that may arise in an effort to resolve them without court intervention.

### e.  Report on Planned Stipulated E-Discovery Order.

The Parties are meeting and conferring about a Stipulated Electronically Stored Information (ESI) [Proposed] Order and will make a joint proposal to the Court to be entered in this action.

### f.  Proposed Discovery Plan per Fed. R. Civ. P. 26(f).

Per Fed. R. Civ. P. 26(f)(3)(A), the Parties agree to make initial disclosures by June 20, 2025. Per Fed. R. Civ. P. 26(f)(3)(B), Parties' respective proposals regarding the timing of discovery is set forth in Section 15 (Proposed Case Schedule) below. Per Fed. R. Civ. P. 26(f)(3)(C) and as noted *supra* Section 8(e), the Parties will discuss a Stipulated Electronically

Stored Information (ESI) [Proposed] Order and will make a joint proposal to the Court to be entered in this action. Per Fed. R. Civ. P. 26(f)(3)(D), the Parties agree that there are no issues about claims of privilege or of protection as trial-preparation materials. Per Fed. R. Civ. P. 26(f)(3)(E) and as noted *supra* Section 8(d), the Parties have agreed to certain changes in the limitations on discovery imposed under the Federal and Local Rules. Per Fed. R. Civ. P. 26(f)(3)(F), the Parties agree that there is no current need for orders to issue under Federal Rule 26(c), 16(b), or 16(c) at this time.

> **g.  Current Discovery Disputes.**

There are no discovery disputes at this time.

## 9.    Class Actions

Not applicable.

## 10.    Related Cases

This case has been administratively related to another pending matter before this Court, Case No. 3:24-cv-08879, *Tekion Corp. v. CDK Global, LLC*.

## 11.    Relief

CDK respectfully requests the following relief:

- Preliminary and permanent injunctive relief against Defendants, enjoining them from engaging in further violative conduct, including the unauthorized access to CDK systems and acquisition of data, proprietary information, trade secrets, or any copyright protectable information;

- Preliminary and permanent injunctive relief against Defendants, requiring Defendants to identify the location of any and all data obtained from CDK, to delete such data, and to identify any and all entities with whom Defendants shared such data;

- Preliminary and permanent injunctive relief restraining Defendants from developing, distributing, using and causing others to use any software of other products or devices designed to scrape data from CDK's DMS system without CDK's authorization;

- While the action is pending, the impounding of any device or product that is in the custody or control of Defendants and that the Court has reasonable cause to believe was involved in a violation;

- As part of a final judgment, the remedial modification or destruction of any device or product that is in the custody or control of Defendants and that the Court has reasonable cause to believe was involved in a violation;

- Upon final trial, judgment against Defendants for the full amount of CDK's damages and losses proximately caused by Defendants as well as the benefits Defendants wrongfully accrued and/or disgorgement of their wrongful profits, or a reasonable royalty for Defendants' unauthorized misappropriation of CDK's trade secrets;

- Punitive damages, pursuant to 18 U.S.C. 2707(c) and otherwise available;

- Pre- and post-judgment interest at the maximum legal rate;

- Reasonable attorneys' fees incurred in prosecuting the claims through trial, and, if necessary, any subsequent appeals to the intermediate court of appeals;

- All costs of suit; and

- Such other and further relief, at law or in equity, to which CDK may be justly entitled.

The scope and calculation of Plaintiff's damages will be established through discovery in this case, including through expert testimony.

## 12.    Settlement and ADR

Pursuant to ADR Local Rule 3-5, the parties have reviewed the ADR Handbook and discussed it with their counsel. The parties have not stipulated to an ADR process under the Court-

sponsored Multi-Option Program. The parties plan to discuss ADR selection with the Court at the case management conference.

**13.    Other References**

The parties do not believe that this case is suitable for reference to binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation.

**14.    Narrowing of Issues**

The parties do not believe that it is possible to narrow the issues at this time.

**15.    Scheduling**

The parties do not believe that this case is appropriate to be handled under the Expedited Trial Procedure of General Order 64. The parties' respective proposals regarding the case schedule are set forth below:

| Scheduled Event | CDK's Proposal | Defendants' Proposal |
|---|---|---|
| Close of Fact Discovery | Ten (10) months after this Court enters an order on InDesign's Motion to Dismiss unless this Court extends the period for good cause shown | April 27, 2026 |
| Opening Expert Reports | Simultaneous exchange of opening expert reports forty-five (45) calendar days after the close of discovery | CDK to serve its expert report(s) on June 11, 2026 |
| Response Expert Reports | Simultaneous exchange of responsive expert reports thirty (30) calendar days after receipt of the parties' opening expert reports | Defendants to serve response expert reports on July 13, 2026 |
| Reply Expert Reports | Simultaneous exchange of reply expert reports thirty (30) calendar days after receipt of the parties' response reports | CDK to serve reply expert reports on August 12, 2026 |
| Close of Expert Discovery | Twenty-one (21) calendar days after the deadline to file reply expert reports | September 2, 2026 |

| | | |
|---|---|---|
| Last Day to File Motions for Summary Judgment and *Daubert* Motions | Thirty (30) calendar days after the close of expert discovery | Please see separate chart below |
| Summary Judgment and *Daubert* Oppositions | Forty-two (42) calendar days after filing of Summary Judgment or *Daubert* Motions | Please see separate chart below |
| Summary Judgment and *Daubert* Replies | Twenty-one (21) calendar days after filing of Summary Judgment or *Daubert* Oppositions | Please see separate chart below |
| Hearing on Dispositive Motions | To be set by the Court. | To be set by the Court. |

Defendants' Proposed Schedule for Summary Judgment and Motions to Exclude Expert Testimony:  As noted in the schedule below, Tekion and InDesign believe *Daubert* motions to exclude expert testimony that are filed in conjunction with summary judgment motions should be specific to expert testimony used in an opposing party's summary judgment motion. Any remaining *Daubert* issues should be raised in motions in limine in advance of trial.

| Scheduled Event | Defendants' Proposal |
|---|---|
| Last day to file motions for summary judgment | October 2, 2026 |
| Last day to file oppositions to summary judgment motions | November 13, 2026 |
| Last day to file motions to exclude expert testimony used in opposing party's summary judgment motion | November 13, 2026 |
| Last day to file summary judgment replies | December 4, 2026 |
| Last day to file oppositions to motions to exclude expert testimony used in summary judgment motion | December 4, 2026 |
| Last day to file replies to motions to exclude expert testimony used in | December 18, 2026 |

| opposing party's summary judgment motion | |
|---|---|
| Hearing on summary judgment motions and motions to exclude | To be set by the Court |

Trial. The parties believe that this case can be ready for trial approximately **three (3) months** from the Court's rulings on all dispositive motions.

**16.     Trial**

All parties request a jury trial on all issues so triable and expect the trial will require at least **10-12 court days**, exclusive of any hearing on CDK's request for a permanent injunction.

**17.     Disclosure of Non-party Interested Entities or Persons**

On February 11, 2025, CDK filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. The following listed persons, associations of persons, firms, partnerships, corporations (including, but not limited to, parent corporations), or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: CDK Global Holdings II, LLC (sole member of Plaintiff CDK Global LLC); CDK Global Holdings, LLC (sole member of CDK Global Holdings II, LLC); CDK Global II LLC (sole member of CDK Global Holdings, LLC); Central Parent LLC (sole member of CDK Global II LLC); Central HoldCo LLC (sole member of Central Parent LLC); Central TopCo Inc. (sole member of Central HoldCo LLC); Brookfield Business Corporation (affiliate of Central TopCo, Inc.); Brookfield Business Partners (affiliate of Central TopCo, Inc.); and Brookfield Asset Management, Inc. (affiliate of Central TopCo, Inc.).

Pursuant to Federal Rule of Civil Procedure 7.1(a), no other publicly owned corporation owns 10% or more of Defendant CDK Global LLC.

On February 20, 2025, Tekion filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15 (Dkt. 24), certifying that there is no interested entity or person, other than the named parties, to report.

On February 27, 2025, InDesign filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. The following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding: SmartDealer Technologies, Inc. Defendant InDesign Data, LLC discloses that its parent corporation is SmartDealer Technologies, Inc. SmartDealer Technologies, Inc. does not have a parent corporation.

Pursuant to Federal Rule of Civil Procedure 7.1(a), no other publicly owned corporation owns 10% or more of Defendant InDesign Data, LLC.

**18.    Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Joint Case Management Statement
Case No. 25-cv-1394-JSC

Dated: June 18, 2025                    By: */s/ Jesse-Justin Cuevas*
                                        _____
                                        SUSMAN GODFREY L.L.P.
                                        VINEET BHATIA (Admitted *Pro Hac Vice*)
                                        SHAWN RAYMOND (Admitted *Pro Hac Vice*)
                                        ROBERT SAFI (Admitted *Pro Hac Vice*)
                                        K. ROSE JAMES (Admitted *Pro Hac Vice*)
                                        SUSMAN GODFREY L.L.P.
                                        1000 Louisiana Street, Suite 5100
                                        Houston, TX 77002
                                        Telephone: (713) 651-9366
                                        Facsimile: (713) 654-6666
                                        vbhatia@susmangodfrey.com
                                        sraymond@susmangodfrey.com
                                        rsafi@susmangodfrey.com
                                        rjames@susmangodfrey.com

                                        JESSE-JUSTIN CUEVAS (SBN 307611)
                                        SUSMAN GODFREY L.L.P.
                                        1900 Avenue of the Stars, Suite 1400
                                        Los Angeles, CA 90067
                                        Telephone: (310) 789-3100
                                        Facsimile: (310) 789-3150
                                        jcuevas@susmangodfrey.com

                                        AMY GREGORY (Admitted *Pro Hac Vice*)
                                        SUSMAN GODFREY L.L.P.
                                        One Manhattan West, 50th Floor New York, New
                                        York 100001 Telephone: (212) 336-8330
                                        Facsimile: (212) 336-8340
                                        agregory@susmangodfrey.com

                                        RACHEL SCHALLER (Admitted *Pro Hac Vice*)
                                        DANIEL SAEEDI (Admitted *Pro Hac Vice*)
                                        BLANK ROME LLP
                                        444 West Lake Street, Suite 1650
                                        Chicago, Illinois 60606
                                        Telephone: (312) 776-2600
                                        Facsimile: (312) 776-2601
                                        rachel.schaller@blankrome.com
                                        daniel.saeedi@blankrome.com

                                        *Attorneys for Plaintiff CDK GLOBAL, LLC*

1

2

Dated: June 18, 2025

3

*/s/ Tyler G. Newby*

Counsel for Defendant Tekion Corp.

4

5

TYLER G. NEWBY (CSB No. 205790)

tnewby@fenwick.com

6

ARMEN N. NERCESSIAN (CSB No. 284906)

anercessian@fenwick.com

7

FENWICK & WEST LLP

555 California Street, 12th Floor

8

San Francisco, CA 94104

Telephone:    415.875.2300

9

Facsimile:    415.281.1350

10

ADAM GAHTAN (admitted pro hac vice)

11

agahtan@fenwick.com

CORTNAY-BETH CYMROT (admitted pro hac

12

vice)

ccymrot@fenwick.com

13

FENWICK & WEST LLP

902 Broadway, Suite 18

14

New York, NY 10010-6035

Telephone:    212.430.2600

15

16

Attorneys for Defendant Tekion Corp.

17

18

19

Dated: June 18, 2025

*/s/ Joshua Hafenbrack*

Counsel for Defendant InDesign Data, LLC

20

21

**WINSTON & STRAWN LLP**

22

Joshua Hafenbrack (*pro hac vice*)

jhafenbrack@winston.com

23

Jade Briana Baker (*pro hac vice*)

jbbaker@winston.com

24

Sydney Hartman (*pro hac vice*)

shartman@winston.com

25

1901 L Street NW

Washington, DC 20036

26

Telephone: (202) 282-5017

Fax: (202) 282-5100

27

28

Page **20** of 22

Jeanifer E. Parsigian (SBN: 289001)
jparsigian@winston.com
101 California Street, 35th Floor
San Francisco, CA 94111
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Bethany Ao (*pro hac vice*)
bao@winston.com
35 West Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
Fax: (312) 558-5700

Attorneys for Defendant InDesign Data, LLC

Joint Case Management Statement
Case No. 25-cv-1394-JSC

1

**<u>CASE MANAGEMENT ORDER</u>**

2      The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is

3  approved as the Case Management Order for this case and all parties shall comply with its

4  provisions. [In addition, the Court makes the further orders stated below:]

5

6

7  IT IS SO ORDERED.

8   Dated:

_____

9                      Jacqueline S. Corley
                       UNITED STATES DISTRICT COURT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28