UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CDK GLOBAL, LLC,<br><br>            Plaintiff,<br><br>    v.<br><br>TEKION CORP., et al.,<br><br>            Defendants. | Case No. 25-cv-01394-JSC<br><br>**ORDER RE ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 61, 64, 67, 72, 80 |

In connection with the parties' briefing on CDK's motion for preliminary injunction, the parties each filed administrative motions to seal portions of the briefing and attached evidence. (Dkt. Nos. 61, 64, 67, 72, & 80.)[1] InDesign does not seek to seal any of its filed information under seal, but both Tekion and CDK seek to seal several portions of their own and other parties' briefings.

The Court begins with "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Because "the preliminary injunction motion here [is] more than tangentially related to the merits of the case," the Court must "consider the documents under the compelling reasons standard." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016). "In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quotation marks omitted). In addition, under Civil Local Rule 79–5, sealing is only permitted where the parties have "establishe[d] that the

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

document or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79–5(b). It requires the parties to "narrowly tailor" their requests only to the sealable material. *Id.* at 79–5(d). Thus, although sometimes it may be appropriate to seal a document in its entirety, whenever possible a party must redact. *See Kamakana*, 447 F.3d at 1183 (noting a preference for redactions so long as they "have the virtue of being limited and clear").

In each of its motions to seal, CDK argues for four categories of information which it claims must be sealed. First, information regarding its network infrastructure and security systems and protocols should be sealed in favor of CDK's "ability to prevent hacking and spamming." *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No. 16-md-02752-LHK, 2018 WL 9651897, at *3 (N.D. Cal. Jan. 3, 2018) (citations omitted). Second, information revealing the technical functionality of its DMS, which may harm CDK's "competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets." *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019). Third, information about its confidential license agreements with third parties which also risks harming its competitive standing. *Id.* And finally, information in certain documents revealing business strategies and confidential negotiations and internal business operations. *See Transperfect Glob., Inc. v. Motionpoint Corp.*, No. 10-cv-02590-CW, 2013 WL 209678, at *1 (N.D. Cal. Jan. 17, 2013) (sealing documents which contained proprietary information about [the party's] business operations and technology."). Tekion, on its part, seeks to seal documents relating to its business operations and technological capabilities, and to confidential agreements.

Below, the Court takes each document in turn. Citations to pages reference the internal page numbering of each exhibit as cited by the parties in their own motions.

| Dkt. No. | Requesting Party | Portion(s) Sought to be Sealed | Ruling |
|---|---|---|---|
| Plaintiff's Motion for Preliminary Injunction | CDK | 2:14; 4:16-21; 5:8-12, 18; 6:8-9, 17, 19-28; 7:1-6, 19-25; 8:4-15, 18-20; 9:9-10; 10:7; 12:21, 22, 23, 28; 13:1, 19, 25, 26; 14:20, 21; 15:24; 16:8-12, 14, 15; 18:6, 27, 28; 19:17, 18, 24-28; 20:2; 21:23, 24; 22:3; 23:1-3; 24:14-15 | **Denied in part.** Portions of the motion for preliminary injunction do not appear to disclose any confidential business information and reiterate discussions CDK and other parties had in open court. *See* Dkt. No. 44-4 at 2:14. Other portions seek to seal language derived from exhibits where the Court rules sealing is not proper. (*See, e.g.*, *id.* at 5:8-12; 7:19-25.) Other places where CDK seeks sealing likewise do not disclose information not already discussed in open court, the public briefings, or the complaint or simply do not indicate proprietary or confidential information. (*Id.* at 8:11-13 (starting with "Tekion uses…" through "structure of the DMS"); 8:15 ("running these queries"). Similarly non-sealable portions are 8:18-10; 10:7; 12:28-13:1; 13:19; 14:20-21; 15:24; 16:8-12, 14, 15; 19:17; 21:23, 24; 22:3; 23:1-3; 24:14-15.<br><br>**Granted in part.** Other than portions of the brief indicated above, CDK has shown the remaining lines disclose confidential agreements and confidential information about how CDK's DMS works and its business practices. |
| LaGreca Declaration | CDK | ¶ 7<br>¶ 9<br>¶ 10<br>¶ 13<br>¶ 15<br>¶ 16<br>¶¶ 18-25<br>¶ 27<br>¶¶ 31-34<br>¶ 36<br>¶ 42<br>¶ 46<br>¶ 49<br>¶¶ 57-61<br>¶ 68<br>¶ 70<br>¶¶ 71-74<br>¶¶ 76-85<br>¶¶ 87-89 | **Denied in part.** Portions of the declaration sought to be sealed merely repeat what is already alleged in the public complaint or was stated in open court, sometimes word for word. *See, e.g.*, ¶¶ 31-34, 60-61, 71. Paragraph 70 contained no highlighting and the exhibits cited in it are not sought to be sealed either.<br><br>**Granted in part.** Portions of the declaration disclose contracts not mentioned or disclosed either in open court or in any of the public briefing. Further, the declaration details the DMS software layout and intricacies of CDK's technology that are not publicly available. This includes information about how the DMS functions and what accounts and locations were allegedly accessed by Tekion.<br><br>So, the Court orders sealed ¶¶ 7:2-4, 9, 10, 13, |

| | | | |
|---|---|---|---|
| | | ¶ 92<br>¶ 94<br>Fn. 1 | 15, 16, 18-25, 42, 46, 49, 58-59, 68, 71-72, 76-85, 87-89, 92, and footnote 1.<br><br>The rest of the exhibit is to remain unredacted. |
| Bales Declaration | CDK | ¶¶ 4-9<br>¶ 15<br>¶ 18<br>¶ 19<br>¶ 29 | **Granted in Part.** Most of the cited paragraphs contain confidential information or names of persons and companies not parties to this action. However, ¶ 30 is highlighted in the attached exhibit although CDK does not appear to seek its sealing. Accordingly, the Court orders sealed the paragraphs referenced in the left column here, except ¶ 30 shall be unredacted. |
| Garcia Declaration | CDK | ¶¶ 2-28 | **Granted.** The declaration includes redactions only insofar as they name parties not in suit with confidential licensing agreements with CDK. Further the redactions include nonpublic information about how Tekion allegedly accesses the CDK DMS. |
| Kiser Declaration | CDK | ¶¶ 2-9 | **Granted.** For the reasons discussed as to the Garcia declaration. |
| Swaminathan Declaration | CDK | ¶¶ 6-69;<br>Tables at 4-5, 7-11;<br>Pp. 7, 9, 28;<br>Fn. 1-3, 7-10;<br>Exs. B-Q | **Granted in Part.** Portions of the declaration seek to seal information disclosed in the complaint or in open court. *See* ¶¶ 7, 23, 25. Footnote 1 does not contain any detail about "activity patterns" that reveals any confidential or proprietary information. All other information is properly sealable.<br><br>So, the Court orders sealed (1) paragraphs 6, 8-22, 24, 26-69; (2) the tables at pages 4-5 and 7-11; (3) pages 7, 9, 28; (4) footnotes 2-3, and 7-10; (5) Exhibits B-Q to the declaration. |
| Stroz Declaration | CDK | p. 2;<br>¶ 12;<br>¶¶ 28-31;<br>¶ 38;<br>¶ 40;<br>¶ 41;<br>¶¶ 67-69;<br>¶¶ 72-76;<br>¶¶ 82-92;<br>¶¶ 94-97;<br>Headings VI.A-D. | **Granted in Part**. CDK's proposed redactions of page 2 and the headings do not reveal any proprietary information or any details about the functioning of its products that would create cybersecurity risks. To the extent they reveal any information, this information was both disclosed in the complaint and discussed in open court. The same is true of paragraphs 30, 31, 38, 68, 69, 72, and 97. The remaining paragraphs sought to be sealed contain confidential technical and cybersecurity information about CDK's DMS and its investigation. |

| | | | So, the Court orders sealed ¶¶ 12, 28-29, 40, 41, 67, 73-76, 82-92, 94-96. |
|---|---|---|---|
| Ex. 2 to CDK's Motion | CDK | Entire Document | **Granted.** This exhibit is accessible only through a protected dealer website. Furthermore, the document details CDK's DMS's technology and functionality. |
| Ex. 8 to CDK's Motion | CDK | Highlighted portions on pages 1-14. | **Granted.** The highlighted portions do not disclose information in the public domain and include names and emails of persons not parties to the litigation. |
| Ex. 9 to CDK's Motion | CDK | Highlighted Text on pages 1-3 | **Granted in part.** This email exchange is detailed in the complaint and most of the highlighted portions include names and emails properly redacted. However, CDK also highlights a line from Mr. Lampert's email on December 17, 2024 which states "If for any reason they're not able to, or they don't give you AR Approval, then we can be your Plan B." (Dkt. No. 44-13 at 3.) Because this line is quoted in the complaint and referenced in public briefing as well as in open court, CDK has not shown this line is proper for sealing. Otherwise, the Court grants CDK's proposed redactions. |
| Exs. 10, 11, 16, and 17 to CDK's Motion | CDK | Pp. 1, 11. | **Granted.** These redactions are minimal and protect only confidential information for nonparties to the present case. |
| Exs. 12-15 to CDK's Motion | CDK | Pp. 1, 10 | **Granted.** These redactions are minimal and protect only confidential information for nonparties to the present case. |
| Ex. 18 to CDK's Motion | CDK | Highlighted text on pp. 1, 2-5. | **Granted.** The redactions on page 1 are minimal as they only seek to redact confidential nonparty information. As for pages 2-5, these contain properly sealed internal business information. |
| Tekion's Opposition To CDK's Motion | Tekion | p. 5; pp. 5-6; p. 21 | **Granted.** Tekion's "redactions are narrowly tailored and minimal," and do not discuss information the Court relied upon in arriving at its decision. *Regis Metro Assocs., Inc. v. NBR Co., LLC*, No. 20-cv-02309-DMR, 2022 WL 267443, at *14 (N.D. Cal. Jan. 28, 2022). |
| | CDK | p. 5<br>p. 6<br>p. 11<br>p. 12<br>p. 14 | **Granted in part.** Most of CDK's red highlights are limited only to confidential, non-public information. However, at 12:25-26, CDK seeks to seal information about Tekion's alleged use of "VPN tunnels," which is information included |

| | | | |
|---|---|---|---|
| | | p. 18<br>p. 19<br>p. 20<br>p. 23 | both in its public complaint and mentioned in open court.  So, the request is granted except as to the red highlighting at 12:25-26. |
| Decl. of Mr. Livingstone | Tekion | 5:15-17 | **Denied.**  The only portion of Mr. Livingstone's declaration which Tekion seeks to seal is the heart of Tekion's defense and only reveals what the parties have openly discussed in court or is revealed in the complaint. |
| | CDK | ¶ 15<br>¶ 18<br>¶ 19 | **Granted.**  CDK's limited highlighting of this exhibit applies to information about third-party licensees subject to a confidentiality agreement with CDK. |
| Decl. of Mr. Fox | Tekion | ¶ 11;<br>¶ 17;<br>¶¶ 18-19;<br>¶¶ 21-25. | **Granted in part.**  Paragraphs 11 and 21-23 disclose confidential or internal business information, in part relating to the functioning of Tekion's migration process and its agreement with CDK.  However, paragraphs 17 and 18-19 involve information already disclosed in the complaint, public briefs, and by the parties in open court. And Tekion does not indicate what portions of paragraphs 24 and 25 it seeks to seal.<br><br>So, the Court orders sealing only of paragraphs 11, and 21-23. |
| | CDK | ¶ 18<br>¶ 19<br>¶ 20<br>¶ 21<br>¶ 22<br>¶ 23<br>¶ 25<br>¶ 28 | **Granted in part.**  For the reasons stated in the entry above, the Court orders sealing only of the red highlighted portions of ¶¶ 20, 21, 22, 23, and 28.  CDK's request as to the highlighting of the remaining paragraphs is DENIED. |
| Ex. A to Decl. of Mr. Fox | Tekion | Entire Document | **Granted.**  This agreement by its terms is confidential, the parties have not discussed the details of the agreement in open court, and the only fact that is a matter of public record is that such agreement exists. |
| Decl. of Mr. Livingston | CDK | ¶ 15<br>¶ 18<br>¶ 19 | **Granted.**  The red highlighted portions only seek to seal confidential third-party information. |
| Decl. of Mr. Newby | CDK | ¶¶ 2c, d, f, g<br>¶¶ 3b, c, e, f,<br>¶ 4d, e, h<br>¶ 5a, b, f, g, i, j<br>¶ 6a, b, d, e, f<br>¶ 7c, d, e | **Granted.**  The red highlighted lines are specific and limited only to information that is confidential and not disclosed publicly. |
| Ex. 1 to | CDK | p. 42-44; | **Granted in part.**  This exhibit is the same |

6

| | | | |
|---|---|---|---|
| Tekion's Opposition | | p. 46<br>p. 56<br>pp. 63-65<br>p. 69<br>p. 72<br>p. 79<br>p. 83<br>p. 84<br>p. 95<br>pp. 98-101<br>p. 104<br>p. 105<br>pp. 108-110<br>p. 112<br>p. 112<br>p. 128<br>p. 157<br>p. 159<br>p. 160,<br>p. 165<br>p. 166<br>p. 173 | deposition testimony InDesign attached in its opposition to CDK's motion.  CDK also seeks to seal that exhibit, but sought to seal different portions.  CDK does not explain why it seeks to seal different portions of the same deposition testimony.  Because the motion to seal InDesign's exhibit includes the full deposition transcript, the Court's ruling as to that exhibit applies here as well. |
| Ex. 2 to Tekion's Opposition | CDK | pp. 34-38<br>p. 42<br>p. 53<br>p. 57<br>p. 63<br>p. 64<br>p. 69<br>p. 71<br>p. 77<br>p. 84<br>p. 86<br>p. 88 | **Granted in part.**  This exhibit is the same deposition testimony InDesign attached in its opposition to CDK's motion.  For the same reasons indicated above,  the Court's ruling as to that exhibit apply here as well. |
| Ex. 3 to Tekion's Opposition | CDK | p. 22<br>p. 26<br>p. 28-36<br>pp. 38-41<br>p. 48<br>p. 52<br>pp. 58-62<br>p. 64<br>p. 65<br>p. 66<br>pp. 81-83<br>p. 86 | **Granted in part.**  CDK's limited highlighting of this exhibit applies to information about third-party licensees subject to a confidentiality agreement with CDK.  Other information involves the technical aspects of CDK's DMS and its technical and security aspects not otherwise made public in this litigation. However, the line at 86:20 does not appear to disclose any information about any licensees, especially in light of non-highlighted material. Therefore, the Court accepts CDK's redactions except for the words "any other" at 86:20. |
| Ex. 4 to Tekion's | CDK | pp. 14-17<br>p. 21 | **Granted.**  CDK properly seeks to seal information about third-party licensees subject to |

7

| | | | |
|---|---|---|---|
| Opposition | | p. 22<br>p. 26<br>p. 27<br>p. 27<br>p. 31<br>pp. 39-42<br>pp. 45-53<br>p. 54<br>p. 57<br>p. 60<br>p. 61<br>p. 63<br>p. 64<br>p. 69<br>p. 72<br>p. 73<br>p. 76<br>p. 79<br>p. 97 | confidentiality agreements as well as information about the functionality of the DMS that is not otherwise public information. |
| Ex. 5 to Tekion's Opposition | CDK | pp. 28-30<br>pp. 33-36<br>p. 38<br>p. 39<br>p. 41<br>p. 42<br>p. 46<br>p. 47<br>pp. 54-57<br>p. 59<br>p. 61<br>p. 62<br>pp. 66-73<br>p. 75<br>p. 76<br>p. 84<br>p. 85<br>pp. 89-92<br>p. 107<br>p. 116 | **Granted.** CDK's highlighted portions are adequately tailored to protect confidential information, such as third parties not named in the suit, the manner in which CDK's DMS functions, and matters of the DMS's cybersecurity. |
| Ex. 6 to Tekion's Opposition | CDK | pp. 18-20<br>p. 34<br>p. 36<br>pp. 42-44<br>p. 48<br>p. 49<br>p. 55<br>p. 56<br>p. 60 | **Granted.** CDK seeks to seal confidential third-party information and details about the functionality of the CDK DMS. |

| | | | |
|---|---|---|---|
| InDesign's Opposition | CDK | p. 12, fn. 9<br>p. 19<br>p. 22 | **Granted in part.** At footnote 9, CDK properly seeks to seal information about its business with its customers regarding early termination fees. But the statements at pages 19 and 22 involve what CDK itself alleges in its public complaint. Further the parties discussed these topics and information in open court. So, the Court orders sealing only of the highlighted portion of footnote 9. |
| Ex. 1 to InDesign's Opposition | CDK | pp. 22-23<br>pp. 25-27<br>p. 36<br>pp. 40-46<br>pp. 54-73<br>pp. 78-107<br>pp. 108-10<br>pp. 111-12<br>pp. 118-19<br>p. 124<br>pp. 127-31<br>p. 140<br>pp. 142-43<br>pp. 149-50<br>pp. 152-54<br>pp. 156-57<br>p. 159<br>p. 160<br>pp. 165-68<br>pp. 170-73 | **Denied in part.** At 93:3-6, the highlighted sentences do not reveal any confidential information, especially since Mr. LaGreca specifically denies having knowledge as to the question he is asked. The same is true of statements at 149-150. At page 124, and in the highlighted portions of pages 127-131, Mr. LaGreca is asked about and merely reiterates allegations CDK makes in its public complaint, motions, and at oral argument.<br><br>Otherwise, highlighted portions are adequately tailored to protect confidential information, such as third parties not named in the suit, the manner in which CDK's DMS functions, and matters of the DMS's cybersecurity.<br><br>So, the Court grants sealing of all highlighted portions of this exhibit except for the highlighted lines at pages 93, 124, 127-31, and 149-50. |
| Ex. 6 to InDesign's Opposition | CDK | pp. 34-35<br>pp. 55-59<br>pp. 63-65<br>pp. 67-69<br>p. 71<br>p. 74<br>pp. 77-78<br>pp. 80-82<br>pp. 84-88<br>p. 90<br>pp. 93-94<br>pp. 107-11<br>pp. 118-22<br>pp. 124-25<br>pp. 127-28<br>pp. 130-31<br>pp. 133-34<br>pp. 139-44<br>pp. 148-54 | **Denied in part.** The line at 88:4-5 does not disclose confidential or proprietary information. And the lines 107:5-6, 107:15-22, and 108:6-11 all state information that was discussed in open court and in public filings. All otherwise highlighted sections contain sealable material. The Court therefore grants sealing of all highlighted portions of this exhibit but DENIES as to the portions noted above. |

9

| | | | |
|---|---|---|---|
| | | pp. 157-60<br>pp. 162-64<br>pp. 166-67<br>pp. 171-73<br>p. 175 | |
| Ex. 7 to InDesign's Opposition | CDK | pp. 97-101<br>pp. 112-15 | **Denied in part.** The line at 101:5-7 only states information publicly stated in court and in public filings so sealing is denied. The request is otherwise GRANTED. |
| Ex. 10 to InDesign's Opposition | CDK | pp. 68-70<br>p. 72<br>p. 73 | **Granted.** All highlighted portions of the exhibit disclose confidential third party information and include information about the technical functioning of CDK's DMS. |
| Ex. 11 to InDesign's Opposition | CDK | p. 83<br>p. 84 | **Granted.** The limited highlighted portions of the exhibit are sealable for the same reasons as stated in the above entry. |
| CDK's Reply in Support of its Motion for Preliminary Injunction | CDK | 3:11-13;<br>12:8, 12-13;<br>13:7-10;<br>14:9;<br>16:15-16, 18, 25;<br>17:7, 9, 11-13, 15, 17, 22-24, 26-28;<br>18:1, 23-25;<br>19:8<br>20:11, 16-17;<br>23:15 | **Granted.** CDK properly supports its request to seal these specific highlighted portions of its Reply which disclose non-public, confidential information, such as third party licensee. Further, CDK identifies technical details about its DMS and the audit leading to this suit which are not public and disclose information about the functioning of its DMS. So, the Court adopts CDK's redactions as described on the left-hand column. |
| | Tekion | 2:26-27;<br>3:1-2, 13-16, 23, 25-26;<br>4:8-10;<br>8:8, 17;<br>9:16-18, 26-28;<br>10:1;<br>15:3-5;<br>17:4-6;<br>21:21-23;<br>23:10-12 | **Granted in part.** Tekion identifies confidential agreements with both CDK and licensees which may properly remain sealed. Other highlighted portions reveal Tekion's financial and confidential business information which is also appropriate for sealing. However, Tekion's request to seal the parenthetical at 8:8 reveals only information discussed in open court and argument made in CDK's public complaint. So, the Court orders the sealing of the identified portions on the left-hand column with the exception of the highlighted text at page 8 line 8. |
| Supp. Decl. of Mr. LaGreca | CDK | 3:14-15, 19;<br>4:17, 21;<br>5:4-10, 12-16, 23-27;<br>6:1-2;<br>8:25-28 | **Granted.** The highlighted portions are proper for sealing because they disclose confidential third-party licensees who are not part of this suit, information about how the DMS functions, and confidential information about training DMS users. The Court adopts CDK's proposed sealing. |

10

| | | | |
|---|---|---|---|
| Ex. 21 to CDK's Reply | CDK | p. 26<br>p. 27<br>p. 36<br>p. 40<br>p. 44<br>p. 45<br>p. 46<br>p. 54<br>p. 55<br>p. 56<br>p. 57<br>p. 62<br>p. 64<br>p. 66<br>p. 79<br>p. 80<br>p. 81<br>p. 82<br>p. 85<br>p. 86<br>p. 87<br>p. 88<br>p. 89<br>p. 92<br>p. 95<br>p. 96<br>p. 97<br>p. 98<br>p. 102<br>p. 103<br>p. 104<br>p. 111<br>p. 112<br>p. 118<br>p. 119<br>p. 127<br>p. 128<br>p. 131<br>p. 142<br>p. 143<br>p. 149<br>p. 152<br>p. 153<br>p. 156<br>p. 157<br>p. 159<br>p. 166<br>p. 167 | **Granted in part.** This exhibit is an excerpted version of Mr. LaGreca's April 17, 2025 transcript, which is the subject of prior motions to seal. So, the Court reiterates its holding on what material is sealable as to this exhibit:<br><br>At page 124, and in the highlighted portions of pages 127-131, Mr. LaGreca is asked about and merely reiterates allegations CDK makes in its public complaint, motions, and at oral argument. At page 149, the full question is unintelligible because the second half is excerpted out.<br><br>Otherwise, highlighted portions are adequately tailored to protect confidential information, such as third parties not named in the suit, the manner in which CDK's DMS functions, and matters of the DMS's cybersecurity.<br><br>So, the Court grants sealing of all highlighted portions of this exhibit but DENIES as to the highlighted lines at pages 127, 128, 131, and 149. |

| | | | |
|---|---|---|---|
| | | p. 168<br>p. 170<br>p. 171<br>p. 172<br>p. 173 | |
| Ex. 22 to CDK's Reply | CDK | p. 33<br>p. 49<br>p. 77<br>p. 78<br>p. 79 | **Granted.** CDK properly seeks to seal confidential third-party licensees who are not parties to the present action |
| Ex. 23 to CDK's Reply | CDK | p. 31<br>p. 40<br>p. 46<br>p. 49<br>p. 52<br>p. 54<br>p. 55<br>p. 61<br>p. 63<br>p. 64<br>p. 65<br>p. 67<br>p. 68<br>p. 70<br>p. 71<br>p. 72<br>p. 73<br>p. 77<br>p. 78<br>p. 79<br>p. 80<br>p. 81<br>p. 89<br>p. 90<br>p. 91<br>p. 93<br>p. 94<br>p. 95 | **Granted.** CDK properly seeks to seal information about third-party licensees subject to confidentiality agreements as well as information about the functionality of the DMS that is not otherwise public information. |
| Ex. 24 to CDK's Reply | CDK | p. 39<br>p. 40<br>p. 41<br>p. 43<br>p. 45<br>p. 48<br>p. 50<br>p. 51<br>p. 52<br>p. 53 | **Granted.** CDK's limited highlighting of this exhibit applies to information about third-party licensees subject to a confidentiality agreement with CDK. Other information involves the technical aspects of CDK's DMS and its technical and security aspects not otherwise made public in this litigation. |

| | | | |
|---|---|---|---|
| | | p. 56<br>p. 57<br>p. 75<br>p. 86 | |
| Ex. 25 to CDK's Reply | CDK | Entire Document | **Granted.** The exhibit includes only two pages of testimony, both of which detail technical aspects of CDK's DMS and which reveal information which may put the product's security at risk. |
| Ex. 26 to CDK's Reply | CDK | Entire Document | **Denied.** The exhibit contains several pages of testimony, some of which includes confidential and technical material but other portions do not appear to disclose any information about Tekion, InDesign, or CDK's business. Because CDK's motion does not specify what portions of the document should be sealed, and because the entire exhibit is not sealable, CDK's motion to seal this exhibit is denied.<br><br>If CDK seeks to still seal portions of this exhibit, it must specify which portions of the same are sealable and give reasons for the same. |
| Ex. 27 to CDK's Reply | CDK / Tekion | Entire Document | **Granted.** Unlike the excerpted portions of Mr. Swaminathan's testimony, the excerpted portions of Mr. Stroz's testimony deals exclusively with details about how Tekion accesses the CDK DMS which reveals technical information about the CDK DMS and both Tekion and CDK's business practices. |
| Ex. 28 to CDK's Reply | Tekion | Entire Document | **Denied.** Tekion's request is overbroad. The exhibit contains over 70 pages of deposition testimony, including Mr. Livingstone's name and even the parties' lawyers introductions. Since the exhibit includes testimony that is not proper for sealing, and Tekion does not offer a more limited sealing request, the Court DENIES Tekion's motion as to this exhibit. |
| | CDK | p. 12<br>p. 49<br>p. 50<br>p. 64<br>p. 72<br>p. 73<br>p. 76<br>p. 85<br>p. 95<br>p. 96<br>p. 97 | **Granted.** CDK's limited highlighting of this exhibit applies to information about third-party licensees subject to a confidentiality agreement with CDK. Further, these parties are not subject to the present suit. Other information goes to the technical aspects of CDK's DMS and its technical and security aspects not otherwise made public in this litigation, including in part modes of Tekion's access to DMS data. |

13

| | | | |
|---|---|---|---|
| | | p. 98<br>p. 99<br>p. 100<br>p. 101<br>p. 102<br>p. 109<br>p. 121<br>p. 122<br>p. 125<br>p. 126<br>p. 127<br>p. 128<br>p. 134<br>p. 141<br>p. 144<br>p. 161<br>p. 162<br>p. 163 | |
| Ex. 29 to CDK's Reply | Tekion | Entire Document | **Denied.** Tekion's request is overbroad. Tekion seeks to seal information such as that Tekion's purpose "was to assist dealers, " (Dkt. No. 72-13 at 3), the statement "Let's talk about 2023," (*id.* at 10), and that Tekion had dealer authorization for its activities. (*id.* at 16.) Since the exhibit includes testimony that is not proper for sealing, and Tekion does not offer more limited sealing request, the Court DENIES Tekion's motion as to this exhibit. |
| Ex. 31 to CDK's Reply | CDK | p. 28<br>p. 75<br>p. 76<br>p. 93<br>p. 104<br>p. 105<br>p. 106<br>p. 107<br>p. 175 | **Granted.** CDK seeks to seal only confidential information. |
| Ex. A to Tekion's Objections to Evidence Submitted in CDK's Reply | Tekion | Entire Document | **Granted.** The short deposition excerpt Tekion seeks to seal discloses information about its business practices not made public in this litigation. . |
| Ex. B to Tekion's Objections to Evidence | Tekion | Entire Document | **Granted.** For the same reasons stated in the prior entry. |

14

| Submitted in CDK's Reply | | | |
|---|---|---|---|

The parties shall file public versions of each document described in the table above according to the Court's ruling as to each document no later than September 5, 2025.

This Order disposes of Docket Nos. 61, 64, 67, 72, and 80.

**IT IS SO ORDERED.**

Dated: August 6, 2025

JACQUELINE SCOTT CORLEY
United States District Judge