TYLER G. NEWBY (CSB No. 205790)
tnewby@fenwick.com
ARMEN N. NERCESSIAN (CSB No. 284906)
anercessian@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:     415.875.2300
Facsimile:      415.281.1350

ADAM GAHTAN (admitted *pro hac vice*)
agahtan@fenwick.com
CORTNAY-BETH CYMROT (admitted *pro hac vice*)
ccymrot@fenwick.com
FENWICK & WEST LLP
902 Broadway, Floor 18
New York, NY  10010-6035
Telephone:     212.430.2600

Attorneys for Defendant TEKION CORP.

FENWICK & WEST LLP
ATTORNEYS AT LAW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CDK GLOBAL, LLC,<br><br>              Plaintiff,<br><br>       v.<br><br>TEKION CORP. et al.,<br><br>              Defendants. | Case No.: 3:25-cv-01394-JSC<br><br>**DEFENDANT TEKION CORP.'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.      Tekion denies the allegations in Paragraph 1.

2.      Tekion admits that CDK is the dominant automotive retail software provider with market power in the franchise dealership management system space.  Tekion admits that, as the dominant and incumbent automotive retail software provider, CDK serves thousands of retail locations across North America.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 2 and therefore denies them.

3.    Tekion admits that CDK's DMS is a suite of software tools that purports to equip dealers with solutions in one integrated platform.  Tekion admits that DMS connects various aspects of the broader automotive retail ecosystem.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 3 and therefore denies them.

4.    Tekion admits that it is a relatively new entrant to the automotive software industry that offers superior solutions to the DMS that CDK provides.  Tekion denies the remaining allegations in Paragraph 4.

5.    Tekion denies the allegations in Paragraph 5.

6.    Tekion admits that CDK sent Tekion correspondence in December 2024.  Tekion further admits, given the need for fair and lawful competition in the automotive retail software space in the face of CDK's pattern of abusive, anticompetitive, and unlawful conduct in the DMS market, it filed Case No. 3:24-cv-08879, *Tekion Corp. v. CDK Global, LLC*, which is pending in this Court.  Tekion denies the remaining allegations in Paragraph 6.

7.    Tekion denies the allegations in Paragraph 7.

8.    Paragraph 8 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion denies the allegations in Paragraph 7.

## PARTIES

9.    Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 9and therefore denies them.

10.    Tekion admits the allegations in Paragraph 10.

11.    Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 11 and therefore denies them.

## JURISDICTION AND VENUE

12.    Paragraph 12 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 12, and therefore denies them.

FENWICK & WEST LLP
ATTORNEYS AT LAW

13.     Paragraph 13 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 13, and therefore denies them.

14.     Paragraph 14 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 14, and therefore denies them.

15.     Paragraph 15 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion admits that it maintains its principal place of business in Alameda County, California and conducts business in California.

16.     Paragraph 16 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 16, and therefore denies them.

17.     Paragraph 17 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 17, and therefore denies them.

18.     Paragraph 18 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 18, and therefore denies them.

19.     Paragraph 19 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion admits that it maintains its principal place of business in Alameda County.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 19 concerning InDesign, and therefore denies them.

20.     Paragraph 20 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion admits that a substantial part of the alleged events or omissions occurred or were directed from Tekion's headquarters in Alameda County.

FENWICK & WEST LLP
ATTORNEYS AT LAW

1

## FACTUAL ALLEGATIONS

2

21.     Tekion admits that CDK has been the dominant and incumbent automotive retail

3

software provider for decades. CDK lacks sufficient information to form a belief as to the truth

4

or falsity of the remaining allegations in Paragraph 21, and therefore denies them.

5

22.     Tekion admits that, as the dominant and incumbent automotive retail software

6

provider in the automotive industry, CDK serves thousands of retail locations across North

7

America.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the

8

remaining allegations in Paragraph 22, and therefore denies them.

9

23.     Tekion admits that CDK provides DMS and related tools to dealerships to manage

10

their businesses.  Tekion lacks sufficient information to form a belief as to the truth or falsity of

11

the remaining allegations in Paragraph 23, and therefore denies them.

12

24.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the

13

allegations in Paragraph 24, and therefore denies them.

14

25.     Tekion admits that CDK provides DMS software to auto dealerships.  Tekion

15

admits that any DMS provides the necessary infrastructure for, and is central to, dealership

16

operations.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the

17

remaining allegations in Paragraph 25, and therefore denies them.

18

26.     Tekion admits the allegations in Paragraph 26.

19

27.     Tekion admits the allegations in Paragraph 27.

20

28.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the

21

allegations in Paragraph 28, and therefore denies them.

22

29.     Tekion denies the allegation that it lacks authorization to assist dealerships in

23

accessing their dealership data stored in the CDK-provided DMS.  Tekion lacks sufficient

24

information to form a belief as to the truth or falsity of the remaining allegations in Paragraph

25

29, and therefore denies them.

26

30.     Tekion admits the allegations in Paragraph 30.

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

31.     Tekion admits that CDK is the dominant player in the DMS market and boasts that the ecosystem it serves involves millions of transactions each day, and billions of dollars in commerce each year.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 31, and therefore denies them.

32.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 32, and therefore denies them.

33.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 33, and therefore denies them.

34.     Tekion admits that dealerships store their own business data in the CDK DMS, including data about their customers and data provided to them by OEMs, other third parties, and CDK.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 34, and therefore denies them.

35.     Tekion denies the allegations in Paragraph 35 to the extent CDK is alleging the DMS stores information and data belonging to CDK or any party *other than* the dealers themselves.  Tekion otherwise admits the allegations in Paragraph 34.

36.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 36, and therefore denies them.

37.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 37, and therefore denies them.

38.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 38, and therefore denies them.

39.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 39, and therefore denies them.

40.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 40, and therefore denies them.

41.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 41, and therefore denies them.

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

42. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 42, and therefore denies them.

43. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 43, and therefore denies them.

44. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 44, and therefore denies them.

45. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 45, and therefore denies them.

46. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 46, and therefore denies them.

47. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 47, and therefore denies them.

48. Tekion admits that dealership employees who are authorized to access the DMS generally must use password-protected login credentials. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 48, and therefore denies them.

49. Tekion admits that dealership employees generally must complete multi-factor authentication to confirm their identity. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 49, and therefore denies them.

50. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 50, and therefore denies them.

51. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 51, and therefore denies them.

52. The document cited in Paragraph 52 speaks for itself. Tekion lacks sufficient information to form a belief as to the truth or falsity of the document cited in Paragraph 52 and attached as Exhibit 1 to the Amended Complaint, including the truth or falsity of any portion of its contents, or whether it reflects an agreement that dealerships typically enter with CDK.

FENWICK & WEST LLP
ATTORNEYS AT LAW

Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 52, and therefore denies them.

53.     To the extent the allegations in Paragraph 53 refer to Exhibit 1 to the Amended Complaint, that document speaks for itself.  Tekion lacks sufficient information to form a belief as to the truth or falsity of this document, including the truth or falsity of any of portion of its contents, or whether it reflects an agreement that dealerships typically enter with CDK.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 53, and therefore denies them.

54.     To the extent the allegations in Paragraph 54 refer to Exhibit 1 to the Amended Complaint, that document speaks for itself.  Tekion lacks sufficient information to form a belief as to the truth or falsity of this document, including the truth or falsity of any of portion of its contents, or whether it reflects an agreement that dealerships typically enter with CDK.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 54, and therefore denies them.

55.     To the extent the allegations in Paragraph 55 refer to Exhibit 1 to the Amended Complaint, that document speaks for itself.  Tekion lacks sufficient information to form a belief as to the truth or falsity of this document, including the truth or falsity of any of portion of its contents, or whether it reflects an agreement that dealerships typically enter with CDK.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 55, and therefore denies them.

56.     To the extent the allegations in Paragraph 56 refer to Exhibit 1 to the Amended Complaint, that document speaks for itself.  Tekion lacks sufficient information to form a belief as to the truth or falsity of this document, including the truth or falsity of any of portion of its contents, or whether it reflects an agreement that dealerships typically enter with CDK.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 56, and therefore denies them.

57.    To the extent the allegations in Paragraph 57 refer to Exhibit 1 to the Amended Complaint, that document speaks for itself.  Tekion lacks sufficient information to form a belief as to the truth or falsity of this document, including the truth or falsity of any of portion of its contents, or whether it reflects an agreement that dealerships typically enter with CDK.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 57, and therefore denies them.

58.    To the extent the allegations in Paragraph 58 refer to Exhibit 1 to the Amended Complaint, that document speaks for itself.  Tekion lacks sufficient information to form a belief as to the truth or falsity of this document, including the truth or falsity of any of portion of its contents, or whether it reflects an agreement that dealerships typically enter with CDK.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 58, and therefore denies them.

59.    To the extent the allegations in Paragraph 59 refer to Exhibit 1 to the Amended Complaint, that document speaks for itself.  Tekion lacks sufficient information to form a belief as to the truth or falsity of this document, including the truth or falsity of any of portion of its contents, or whether it reflects an agreement that dealerships typically enter with CDK.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 59, and therefore denies them.

60.    To the extent the allegations in Paragraph 60 refer to Exhibit 1 to the Amended Complaint, that document speaks for itself.  Tekion lacks sufficient information to form a belief as to the truth or falsity of this document, including the truth or falsity of any of portion of its contents, or whether it reflects an agreement that dealerships typically enter with CDK.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 60, and therefore denies them.

61.    To the extent the allegations in Paragraph 61 refer to Exhibit 1 to the Amended Complaint, that document speaks for itself.  Tekion lacks sufficient information to form a belief as to the truth or falsity of this document, including the truth or falsity of any of portion of its

FENWICK & WEST LLP
ATTORNEYS AT LAW

TEKION'S ANSWER AND AFFIRMATIVE
DEFENSES TO FIRST AMENDED
COMPLAINT FOR DAMAGES &
INJUNCTIVE RELIEF                    8          Case No.: 3:25-cv-01394-JSC

contents, or whether it reflects an agreement that dealerships typically enter with CDK. Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 61, and therefore denies them.

62. Tekion denies the allegations in Paragraph 62.

63. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 63, and therefore denies them.

64. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 64, and therefore denies them.

65. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 65, and therefore denies them.

66. Tekion admits that CDK sent Tekion correspondence in 2019 concerning a dealer's transition from CDK's DMS to Tekion's DMS, which CDK fails to include as an Exhibit. CDK's 2019 correspondence is the most reliable source of its contents, and Tekion therefore denies the allegations in Paragraph 66 to the extent inconsistent with that document. In addition, Tekion denies the allegations in CDK's 2019 correspondence.

67. Tekion denies the allegations in Paragraph 67.

68. Tekion admits that it has cooperated with CDK in performing conversions for customers migrating from Tekion's DMS to CDK, and further that CDK has in certain instances assisted with conversions from CDK's DMS to Tekion's. Tekion also admits that, in the instances that CDK assisted with data conversions to Tekion, CDK and Tekion personnel would work directly with one another to complete the conversion. Tekion otherwise denies the allegations in Paragraph 68.

69. Tekion admits that CDK offers a tool called "Data Your Way" that allows dealerships to export certain data from CDK's DMS. Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 69, and therefore denies them.

FENWICK & WEST LLP
ATTORNEYS AT LAW

70.    Tekion admits that Tekion entered an engagement to provide "Automotive Retail Cloud" services at four locations for a dealer that has used CDK-provided DMS services. Tekion denies that CDK first learned about Tekion's engagement in April 2024. Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 70, and therefore denies them.

71.    Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 71, and therefore denies them.

72.    Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 72, and therefore denies them.

73.    Tekion admits that CDK sent Tekion correspondence, on or around April 2, 2024, concerning a dealer's transition from CDK's DMS to Tekion's DMS, which CDK fails to include as an Exhibit. CDK's April 2024 correspondence is the most reliable source of its contents, and Tekion therefore denies the allegations in Paragraph 73 to the extent inconsistent with that document. In addition, Tekion denies the allegations in CDK's April 2024 correspondence.

74.    Tekion admits that CDK sent Tekion correspondence, on or around April 2, 2024, concerning a dealer's transition from CDK's DMS to Tekion's DMS, which CDK fails to include as an Exhibit. CDK's April 2024 correspondence is the most reliable source of its contents, and Tekion therefore denies the allegations in Paragraph 74 to the extent inconsistent with that document. In addition, Tekion denies the allegations in CDK's April 2024 correspondence.

75.    Tekion admits that, on April 5, 2024, Tekion responded acknowledging receipt of CDK's April 2, 2024 correspondence, which CDK also fails to include as an Exhibit. Tekion admits that it conducts its business consistent with applicable legal obligations. Tekion's April 2024 correspondence is the most reliable source of its contents, and Tekion therefore denies the allegations in Paragraph 75 to the extent inconsistent with that document.

76.    Tekion denies the allegations in Paragraph 76.

FENWICK & WEST LLP
ATTORNEYS AT LAW

77.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 77 and therefore denies them.

78.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 78 and therefore denies them.

79.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 79 and therefore denies them

80.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 80 and therefore denies them.

81.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 81 and therefore denies them.

82.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 82 and therefore denies them.

83.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 83 and therefore denies them.

84.     Tekion denies that it collaborates with InDesign to execute the conduct described in the first sentence of Paragraph 84.  To the extent the allegations in Paragraph 75 refer to Exhibit 2 to the Amended Complaint, that document speaks for itself.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the document attached as Exhibit 2 to the Amended Complaint, including the truth or falsity of any of portion of its contents.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 84, and therefore denies them.

85.     To the extent the allegations in Paragraph 85 refer to Exhibit 2 to the Amended Complaint, that document speaks for itself.  Tekion lacks sufficient information to form a belief as to the truth or falsity of this document, including the truth or falsity of any of portion of its contents.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 85, and therefore denies them.

FENWICK & WEST LLP
ATTORNEYS AT LAW

1   86.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the

2   allegations in Paragraph 86 and therefore denies them.

3   87.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the

4   allegations in Paragraph 87 and therefore denies them.

5   88.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the

6   allegations in Paragraph 88 and therefore denies them.

7   89.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the

8   allegations in Paragraph 89 and therefore denies them.

9   90.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the

10  allegations in Paragraph 90 and therefore denies them.

11  91.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the

12  allegations in Paragraph 91 and therefore denies them.

13  92.     The document referenced in Paragraph 92, which CDK fails to include as an

14  Exhibit, is the best source of its contents, and Tekion denies the allegations in Paragraph 92 to

15  the extent inconsistent with that document.

16  93.     Tekion denies the allegations in Paragraph 93.

17  94.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the

18  allegations in Paragraph 94 and therefore denies them.

19  95.     Tekion denies the allegations in Paragraph 95.

20  96.     Tekion admits that, before December 9, 2024, Tekion assisted dealerships in

21  obtaining their data stored in CDK-provided DMS, with their authorization and dealer-provided

22  credentials, and Tekion admits that, through that assistance, Tekion and dealers transferred the

23  dealers' data from the CDK-provided DMS to Tekion cloud-based virtual computers.  Tekion

24  lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations

25  in Paragraph 96 and therefore denies them.

26  97.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the

27  allegations in Paragraph 97 and therefore denies them.

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

98.    Tekion denies the allegations in the first sentence of Paragraph 98.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 98 and therefore denies them.

99.    Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 99 and therefore denies them.

100.    Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 100 and therefore denies them.

101.    Tekion admits that CDK sent Tekion correspondence on Friday, December 6, 2024.  The document cited in Paragraph 101 and attached as Exhibit 3 to the Amended Complaint speaks for itself, and Tekion denies the allegations in Paragraph 101 to the extent inconsistent with that document.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the document attached as Exhibit 3 to the Amended Complaint, including the truth or falsity of any of portion of its contents.  In addition, Tekion denies the allegations in CDK's December 6, 2024 correspondence.

102.    To the extent the allegations in Paragraph 102 refer to Exhibit 3 to the Amended Complaint, that document speaks for itself, and Tekion denies the allegations in Paragraph 102 to the extent inconsistent with that document.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the document cited in Paragraph 102, including the truth or falsity of any of portion of its contents.  In addition, Tekion denies the allegations in CDK's December 6, 2024 correspondence.

103.    Tekion denies the allegations in Paragraph 103.

104.    Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 104 and therefore denies them.

105.    Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 105 and therefore denies them.

106.    Tekion denies the allegations in Paragraph 106.

FENWICK & WEST LLP
ATTORNEYS AT LAW

1

2

107.   The document referenced in Paragraph 107 is the best source of its contents, and Tekion denies the allegations in Paragraph 107 to the extent inconsistent with that document.

3

4

108.   The document referenced in Paragraph 108 is the best source of its contents, and Tekion denies the allegations in Paragraph 108 to the extent inconsistent with that document.

5

6

109.   The document referenced in Paragraph 109 is the best source of its contents, and Tekion denies the allegations in Paragraph 109 to the extent inconsistent with that document.

7

8

110.   The document referenced in Paragraph 110 is the best source of its contents, and Tekion denies the allegations in Paragraph 110 to the extent inconsistent with that document.

9

10

111.   The document referenced in Paragraph 111 is the best source of its contents, and Tekion denies the allegations in Paragraph 111 to the extent inconsistent with that document.

11

12

13

14

112.   The document referenced in Paragraph 112 is the best source of its contents, and Tekion denies the allegations in Paragraph 112 to the extent inconsistent with that document. Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 112 and therefore denies them.

15

113.   Tekion denies the allegations in Paragraph 113.

16

17

18

19

114.   Tekion admits that, on December 9, 2024, it filed Case No. 3:24-cv-08879, *Tekion Corp. v. CDK Global, LLC*.  Tekion admits that it sent CDK a letter on December 13, 2024, confirming that Tekion merely has helped dealerships access their own data for migration to Tekion.  Tekion denies the remaining allegations in Paragraph 114.

20

21

22

115.   Tekion admits that Tekion maintains and updates a spreadsheet of dealerships planning CDK-to-Tekion DMS conversions, and Tekion admits that it has shared this spreadsheet with InDesign.  Tekion denies the remaining allegations in Paragraph 115.

23

116.   Tekion denies the allegations in Paragraph 116.

24

25

117.   Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 117 and therefore denies them.

26

27

118.   Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 118 and therefore denies them.

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

TEKION'S ANSWER AND AFFIRMATIVE
DEFENSES TO FIRST AMENDED
COMPLAINT FOR DAMAGES &
INJUNCTIVE RELIEF

14

Case No.: 3:25-cv-01394-JSC

119. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 119 and therefore denies them.

120. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 120 and therefore denies them.

121. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 121 and therefore denies them.

122. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 122 that relate to InDesign's conduct, and therefore denies them. Tekion denies the remaining allegations in Paragraph 122.

123. Tekion denies the allegations in Paragraph 123.

124. Tekion denies the allegations in Paragraph 124.

125. Tekion denies the allegations in Paragraph 125.

126. Tekion admits that CDK sent Tekion and InDesign correspondence on February 11, 2025. The document cited in Paragraph 126 and attached as Exhibit 4 to the Amended Complaint speaks for itself, and Tekion denies the allegations in Paragraph 126 to the extent inconsistent with that document. In addition, Tekion denies the allegations in CDK's February 11, 2025 correspondence.

127. The document cited in Paragraph 127 and attached as Exhibit 4 to the Amended Complaint speaks for itself, and Tekion denies the allegations in Paragraph 127 to the extent inconsistent with that document. In addition, Tekion denies the allegations in CDK's February 11, 2025 correspondence.

128. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 128 and therefore denies them.

129. Tekion denies the allegations in Paragraph 129.

130. Tekion admits that, with the dealerships' authorization, before December 9, 2024, Tekion assisted dealerships in obtaining their data stored in the CDK-provided DMS using dealer-provided credentials and on the dealerships' networks. Tekion lacks sufficient

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 130 and therefore denies them.

131. Tekion denies the allegations in Paragraph 131.

132. Tekion admits that, with the dealerships' authorization, before December 9, 2024, Tekion assisted dealerships in obtaining their data stored in the CDK-provided DMS using dealer-provided credentials and on the dealerships' networks. Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 132 and therefore denies them.

133. Tekion admits that, with the dealerships' authorization, before December 9, 2024, Tekion assisted dealerships in obtaining their data stored in the CDK-provided DMS using dealer-provided credentials and on the dealerships' networks.  Tekion admits that it has used cloud-based virtual computers to extract data.  Tekion denies that its assistance to dealerships to obtain their data from the CDK-provided DMS has caused CDK to lose revenue.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 133 and therefore denies them

134. Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 134 and therefore denies them

135. Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 135 and therefore denies them.

136. Tekion admits that Tekion maintains and updates a spreadsheet of dealerships planning CDK-to-Tekion DMS conversions and that it has shared this spreadsheet with InDesign.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 136 and therefore denies them.

137. Tekion denies the allegations in Paragraph 137.

138. Tekion denies the allegations in Paragraph 138.

139. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 139 and therefore denies them.

1    140.    Tekion lacks sufficient information to form a belief as to the truth or falsity of the

2    allegations in Paragraph 140 and therefore denies them.

3    141.    Tekion lacks sufficient information to form a belief as to the truth or falsity of the

4    allegations in Paragraph 141 and therefore denies them.

5    142.    Tekion lacks sufficient information to form a belief as to the truth or falsity of the

6    allegations in Paragraph 142 and therefore denies them.

7    143.    Tekion admits that it has used cloud-based virtual computers to assist dealerships

8    in obtaining their data stored in CDK-provided DMS, with their authorization and dealer-

9    provided credentials.  Tekion denies the allegations in Paragraph 143.

10    144.    Tekion denies the allegations in Paragraph 144.

11    145.    Tekion denies that Tekion "hack[s]" into CDK's DMS.  Tekion lacks sufficient

12    information to form a belief as to the truth or falsity of the remaining allegations in Paragraph

13    145 and therefore denies them.

14    146.    Tekion denies the allegations in Paragraph 146.

15    147.    Tekion admits that Tekion has used Dealership-issued login credentials to access

16    DMS.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the

17    remaining allegations in Paragraph 147 that relate to InDesign's conduct, and therefore denies

18    them.  Tekion denies the remaining allegations in Paragraph 147.

19    148.    Tekion denies the allegations in Paragraph 148.

20    149.    Tekion lacks sufficient information to form a belief as to the truth or falsity of the

21    allegations in Paragraph 149 and therefore denies them.

22    150.    Tekion denies attempting any writeback functions.  Tekion lacks sufficient

23    information to form a belief as to the truth or falsity of the remaining allegations in Paragraph

24    150 and therefore denies them.

25    151.    Tekion lacks sufficient information to form a belief as to the truth or falsity of the

26    allegations in Paragraph 151 and therefore denies them.

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

152.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 152 and therefore denies them.

153.     Tekion denies that it has engaged in unauthorized access and activities.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 153 and therefore denies them.

154.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 154 and therefore denies them

155.     Tekion denies the allegations in Paragraph 155 that relate to Tekion's conduct.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations Paragraph 155 that relate to InDesign's conduct, and therefore denies them.

156.     Tekion denies the allegations in Paragraph 156.

157.     Tekion denies the allegations in Paragraph 157.

158.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations Paragraph 158 and therefore denies them.

159.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations Paragraph 159 and therefore denies them.

160.     Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 160 and therefore denies them.

161.     Tekion admits that Tekion does not build, or pay to operate or maintain, CDK's DMS.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 161 and therefore denies them.

162.     Tekion denies the allegations in Paragraph 162.

## CAUSES OF ACTION AND CLAIMS FOR RELIEF

## Count I - Computer Fraud and Abuse Act – 18 U.S.C. § 1030

### (All Defendants)

163.     Tekion repeats and re-alleges all of its answers above as if set forth fully herein.

164.     Paragraph 164 includes legal conclusions to which no response is required.

FENWICK & WEST LLP
ATTORNEYS AT LAW

165. Paragraph 165 includes legal conclusions to which no response is required.

166. Paragraph 166 includes legal conclusions to which no response is required.

167. Paragraph 167 includes legal conclusions to which no response is required.

168. Paragraph 168 includes legal conclusions to which no response is required.

169. Paragraph 169 includes legal conclusions to which no response is required.

170. Paragraph 170 includes legal conclusions to which no response is required.

171. Paragraph 171 includes legal conclusions to which no response is required.

172. Paragraph 172 includes legal conclusions to which no response is required. To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 172 and therefore denies them.

173. Paragraph 173 includes legal conclusions to which no response is required. To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 173 and therefore denies them.

174. Tekion denies that the Defendants conspired with each other to conduct the actions alleged in Paragraph 174. Tekion denies the remaining allegations in Paragraph 174 that relate to Tekion's conduct. Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 174 that relate to InDesign's conduct and therefore denies them.

175. Tekion denies that the Defendants conspired with each other to conduct the actions alleged in Paragraph 175. Tekion denies the remaining allegations in Paragraph 175 that relate to Tekion's conduct. Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 175 that relate to InDesign's conduct and therefore denies them.

176. Tekion denies that the Defendants conspired with each other to conduct the actions alleged in Paragraph 176. Tekion denies the remaining allegations in Paragraph 176 that relate to Tekion's conduct. Tekion lacks sufficient information to form a belief as to the truth or falsity

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

of the remaining allegations in Paragraph 176 that relate to InDesign's conduct and therefore denies them.

177.    Tekion denies the allegations in Paragraph 177 that relate to Tekion's conduct. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 177 that relate to InDesign's conduct and therefore denies them.

178.    Paragraph 178 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 178 and therefore denies them.

179.    Tekion denies the allegations in Paragraph 179.

180.    Tekion denies the allegations in Paragraph 180.

181.    Tekion denies the allegations in Paragraph 181.

182.    Tekion denies the allegations in Paragraph 182.

183.    Tekion denies the allegations in Paragraph 183.

184.    Tekion denies the allegations in Paragraph 184.

185.    Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 185 and therefore denies them.

186.    Tekion denies the allegations in Paragraph 186.

187.    Tekion denies the allegations in Paragraph 187.

188.    Tekion admits that CDK has informed Tekion that CDK believes Tekion's access to the DMS and related CDK platforms is unauthorized.  Tekion further admits that, after filing its original complaint, CDK informed Tekion that CDK believes access to the DMS and related CDK platforms by any Tekion agents or coconspirators is unauthorized.  Tekion denies the remaining allegations in Paragraph 188.

189.    Tekion denies the allegations in Paragraph 189.

190.    Paragraph 190 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion denies the allegations in Paragraph 190.

191.    Tekion denies the allegations in Paragraph191.

1    192.    Tekion denies the allegations in Paragraph 192.

2    193.    Paragraph 193 includes legal conclusions to which no response is required.  To the

3    extent a response is required, Tekion denies that Plaintiff is entitled to the relief it requests or

4    any other form of relief, and specifically denies each of the requests for relief enumerated in

5    Paragraph 193.

6    194.    Tekion denies that Plaintiff is entitled to the relief it requests or any other form of

7    relief, and specifically denies each of the requests for relief enumerated in Paragraph 194.

8    **<u>Count II - Digital Millenium Copyright Act – 17 U.S.C. § 1201</u>**

9    <u>(Tekion §§ 1201(a)(1), 1201(a)(2), 1201(b)(1);</u>

10    <u>InDesign §§ 1201(a)(1), § 1201(a)(2)(C), 1201(b)(1)(C))</u>

11    195.    Tekion repeats and re-alleges all of its answers above as if set forth fully herein.

12    196.    Paragraph 196 includes legal conclusions to which no response is required.

13    197.    Paragraph 197 includes legal conclusions to which no response is required.  To the

14    extent a response is required, Tekion lacks sufficient information to form a belief as to the truth

15    or falsity of the allegations in Paragraph 197 and therefore denies them.

16    198.    Paragraph 198 includes legal conclusions to which no response is required.  To the

17    extent a response is required, Tekion lacks sufficient information to form a belief as to the truth

18    or falsity of the allegations in Paragraph 198 and therefore denies them.

19    199.    Tekion denies the allegations in Paragraph 199.

20    200.    Tekion denies the allegations in Paragraph 200.

21    201.    Tekion denies the allegations in Paragraph 201.

22    202.    Tekion denies the allegations in Paragraph 202.

23    203.    Tekion denies the allegations in Paragraph 203.

24    204.    Tekion denies the allegations in Paragraph 204.

25    205.    Tekion lacks sufficient information to form a belief as to the truth or falsity of the

26    allegations in Paragraph 205 and therefore denies them.

27    206.    Tekion denies the allegations in Paragraph 206.

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

1    207.    Tekion denies the allegations in Paragraph 207.

2    208.    Paragraph 208 includes legal conclusions to which no response is required.  To the

3    extent a response is required, Tekion denies that Plaintiff is entitled to the relief it requests or

4    any other form of relief, and specifically denies each of the requests for relief enumerated in

5    Paragraph 208.

6    209.    Paragraph 209 includes legal conclusions to which no response is required.  To the

7    extent a response is required, Tekion denies the allegations in Paragraph 209.

8    210.    Tekion denies the allegations in Paragraph 210.

9    211.    Tekion denies the allegations in Paragraph 211.

10   212.    Paragraph 212 includes legal conclusions to which no response is required.  To the

11   extent a response is required, Tekion denies that Plaintiff is entitled to the relief it requests or

12   any other form of relief, and specifically denies each of the requests for relief enumerated in

13   Paragraph 212.

14   213.    Tekion denies that Plaintiff is entitled to the relief it requests or any other form of

15   relief, and specifically denies each of the requests for relief enumerated in Paragraph 213.

16   **Count III - Defend Trade Secrets Act (18 U.S.C. § 1836)**

17   (All Defendants)

18   214.    Tekion repeats and re-alleges all of its answers above as if set forth fully herein.

19   215.    Paragraph 215 includes legal conclusions to which no response is required.  To the

20   extent a response is required, Tekion lacks sufficient information to form a belief as to the truth

21   or falsity of the allegations in Paragraph 215 and therefore denies them.

22   216.    Paragraph 216 includes legal conclusions to which no response is required.  To the

23   extent a response is required, Tekion lacks sufficient information to form a belief as to the truth

24   or falsity of the allegations in Paragraph 216 and therefore denies them.

25   217.    Paragraph 217 includes legal conclusions to which no response is required.  To the

26   extent a response is required, Tekion lacks sufficient information to form a belief as to the truth

27   or falsity of the allegations in Paragraph 217 and therefore denies them.

28

FENWICK & WEST LLP
ATTORNEYS AT LAW

218. Paragraph 218 includes legal conclusions to which no response is required. To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 218 and therefore denies them.

219. Paragraph 219 includes legal conclusions to which no response is required. To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 219 and therefore denies them.

220. Tekion denies the allegations in Paragraph 220.

221. Tekion denies the allegations in Paragraph 221.

222. Tekion denies the allegations in Paragraph 222.

223. Tekion denies the allegations in Paragraph 223.

224. Paragraph 224 includes legal conclusions to which no response is required. To the extent a response is required, Tekion denies the allegations in Paragraph 224.

225. Tekion denies the allegations in Paragraph 225.

226. Paragraph 226 includes legal conclusions to which no response is required. To the extent a response is required, Tekion denies that Plaintiff is entitled to the relief it requests or any other form of relief, and specifically denies each of the requests for relief enumerated in Paragraph 226.

227. Paragraph 227 includes legal conclusions to which no response is required. To the extent a response is required, Tekion denies that Plaintiff is entitled to the relief it requests or any other form of relief, and specifically denies each of the requests for relief enumerated in Paragraph 227.

228. Tekion denies that Plaintiff is entitled to the relief it requests or any other form of relief, and specifically denies each of the requests for relief enumerated in Paragraph 228.

### **Count V - The California Comprehensive Computer Data Access and Fraud Act**

#### (All Defendants)

229. Tekion repeats and re-alleges all of its answers above as if set forth fully herein.

230. Paragraph 230 includes legal conclusions to which no response is required.

FENWICK & WEST LLP
ATTORNEYS AT LAW

231.    Paragraph 231 includes legal conclusions to which no response is required.

232.    Paragraph 232 includes legal conclusions to which no response is required.

233.    Paragraph 233 includes legal conclusions to which no response is required.

234.    Paragraph 234 includes legal conclusions to which no response is required.

235.    Paragraph 235 includes legal conclusions to which no response is required.

236.    Paragraph 236 includes legal conclusions to which no response is required.

237.    Paragraph 237 includes legal conclusions to which no response is required.

238.    Paragraph 238 includes legal conclusions to which no response is required.

239.    Paragraph 239 includes legal conclusions to which no response is required.

240.    Paragraph 240 includes legal conclusions to which no response is required.

241.    Paragraph 241 includes legal conclusions to which no response is required.

242.    Paragraph 242 includes legal conclusions to which no response is required.

243.    Paragraph 243 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 243 and therefore denies them.

244.    Paragraph 244 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 244 and therefore denies them.

245.    Paragraph 245 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 245 and therefore denies them.

246.    Paragraph 246 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 246 and therefore denies them.

247.    Paragraph 247 legal conclusions to which no response is required.  To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 247 and therefore denies them.

FENWICK & WEST LLP
ATTORNEYS AT LAW

248. Paragraph 248 includes legal conclusions to which no response is required. To the extent a response is required, Tekion admits that the DMS includes a communication medium with the capability to transmit information between computers. Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 248 and therefore denies them.

249. Tekion denies the allegations in Paragraph 249.

250. Paragraph 250 includes legal conclusions to which no response is required. To the extent a response is required, Tekion denies the allegations in Paragraph 250.

251. Tekion denies the allegations in Paragraph 251.

252. Tekion denies the allegations in Paragraph 252.

253. Tekion denies the allegations in Paragraph 253.

254. Tekion denies the allegations in Paragraph 254.

255. Paragraph 255 includes legal conclusions to which no response is required. To the extent a response is required, Tekion denies the allegations in Paragraph 255.

256. Tekion denies the allegations in Paragraph 256.

257. Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 257 and therefore denies them.

258. Paragraph 258 includes legal conclusions to which no response is required. To the extent a response is required, Tekion denies the allegations in Paragraph 258.

259. Paragraph 259 includes legal conclusions to which no response is required. To the extent a response is required, Tekion denies the allegations in Paragraph 259.

260. Tekion denies the allegations in Paragraph 260.

261. Paragraph 261 includes legal conclusions to which no response is required. To the extent a response is required, Tekion denies the allegations in Paragraph 261.

262. Paragraph 262 includes legal conclusions to which no response is required. To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 262 and therefore denies them.

FENWICK & WEST LLP
ATTORNEYS AT LAW

263.    Tekion denies the allegations in Paragraph 263.

264.    Paragraph 264 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion denies the allegations in Paragraph 264.

265.    Paragraph 265 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion denies the allegations in Paragraph 265.

266.    Paragraph 266 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion denies the allegations in Paragraph 266.

267.    Tekion denies that Plaintiff is entitled to the relief it requests or any other form of relief, and specifically denies each of the requests for relief enumerated in Paragraph 267.

### Count VI - California Uniform Trade Secrets Act

### (All Defendants)

268.    Tekion repeats and re-alleges all of its answers above as if set forth fully herein.

269.    Paragraph 269 includes legal conclusions to which no response is required.

270.    Paragraph 270 includes legal conclusions to which no response is required.

271.    Paragraph 271 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 271 and therefore denies them.

272.    Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 272 and therefore denies them.

273.    Paragraph 273 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 273 and therefore denies them.

274.    Paragraph 274 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion denies the allegations in Paragraph 274.

275.    Paragraph 275 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion denies the allegations in Paragraph 275.

276.    Tekion denies the allegations in Paragraph 276.

FENWICK & WEST LLP
ATTORNEYS AT LAW

277.   Paragraph 277 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion denies the allegations in Paragraph 277.

278.   Paragraph 278 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion denies the allegations in Paragraph 278.

279.   Paragraph 279 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion denies the allegations in Paragraph 279.

280.   Paragraph 280 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion denies the allegations in Paragraph 280.

281.   Tekion denies that Plaintiff is entitled to the relief it requests or any other form of relief, and specifically denies each of the requests for relief enumerated in Paragraph 281.

### Count VII - Tortious Interference with Existing Business Relations

(All Defendants)

282.   Tekion repeats and re-alleges all of its answers above as if set forth fully herein.

283.   Tekion admits the allegations in Paragraph 283.

284.   Tekion admits that CDK has service contracts with dealerships, including dealerships located in California, and that these dealerships use and access their dealership data through CDK's DMS software.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 284 and therefore denies them.

285.   Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 285 and therefore denies them.

286.   Paragraph 286 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 286 and therefore denies them.

287.   To the extent the allegations in Paragraph 287 refer to Exhibit 1 to the Amended Complaint, that document speaks for itself.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the document cited in Paragraph 287, including the truth or falsity of any of portion of its contents, or whether it reflects an agreement that dealerships typically enter

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

with CDK.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 287, and therefore denies them.

288.    To the extent the allegations in Paragraph 288 refer to Exhibit 1 to the Amended Complaint, that document speaks for itself.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the document cited in Paragraph 288, including the truth or falsity of any of portion of its contents, or whether it reflects an agreement that dealerships typically enter with CDK.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 288, and therefore denies them.

289.    To the extent the allegations in Paragraph 289 refer to Exhibit 1 to the Amended Complaint, that document speaks for itself.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the document attached as Exhibit 1 to the Amended Complaint, including the truth or falsity of any of portion of its contents, or whether it reflects an agreement that dealerships typically enter with CDK.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 289, and therefore denies them.

290.    To the extent the allegations in Paragraph 290 refer to Exhibit 1 to the Amended Complaint, that document speaks for itself.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the document attached as Exhibit 1 to the Amended Complaint, including the truth or falsity of any of portion of its contents, or whether it reflects an agreement that dealerships typically enter with CDK.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 290, and therefore denies them.

291.    To the extent the allegations in Paragraph 291 refer to Exhibit 1 to the Amended Complaint, that document speaks for itself.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the document attached as Exhibit 1 to the Amended Complaint, including the truth or falsity of any of portion of its contents, or whether it reflects an agreement that dealerships typically enter with CDK.  Tekion lacks sufficient information to form a belief

as to the truth or falsity of the remaining allegations in Paragraph 291, and therefore denies them.

292.    To the extent the allegations in Paragraph 292 refer to Exhibit 1 to the Amended Complaint, that document speaks for itself.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the document attached as Exhibit 1 to the Amended Complaint, including the truth or falsity of any of portion of its contents, or whether it reflects an agreement that dealerships typically enter with CDK.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 292, and therefore denies them.

293.    To the extent the allegations in Paragraph 293 refer to Exhibit 1 to the Amended Complaint, that document speaks for itself.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the document attached as Exhibit 1 to the Amended Complaint, including the truth or falsity of any of portion of its contents, or whether it reflects an agreement that dealerships typically enter with CDK.  Tekion lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 293, and therefore denies them.

294.    Tekion denies the allegations in Paragraph 294.

295.    Tekion denies the allegations in Paragraph 295.

296.    Paragraph 296 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion denies the allegations in Paragraph 296.

297.    Paragraph 297 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion denies the allegations in Paragraph 297.

298.    Paragraph 298 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 298 and therefore denies them.

299.    Paragraph 299 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion denies the allegations in Paragraph 299.

FENWICK & WEST LLP
ATTORNEYS AT LAW

300.    Paragraph 300 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion denies the allegations in Paragraph 300.

301.    Paragraph 301 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion denies the allegations in Paragraph 301.

302.    Paragraph 302 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion denies the allegations in Paragraph 302.

303.    Tekion denies that Plaintiff is entitled to the relief it requests or any other form of relief, and specifically denies each of the requests for relief enumerated in Paragraph 303.

## Count VII - Unfair, Unlawful, or Fraudulent Actions

### (All Defendants)

304.    Tekion repeats and re-alleges all of its answers above as if set forth fully herein.

305.    Paragraph 305 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion denies the allegations in Paragraph 305.

306.    Paragraph 306 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion denies the allegations in Paragraph 306.

307.    Tekion denies the allegations in Paragraph 307.

308.    Paragraph 308 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion denies the allegations in Paragraph 308.

309.    Paragraph 309 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion denies the allegations in Paragraph 309.

310.    Paragraph 310 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion denies the allegations in Paragraph 310.

311.    Paragraph 311 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion lacks sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 311 and therefore denies them.

312.    Paragraph 312 includes legal conclusions to which no response is required.  To the extent a response is required, Tekion denies the allegations in Paragraph 312.

FENWICK & WEST LLP
ATTORNEYS AT LAW

1     313.   Tekion denies that Plaintiff is entitled to the relief it requests or any other form of

relief, and specifically denies each of the requests for relief enumerated in Paragraph 313.

### DEMAND FOR JURY TRIAL

In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Tekion Corp.

respectfully requests a jury trial on all issues so triable, including without limitation, CDK

Global's claims and Tekion Corp.'s defenses thereto.

TEKION'S ANSWER AND AFFIRMATIVE
DEFENSES TO FIRST AMENDED
COMPLAINT FOR DAMAGES &
INJUNCTIVE RELIEF

31

Case No.: 3:25-cv-01394-JSC

1

\*\*\*

2

## **AFFIRMATIVE DEFENSES**

3

As separate and distinct affirmative defenses to all claims and causes of actions alleged in

4

the Amended Complaint, Tekion alleges as follows:

5

### **First Affirmative Defense**

6

### **(Failure to State a Claim)**

7

Plaintiff's claims are barred, in whole or in part, because Plaintiff fails to sufficiently state

8

a claim upon which relief may be granted.

9

### **Second Affirmative Defense**

10

### **(Unclean Hands)**

11

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands, which

12

demands that a plaintiff act equitably and in good faith in the matter for which it seeks a remedy.

13

As Plaintiff's allegations are in furtherance of its unlawful scheme to eliminate competition,

14

Plaintiff is barred from seeking relief.

15

### **Third Affirmative Defense**

16

### **(Waiver/Estoppel)**

17

Plaintiff's claims are barred, in whole or in part, because Plaintiff, by virtue of its own

18

conduct, has waived and/or is estopped from asserting any of the claims upon which it seeks

19

relief.

20

### **Fourth Affirmative Defense**

21

### **(Statute of Limitations)**

22

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

23

### **Fifth Affirmative Defense**

24

### **(Authorization)**

25

Plaintiff's claims are barred, in whole or in part, because Tekion's access was authorized

26

at all relevant times.

27

### **Sixth Affirmative Defense**

28

TEKION'S ANSWER AND AFFIRMATIVE
DEFENSES TO FIRST AMENDED
COMPLAINT FOR DAMAGES &
INJUNCTIVE RELIEF

32

FENWICK & WEST LLP
ATTORNEYS AT LAW

**(Lack of Knowledge, Intent, or Willfulness)**

Plaintiff's claims are barred, in whole or in part, because Tekion lacked the requisite knowledge, intent, or willfulness when allegedly engaging in the conduct described in the Amended Complaint.

## Seventh Affirmative Defense

**(Good Faith)**

Plaintiff's claims are barred, in whole or in part, because Tekion's actions were at all times conducted in good faith, motivated by legitimate business reasons, and in compliance with all applicable laws.

## Eighth Affirmative Defense

**(Failure to Identify Valid Trade Secrets)**

Plaintiff's trade secret misappropriation claims are barred, in whole or in part, because Plaintiff has failed to identify and describe any valid trade secrets with sufficient particularity.

## Ninth Affirmative Defense

**(Alleged Trade Secrets Known or Readily Ascertainable)**

Plaintiff's trade secret misappropriation claims are barred, in whole or in part, because Plaintiff's alleged trade secrets are known or readily ascertainable by the relevant industry and/or persons who could obtain economic value, if any, from their information.

## Tenth Affirmative Defense

**(No Damages)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered any damages or injury.

## Eleventh Affirmative Defense

**(Damages Speculative)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages and injury, if any, are purely speculative and impossible to prove or allocate with reasonable certainty.

## Twelfth Affirmative Defense

FENWICK & WEST LLP
ATTORNEYS AT LAW

**(Fault Attributable to Others)**

Plaintiff's claims are barred, in whole or in part, because to the extent Plaintiff suffered an injury or incurred any damages as alleged in the Amended Complaint, which Tekion denies, such injury or damages were caused and brought about by the acts, conduct, or omissions of individuals or entities other than Tekion. As such, any recovery should be precluded or diminished in proportion to the amount of fault attributable to such other individuals or entities.

## Thirteenth Affirmative Defense

### (Failure to Mitigate)

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to mitigate its alleged damages. Alternatively, any damages sustained by Plaintiff, which Tekion denies, must be reduced by the amount that such damages would have been reduced had Plaintiff exercised reasonable diligence in mitigating its damages.

## Fourteenth Affirmative Defense

### (Unjust Enrichment)

Plaintiff's claims are barred, in whole or in part, because if Plaintiff recovers any damages or other relief from Tekion, it would be unjustly enriched.

## Fifteenth Affirmative Defense

### (Laches)

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, as Plaintiff waited an unreasonably long time to file this lawsuit, and Defendants' ability to defend the lawsuit has been prejudiced as a result.

## Sixteenth Affirmative Defense

### (Acquiescence)

Plaintiff's claims are barred, in whole or in part, because Plaintiff acquiesced to some or all of the actions alleged in the Amended Complaint.

## Seventeenth Affirmative Defense

### (Injunctive Relief)

FENWICK & WEST LLP
ATTORNEYS AT LAW

FENWICK & WEST LLP
ATTORNEYS AT LAW

Plaintiff's claims for injunctive relief are barred, in whole or in part, because Plaintiff has failed to state facts sufficient to provide a legal or factual basis to award injunctive relief, and Plaintiff has adequate remedies at law.

## Eighteenth Affirmative Defense

### (No Punitive Damages)

Plaintiff's claims for punitive damages are barred, in whole or in part, because Plaintiff cannot make the legal showing required to recover punitive damages.

## Nineteenth Affirmative Defense

### (Attorneys' Fees Improper)

Plaintiff's claims for attorneys' fees are barred, in whole or in part, because Plaintiff fails to state a cause of action or set forth facts sufficient to support a claim for attorneys' fees.

## Twentieth Affirmative Defense

### (Privilege of Competition)

Plaintiff's claims are barred, in whole or in part, because the privilege of competition and other privileges available under state law bar Plaintiff from pursuing its claims for relief.

## Twenty-First Affirmative Defense

### (Public Policy)

Plaintiff's claims are barred, in whole or in part, because its acts are in violation of public policy.

## RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES

Tekion does not presently know all facts concerning the conduct and claims of Plaintiff, and thus lack a sufficient basis to form a belief as to whether it may have additional, as yet unstated, defenses. Tekion accordingly reserves the right to assert additional defenses in the event that discovery or investigation reveals that they would be appropriate.

1

2

3  Dated:    August 21, 2025                    FENWICK & WEST LLP

4                                              By: */s/ Tyler. G. Newby*_____

5                                                  Tyler G. Newby (CSB No. 205790)
                                                   tnewby@fenwick.com
6                                                  Armen N. Nercessian (CSB No. 284906)
                                                   anercessian@fenwick.com
7                                                  FENWICK & WEST LLP
                                                   555 California Street, 12th floor
8                                                  San Francisco, CA 94104
                                                   Telephone:  415.875.2300
9                                                  Facsimile:    415.281.1350

10

11                                                 Adam Gahtan (admitted *pro hac vice*)
                                                   agahtan@fenwick.com
                                                   Cortnay-Beth Cymrot (admitted *pro hac vice*)
12                                                 ccymrot@fenwick.com
                                                   FENWICK & WEST LLP
13                                                 902 Broadway, Floor 18
                                                   New York, NY  10010-6035
14                                                 Telephone:  212.430.2600

15                                                 Attorneys for Defendant TEKION CORP.

16

17

18

19

20

21

22

23

24

25

26

27

28  TEKION'S ANSWER AND AFFIRMATIVE
    DEFENSES TO FIRST AMENDED
    COMPLAINT FOR DAMAGES &
    INJUNCTIVE RELIEF                          36              Case No.: 3:25-cv-01394-JSC

FENWICK & WEST LLP
ATTORNEYS AT LAW