VINEET BHATIA *(Admitted Pro Hac Vice)*
vbhatia@susmangodfrey.com
SHAWN RAYMOND *(Admitted Pro Hac Vice*)
sraymond@susmangodfrey.com
ROBERT SAFI *(Admitted Pro Hac Vice)*
rsafi@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

JESSE-JUSTIN CUEVAS (SBN 307611)
jcuevas@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-315

*Attorneys for Plaintiff CDK Global, LLC*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CDK GLOBAL, LLC, a Delaware limited liability company<br><br>Plaintiff,<br><br>vs.<br><br>TEKION CORP, a Delaware corporation and INDESIGN DATA, LLC, a Florida limited liability company<br><br>Defendants. | Case No. 25-cv-1394-JSC<br><br>**PLAINTIFF'S SUPPLEMENTAL ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTION OF EXHIBIT SUBMITTED WITH PLAINTIFF'S REPLY IN SUPPORT OF PRELIMINARY INJUNCTION** |

Pursuant to Civil Local Rules 7-11 and 79-59(c), and this Court's August 6, 2025 Order (Dkt. 92), Plaintiff CDK Global, LLC (CDK) respectively submits this supplemental Administrative Motion to Seal the following material submitted with Plaintiff's Reply in Support of Its Motion for Preliminary Injunction (the "Reply").

| Document | Portion of Document Sought to be Sealed | Basis for Sealing |
|---|---|---|
| Exhibit 26 – Excerpts from the transcript of the April 2, 2025 deposition of Edward Stroz | **Text highlighted on the following pages:**<br>Page 36, Lines 14-25<br>Page 43, Lines 17-23<br>Page 44, Lines 5, 9, 12, 22-23<br>Page 45, Lines 1-4, 7, 11-23<br>Page 49, Lines 1-20<br>Page 57, Lines 1-4, 9-12, 14-16, 18-19, 22-25<br>Page 58, Lines 1-25<br>Page 59, Lines 1-5, 9-13, 19-23<br>Page 62, Lines 7-20<br>Page 76, Lines 22-24<br>Page 77, Lines 6-25<br>Page 78, Lines 1-3<br>Page 84, Lines 19-25<br>Page 85, Lines 1-12, 21-25<br>Page 87, Lines 1-2, 7<br>Page 107, Lines 14-25<br>Page 108, Lines 2-5<br>Page 109, Lines 13-24<br>Page 110, Lines 20-22, 25<br>Page 111, Lines 1-2<br>Page 132, Lines 8-16, 18-21 | Discloses confidential technical and cybersecurity information. |

I.   **LEGAL STANDARD**

While "[t]he public has a right of access to the Court's files," Civil L.R. 79-5(a), the presumption of public access can be overcome where the sealing party "articulate[s] compelling reasons supported by specific factual findings . . . that outweigh . . . public policies favoring disclosure such as the public interest in understanding the judicial process." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (citations omitted). "A request to seal may be supported by compelling reasons if the documents or portions of documents at issue are 'sources of business information that might harm a litigant's competitive standing.'" *DeMartini v. Microsoft Corp.*, 2023 WL 4205770, at *2 (N.D. Cal. June 26, 2023) (Corley, J.) (quoting *Ctr. for*

*Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1097 (9th Cir. 2016)). Specifically, if the information sought to be sealed "divulge[s] terms of confidential contracts or contract negotiations, compelling reasons may exist to seal that information." *Id*. (citing *FTC v. Qualcomm Inc.*, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019)).

I.       ARGUMENT

CDK seeks to seal portions of a single exhibit filed in support of its motion for Preliminary Injunction because this document discloses information about CDK's cybersecurity measures and Tekion's and InDesign's methods for accessing and exfiltrating data from CDK's DMS and confidential details about the functionality and operation of CDK's DMS. The Court originally considered and denied CDK's motion to seal this exhibit in its entirety. Per the Court's August 6, 2025 order, CDK has specified which portions of this exhibit are sealable because, as this Court recognized, portions of the exhibit do "include[] confidential and technical matter." (Dkt. 92 at 13).

      **1.  Cybersecurity and Defendants' Methods**

"Courts have found a party's tangible concern about future cyber attacks or hacking is a compelling reason to seal materials." *Music Group Macao Com. Offshore Ltd. v. Foote*, 2015 WL 3993147 at *6 (N.D. Cal. June 30, 2015) (J., Corley) (citing *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013)). In *Music Group*, this Court found a "compelling reason to seal the portions of this exhibit that discuss Plaintiff's network infrastructure and security systems" where disclosure of that information could "encourag[e] another cyber attack." *Id*.

CDK asks the Court to seal portions of its Exhibit 26 to its Reply, which comprises Excerpts from the transcript of the April 2, 2025 deposition of Edward Stroz because this document discloses detailed information about CDK's network infrastructure and security systems and protocols and provide a basis for competitors and the public to try to gain unauthorized access to CDK's systems. *See In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 2018 WL 9651897, at *3 (N.D. Cal. Jan. 3, 2018) (finding compelling reasons to seal "material contain[ing] detailed information about the technology Yahoo uses to protect its users' information, as well as the methods that were used to breach Yahoo's systems"); *Uniloc United States of Am., Inc. v. Apple Inc.*, 2018 WL 2392561, at *7 (N.D. Cal. May 25, 2018) (granting a motion to seal exhibits under good cause standard because

the exhibits "contain[] proprietary and trade secret descriptions of the technical infrastructure and design of Apple's software and hardware products, the disclosure of which would…create a security risk by potentially allowing unauthorized access to or hacking of Apple's products"). There is also a great risk of harm to "many individuals who are not currently parties to the litigation," including CDK's Dealership customers, if the information CDK asks the Court to seal is disclosed publicly, which provides "a compelling reason to override the resumption of public access to judicial records." *Tokarski v. Med-Data, Inc.*, 2022 WL 683250, at *2 (W.D. Wash. Mar. 8, 2022) (citing *Music Group*, 2015 WL 3993147 at *6).

### 2. Technical Functionality and Operation of CDK's DMS

Courts have found compelling reasons exist to seal "information relating to the technical functionality" of products when that information "could allow competitors to learn the operation and functionality of [a party's] technical capabilities and harm [a party's] competitive standing." *X One, Inc. v. Uber Techs., Inc.*, 2020 WL 718310, at *2–3 (N.D. Cal. Feb. 12, 2020); *Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 7429304, at *2 (N.D. Cal. Feb. 9, 2016) ("[T]here are compelling reasons to seal confidential, sealable information, including source code directories, information about the technical operation of the products, financial revenue data, and excerpts from expert depositions, expert report, and related correspondence"); *Transperfect Global, Inc. v. MotionPoint Corp.*, 2013 WL 706975, at *1 (N.D. Cal. Feb. 26, 2013) (sealing portions of brief and exhibits containing "proprietary information concerning Defendant's technology" and "descriptions of Defendant's proprietary technology").

CDK asks the Court to seal portions of its Exhibit 26 to its Reply, which comprises Excerpts from the transcript of the April 2, 2025 deposition of Edward Stroz because this document discloses detailed information about CDK's network infrastructure and security systems and protocols and provide a basis for competitors and the public to learn about CDK's proprietary technology. Publication of this information would undermine CDK's competitive standing, as it would allow competitors to learn the operation and functionality of CDK's software in the highly competitive DMS market.

## II. CONCLUSION

In light of the foregoing, CDK respectfully requests that the Court grant this motion.

Dated: September 5, 2025

**SUSMAN GODFREY L.L.P.**

By: /s/ Vineet Bhatia

VINEET BHATIA (*Admitted Pro Hac Vice*)
SHAWN RAYMOND (*Admitted Pro Hac Vice*)
ROBERT SAFI (*Admitted Pro Hac Vice*)
rsafi@susmangodfrey.com
KATHERINE JAMES (*Admitted Pro Hac Vice*)
rjames@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

JESSE-JUSTIN CUEVAS (SBN 307611)
jcuevas@susmangodfrey.com
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

AMY GREGORY (*Admitted Pro Hac Vice*)
agregory@susmangodfrey.com
SUSMAN GODFREY L.L.P.
One Manhattan West, 50th Floor
New York, New York 100001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340

DANIEL R. SAEEDI (*Admitted Pro Hac Vice*)
Daniel.Saeedi@BlankRome.com
RACHEL SCHALLER (*Admitted Pro Hac Vice*)
rachel.schaller@blankrome.com
BLANK ROME LLP
444 West Lake Street, Suite 1650
Chicago, Illinois 60606
Telephone: (312) 776-2600
Facsimile: (312) 776-2601

*Attorneys for Plaintiff CDK Global, LLC*