TYLER G. NEWBY (CSB No. 205790)
tnewby@fenwick.com
FENWICK & WEST LLP
One Front Street, 33rd Floor
San Francisco, CA 94111
Telephone: 415.875.2300
Facsimile: 415.281.1350

ERICA R. SUTTER (CSB No. 309182)
esutter@fenwick.com
ADAM GAHTAN (*pro hac vice)*
agahtan@fenwick.com
KEVIN X. MCGANN (*pro hac vice*)
kmcgann@fenwick.com
NOAH SOLOWIEJCZYK (*pro hac vice*)
nsolowiejczyk@fenwick.com
CORTNAY-BETH CYMROT (*pro hac vice*)
ccymrot@fenwick.com
FENWICK & WEST LLP
902 Broadway, Floor 18
New York, NY 10010-6035
Telephone: 212.430.2600

*Attorneys for Defendant Tekion Corp.*

FENWICK & WEST LLP
ATTORNEYS AT LAW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CDK GLOBAL, LLC,

Plaintiff,

v.

TEKION CORP. and INDESIGN DATA, LLC,

Defendants.

Case No.: 3:25-cv-01394-JSC

**TEKION CORP.'S RESPONSE TO CDK GLOBAL, LLC'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER TEKION CORP.'S MATERIAL SHOULD BE SEALED (DKT. 185)**

Judge: Hon. Jacqueline Scott Corley

## I. INTRODUCTION

Pursuant to Civil Local Rules 7-11 and 79-5 and the Court's Standing Order, Tekion Corp. ("Tekion") respectfully requests that the Court maintain under seal the following Tekion materials submitted in connection with CDK Global, LLC's Opposition to Tekion's Motion for Summary Judgment (Dkt. 186) ("Opposition") and accompanying Administrative Motion to Consider Whether Tekion's Material Should Be Filed Under Seal (Dkt. 185). These materials contain, among other things, confidential and commercially sensitive information regarding Tekion's internal practices, competitive strategies, and revenue, the disclosure of which would cause harm to Tekion. Tekion's sealing requests are narrowly tailored to cover only information designated as confidential or highly confidential under the parties' Stipulated Amended Protective Order (Dkt. 157) or confidential information that has previously been sealed by the Court.

| Document | Portion of Document Sought To Be Sealed | Basis for Sealing |
|---|---|---|
| CDK Global, LLC's Opposition | The following portions of the Opposition should remain under seal:<br>• Page 1, lines 15, 17–19<br>• Page 4, lines 13–17<br>• Page 5, line 8<br>• Page 6, lines 11–20, 24–25<br>• Page 7, lines 7–11, 15–16, 21–22<br>• Page 9, lines 25–26<br>• Page 10, line 8<br>• Page 20, lines 6–8, 16<br>• Page 21, lines 16–17<br>• Page 22, lines 12–13 | Discusses and contains confidential and highly confidential information about Tekion's finances, internal business practices, and communications with customers. |
| Exhibit 57 (TEKION01306898) | Entire Document | Contains confidential information regarding customer network configurations, including customer user IDs. |
| Exhibit 58 (TEKION01045944) | Entire Document | Contains confidential information regarding customer network configurations, including customer user IDs and passwords. |
| Exhibit 59 | The following portions of Exhibit | Discusses and contains highly |



FENWICK & WEST LLP
ATTORNEYS AT LAW

| | | |
|---|---|---|
| (Excerpts of Deposition Transcript) | 59 should remain under seal:<br>• Page 103, lines 5–10 | confidential information about Tekion's internal processes and communications with customers. |
| Exhibit 61 (TEKION01456654) | Entire Document | Contains confidential communications between Tekion and its customers. |
| Exhibit 62 (TEKION01276457) | Entire Document | Contains confidential communications between Tekion and its customers. |
| Exhibit 63 (TEKION00813179) | Entire Document | Contains confidential communications between Tekion and its customers. |
| Exhibit 64 (TEKION01698950) | Entire Document | Contains confidential business information of Tekion, including confidential contract terms. |
| Exhibit 78 (Excerpts of Deposition Transcript) | The following portions of Exhibit 78 should remain under seal:<br>• Page 91, lines 1–17<br>• Page 167, lines 20–25<br>• Page 168, lines 1–25<br>• Page 213, lines 1–25<br>• Page 214, lines 1–25 | Discusses and contains highly confidential information about Tekion's internal metrics and processes and Tekion's communications with customers. |
| Exhibit 79 (Tekion Interrogatory Responses) | Exhibit B | Contains highly confidential business information about Tekion's customers. |
| Exhibit 80 (TEKION01145245) | Entire Document | Contains confidential business information of Tekion and its customers. |
| Exhibit 81 (Tekion Interrogatory Responses) | Exhibit A | Contains confidential business information about Tekion's customers. |
| Exhibit 82 (Excerpts of Deposition Transcript) | The following portions of Exhibit 82 should remain under seal:<br>• Page 31, lines 3–6, 8–19, 21–23<br>• Page 51, lines 24–25<br>• Page 54, lines 14–20, 25<br>• Page 55, lines 1–2 | Discusses and contains confidential information about Tekion's internal business processes. |
| Exhibit 83 (TEKION00710809) | Entire Document | Contains confidential communications between Tekion and its customers. |

FENWICK & WEST LLP
ATTORNEYS AT LAW

| | | |
|---|---|---|
| Exhibit 85 (TEKION01470960) | Redacted portions submitted herewith | Contains Tekion's confidential business information. |
| Exhibit 86 (TEKION00212010) | Redacted portions submitted herewith | Contains confidential information regarding customer network configurations. |
| Exhibit 87 (TEKION01272257) | Redacted portions submitted herewith | Contains confidential information regarding customer network configurations. |
| Exhibit 88 (TEKION00741149) | Redacted portions submitted herewith | Contains confidential information regarding customer network configurations. |
| Exhibit 90 (TEKION00722191) | Redacted portions submitted herewith | Contains confidential information regarding customer network configurations. |
| Exhibit 91 (TEKION00182607) | Entire Document | Contains confidential communications between Tekion and its customers. |

## II. ARGUMENT

While "courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents . . . access [to judicial records] is not absolute." *Perry v. Brown*, 667 F.3d 1078, 1084 (9th Cir. 2012) (citation modified). When motions and their supporting materials are more than tangentially related to the merits of a case, the moving party must demonstrate "compelling reasons" for sealing. *Fitzhenry-Russell v. Keurig Dr. Pepper Inc.*, 345 F. Supp. 3d 1111, 1120 (N.D. Cal. 2018); *see Skillz Platform Inc. v. AviaGames Inc.*, No. 21-cv-02436-BLF, 2023 WL 6131611, at *1 (N.D. Cal. Sept. 18, 2023) (applying the "compelling reasons" standard to materials pertaining to a motion for summary judgment). Here, compelling reasons exist to seal the materials, or portions of the materials, identified above, because they contain Tekion's internal, nonpublic, and highly sensitive business information, as further described below:

- The Opposition discusses and contains confidential and highly confidential information about Tekion's finances, internal business practices, and communications with customers. Declaration of Jacob Shulman ("Shulman Decl.") ¶ 3.
- Exhibits 57–58 and the redacted portions of Exhibits 86–88 and 90 submitted herewith contain confidential and sensitive information regarding the network configurations of Tekion's customers, including customer user IDs (Exhibits 57–58) and passwords (Exhibit 58). *Id.* ¶ 4.
- Exhibit 59 contains deposition transcript excerpts that discuss and contain highly confidential information about Tekion's internal processes and communications with customers. *Id.* ¶ 5.
- Exhibits 61–63, 83, and 91 contain confidential communications between Tekion and its customers. *Id.* ¶ 6.
- Exhibit 64 and the redacted portions of Exhibit 85 submitted herewith contain confidential business information of Tekion, including confidential contract terms and internal processes. *Id.* ¶ 7.
- Exhibit 78 contains deposition transcript excerpts that discuss and contain highly confidential information about Tekion's internal metrics and processes and Tekion's communications with customers. *Id.* ¶ 8.
- Exhibits 79 and 81 contain confidential and highly confidential exhibits that include sensitive information about Tekion's customers. *Id.* ¶ 9.
- Exhibit 80 contains confidential business information of Tekion and its customers. *Id.* ¶ 10.
- Exhibit 82 contains deposition transcript excerpts that discuss and contain confidential information about Tekion's internal business processes. *Id.* ¶ 11.

A compelling reason to seal documents exists where the business information to be sealed could harm a litigant's competitive standing or be used to the litigant's competitive disadvantage. *Lawson v. Grubhub, Inc.*, No. 15-cv-05128-JSC, 2017 WL 2951608, at *9 (N.D. Cal. July 10, 2017); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (explaining that despite the presumption of public access to judicial records, courts have not let documents become "sources of

business information that might harm a litigant's competitive standing"). Disclosure of the above-identified materials would cause Tekion competitive harm. Shulman Decl. ¶ 12. The sensitive business information, including nonpublic financial information, customer communications, and internal business practices, would provide competitors insight into Tekion's business plans, harming Tekion's competitive standing and putting Tekion at a competitive disadvantage. *Id.* ¶ 13. Courts have repeatedly held that these types of materials warrant sealing. *See, e.g.*, *Krieger v. Atheros Commc'ns, Inc.*, No. 11-cv-00640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. June 25, 2011) (sealing "discussions of business strategy[] and competitive analyses"); *Day v. GEICO Cas. Co.*, No. 21-cv-02103-BLF, 2024 WL 37060, at *2 (N.D. Cal. Jan. 2, 2024) (sealing internal financial information); *True Health Chiropractic Inc. v. McKesson Corp.*, No. 13-cv-02219-HSG, 2019 WL 11743580, at *2 (N.D. Cal. Aug. 13, 2019) (sealing nonpublic lists of a party's customers).

Finally, a less restrictive alternative would not suffice here. Tekion's sealing requests are narrowly tailored to cover only confidential or highly confidential information.

## III. CONCLUSION

For these reasons, Tekion respectfully requests that the Court maintain under seal the documents, or portions of documents, identified above.

Dated: November 23, 2026

FENWICK & WEST LLP

By: /s/ Erica R. Sutter
Erica R. Sutter

Attorney for Defendant
TEKION CORP.